# UNITED STATES BANKRUPTCY APPELLATE PANEL
# FOR THE FIRST CIRCUIT

---

### BAP NO. MW 23-03

---

### Bankruptcy Case No. 21-40248-EDK

---

### SCOTT H. BLUMSACK,
### Debtor

---

### SCOTT H. BLUMSACK
### Appellant,

### v.

### WILLIAM K. HARRINGTON, United States Trustee,
### Appellee.

---

### On appeal from the United States Bankruptcy Court for the
### District of Massachusetts

---

### RECORD APPENDIX OF APPELLANT, SCOTT H. BLUMSACK

By his Attorney,
/s/ Dmitry Lev
Dmitry Lev BBO # 665236
Law Offices of D. Lev, PC
134 Main Street
Watertown, MA 02472
Tel: (617) 556-9990
dlev@levlaw.net

# TABLE OF CONTENTS

| Date Filed | Doc No. | Document Title | Page |
|---|---|---|---|
| | | Docket of Chapter 13 Case No. 21-0248 | 4 |
| 04/01/2021 | 1 | Chapter 13 Voluntary Petition Individual with deficiencies | 25 |
| 04/01/2021 | 5 | Signature Page | 35 |
| 04/26/2021 | 20 | Schedules A/B-J with Summary and Declaration | 36 |
| 04/26/2021 | 21 | Statement of Financial Affairs for Individual | 64 |
| 04/26/2021 | 22 | Chapter 13 Statement of Your Current Monthly Income and Calculation of Commitment Period | 71 |
| 04/26/2021 | 24 | Chapter 13 Plan | 77 |
| 06/24/2021 | 44 | Trustee's Objection to Confirmation of Plan | 88 |
| 07/01/2021 | 46 | Opposition filed by Debtor Scott H Blumsack Re: Trustee's Objection to Confirmation of Plan | 92 |
| 09/15/2021 | 75 | Motion filed by Assistant U.S. Trustee Richard King to Dismiss Case | 97 |
| 10/27/2021 | 98 | Opposition filed by Debtor Scott H Blumsack Re: Motion filed by Assistant U.S. Trustee Richard King to Dismiss Case | 114 |
| 11/03/2021 | 99 | Final PreTrial Order (Contested Matter) dated 11/3/2021 Re: Motion filed by Assistant U.S. Trustee Richard King to Dismiss Case | 127 |
| 01/31/2022 | 129 | Endorsed Order dated 1/31/2022 Re: Assented to Motion filed by Assistant U.S. Trustee Richard King to Extend Discovery Deadline [Re: Pre-Trial Order Re: Motion to Dismiss Case]. | 130 |
| 02/03/2022 | 131 | Stipulation By Trustee Denise M. Pappalardo and Debtor (Re: Trustee's Objection to Confirmation of Plan) | 131 |
| 02/03/2022 | 132 | Motion filed by Trustee Denise M. Pappalardo to Approve Stipulation (Re: Trustee's Objection to Confirmation of Plan) | 133 |
| 03/04/2022 | 145 | Joint Pre-Trial Memorandum | 135 |
| 03/11/2022 | 149 | Proceeding Memorandum and Order dated 3/11/2022 Re: Motion filed by Trustee Denise M. Pappalardo to Approve Stipulation (Re: Trustee's Objection to Confirmation of Plan) | 142 |
| 03/11/2022 | 150 | Exhibits Filed in Open Court (Re: Motion to Dismiss Case) | 143 |
| 03/11/2022 | 151 | Corrected Proceeding Memorandum and Order dated 3/11/22 Re: Motion filed by Assistant U.S. Trustee Richard King to Dismiss Case | 147 |
| 04/12/2022 | 162 | Official transcript Re: Motion filed by Assistant U.S. Trustee Richard King to Dismiss Case and Motion filed by Trustee Denise M. Pappalardo to Approve Stipulation | 148 |
| 06/21/2022 | 173 | Post-Hearing Brief filed by Assistant U.S. Trustee Richard King in Support of United States Trustee's Motion to Dismiss Chapter 13 Case and Objection to Confirmation of Debtor's Chapter 13 Plan | 190 |
| 11/18/2022 | 190 | Brief/Memorandum (Post-Trial) In Opposition to Motion to Dismiss Case filed by Debtor Scott H Blumsack | 228 |
| 01/17/2023 | 196 | Memorandum of Decision dated 1/17/2023 Re: Motion to Dismiss Case filed by Assistant U.S. Trustee Richard King. | 252 |
| 01/17/2023 | 197 | Order dated 1/17/2023 Re: Motion filed by Assistant U.S. Trustee Richard King to Dismiss Case | 271 |

| 01/30/2023 | 201 | Notice of Appeal and Statement of Election to Bankruptcy Appellate Panel | 272 |

**Repeat-MAB, DebtEd, REPEAT, NTCAPR, TUA, AddChg, APPEAL, DISMISS**

# United States Bankruptcy Court
## District of Massachusetts (Worcester)
## Bankruptcy Petition #: 21-40248

*Date filed:* 04/01/2021
*Debtor dismissed:* 01/17/2023
*341 meeting:* 04/30/2021

*Assigned to:* Judge Elizabeth D. Katz
Chapter 13
Voluntary
Asset

*Debtor disposition:* Dismissed for Other Reason

| | |
|---|---|
| ***Debtor*** | represented by **Dmitry Lev** |
| **Scott H Blumsack** | Law Offices of D. Lev, PC |
| 2 Old Homestead Rd. | 134 Main Street |
| Groton, MA 01450 | Watertown, MA 02472 |
| SSN / ITIN: xxx-xx-0719 | 617-556-9990 |
| Tax ID / EIN: 27-4709258 | Fax : 617-830-0005 |
| ***dba*** Mass Athletics, LLC | Email: dlev@levlaw.net |

| | |
|---|---|
| ***Assistant U.S. Trustee*** | represented by **Stephen E. Meunier** |
| **Richard King** | Department of Justice |
| Office of US. Trustee | U.S. Trustee's Office |
| 446 Main Street | 446 Main Street , 14th Floor |
| 14th Floor | Worcester, MA 01608 |
| Worcester, MA 01608 | (508) 793-0555 |
| | Email: stephen.meunier@usdoj.gov |

***Trustee***
**David A. Mawhinney-Ch13**
Chapter 13 Trustee
P.O. Box 964
Worcester, MA 01613
(508) 791-3300

| Filing Date | # | Docket Text |
|---|---|---|
| 04/01/2021 | 1<br>(10 pgs) | Chapter 13 Voluntary Petition Individual with deficiencies. Filing Fee in the Amount of $313 Filed by Scott H Blumsack. (Lev, Dmitry) (Entered: 04/01/2021) |
| 04/01/2021 | 2<br>(1 pg) | Statement of Social Security Number(s) filed by Debtor Scott H Blumsack (Lev, Dmitry) (Entered: 04/01/2021) |
| 04/01/2021 | 3<br>(1 pg) | Declaration Re: Electronic Filing filed by Debtor Scott H Blumsack (Lev, Dmitry) (Entered: 04/01/2021) |
| 04/01/2021 | 4<br>(1 pg) | Certificate of Credit Counseling filed by Debtor Scott H Blumsack (Lev, Dmitry) (Entered: 04/01/2021) |

| | | |
|---|---|---|
| 04/01/2021 | | Receipt of filing fee for Voluntary Petition (Chapter 13)(21-40248) [misc,volp13] ( 313.00). Receipt Number 19202090, amount $ 313.00 (re: Doc# 1) (U.S. Treasury) (Entered: 04/01/2021) |
| 04/01/2021 | 5 (1 pg) | Signature Page filed by Debtor Scott H Blumsack (Lev, Dmitry) (Entered: 04/01/2021) |
| 04/01/2021 | | Meeting of Creditors scheduled on 04/30/2021 at 09:00 AM as a Telephonic Meeting. Deadline to object to debtor's discharge or to challenge dischargeability of certain debts is 06/29/2021. Proof of Claim due by 06/10/2021. Government Proof of Claim due by 09/28/2021. (admin, ) (Entered: 04/01/2021) |
| 04/02/2021 | 6 (1 pg) | Notice is given that it appears from the records of the court that the debtor(s) has/have filed a bankruptcy case previously. Please note that 11 U.S.C. Section 362(c)(3) and/or (4) as well as Local Rule 4001-1(d)(2) may be applicable. Previous case: MA Chapter 7 Case No. 21-10116(jeb) filed 01/31/2021 by Blumsack, Brian S( ) (ADI) (Entered: 04/02/2021) |
| 04/02/2021 | 7 (3 pgs) | Order to Update Re: 1 Chapter 13 Voluntary Petition. Atty Disclosure Statement due 4/16/2021. Chapter 13 Plan due by 4/16/2021. Schedules A/B-J due 4/16/2021. Statement of Financial Affairs due 4/16/2021. Summary of Assets and Liabilities due 4/16/2021. 13 Agreement due 4/16/2021. Chapter 13 Statement of Your Current Monthly Income and Calculation of Commitment Period Form 122C-1 Due: 4/16/2021. Evidence of Current and Sufficient Liability and Property Insurance due by 4/16/2021. (ab) (Entered: 04/02/2021) |
| 04/04/2021 | 8 (4 pgs) | BNC Certificate of Mailing. (Re: 7 Order to Update) Notice Date 04/04/2021. (Admin.) (Entered: 04/05/2021) |
| 04/04/2021 | 9 (2 pgs) | BNC Certificate of Mailing - Notice (Re: 6 Clerk's Evidence of Repeat Filings) Notice Date 04/04/2021. (Admin.) (Entered: 04/05/2021) |
| 04/05/2021 | 10 (4 pgs) | Court's Notice of 341 sent. (ADI) (Entered: 04/05/2021) |
| 04/06/2021 | 11 (3 pgs) | Notice of Appearance and Request for Notice *with Certificate of Service* by Richard T. Mulligan filed by Creditor Matrix Financial Services Corp. (Mulligan, Richard) (Entered: 04/06/2021) |
| 04/07/2021 | 12 (6 pgs) | BNC Certificate of Mailing - Meeting of Creditors. (Re: 10 Court's Notice of 341 sent 13) Notice Date 04/07/2021. (Admin.) (Entered: 04/08/2021) |
| 04/08/2021 | 13 (3 pgs) | Notice of Debtor's Request for Mortgage Forbearance Due to the Covid-19 Pandemic for 90 days. Certificate of Service Filed. filed by Creditor Matrix Financial Services Corp. (Mulligan, Richard) (Entered: 04/08/2021) |
| 04/12/2021 | 14 (5 pgs) | MDOR Notice of Unfiled Prepetition Tax Returns and Request for same pursuant to 11 U.S.C. Section 1308 with certificate of service (Liles, Krystle) (Entered: 04/12/2021) |
| 04/14/2021 | | Telephonic Meeting Information for Section 341 Meeting of Creditors: Dial-in Number: 877-915-8095 Participant Code: 2864774. For |

| | | |
|---|---|---|
| | | International Call Information Please Contact the Trustee. . (Pappalardo, Denise) (Entered: 04/14/2021) |
| 04/16/2021 | [15](2 pgs) | Disclosure of Compensation of Attorney Dmitry Lev in the amount of $2065. Plus $313 paid to debtor`s counsel for court filing fees *(retainer billed at $275/hr)* filed by Debtor Scott H Blumsack (Lev, Dmitry) (Entered: 04/16/2021) |
| 04/16/2021 | [16](3 pgs) | Motion filed by Debtor Scott H Blumsack to Extend Time to File Documents [Re: [7](7) Order to Update]. (Lev, Dmitry) (Entered: 04/16/2021) |
| 04/20/2021 | [17](2 pgs) | Evidence of Current and Sufficient Liability and Property Insurance filed by Debtor Scott H Blumsack (Lev, Dmitry) (Entered: 04/20/2021) |
| 04/20/2021 | [18](1 pg) | Endorsed Order dated 4/20/2021 Re: [16](16) Motion filed by Debtor Scott H Blumsack to Extend Time to File Documents. ALLOWED. THE DEADLINE FOR THE DEBTOR TO FILE THE OUTSTANDING DOCUMENTS DUE PURSUANT TO THE ORDER TO UPDATE IS HEREBY EXTENDED TO APRIL 26, 2021. (ab) (Entered: 04/20/2021) |
| 04/22/2021 | [19](2 pgs) | BNC Certificate of Mailing - PDF Document. Notice Date 04/22/2021. (Admin.) (Entered: 04/23/2021) |
| 04/26/2021 | [20](28 pgs) | Schedules A/B-J with Summary and Declaration. (Re: [7](7) Order to Update) filed by Debtor Scott H Blumsack (Lev, Dmitry) (Entered: 04/26/2021) |
| 04/26/2021 | [21](7 pgs) | Statement of Financial Affairs for Individual filed by Debtor Scott H Blumsack (Lev, Dmitry) (Entered: 04/26/2021) |
| 04/26/2021 | [22](6 pgs) | Chapter 13 Statement of Your Current Monthly Income and Calculation of Commitment Period for 3 Years Form 122C-1. Disposable Income Is Not Determined (Re: [7](7) Order to Update) filed by Debtor Scott H Blumsack (Lev, Dmitry) (Entered: 04/26/2021) |
| 04/26/2021 | [23](3 pgs) | Chapter 13 Agreement between debtor and counsel filed by Debtor Scott H Blumsack (Lev, Dmitry) (Entered: 04/26/2021) |
| 04/26/2021 | [24](11 pgs) | Chapter 13 Plan With Certificate of Service (RE: [7](7) Order to Update) filed by Debtor Scott H Blumsack (Lev, Dmitry) (Entered: 04/26/2021) |
| 04/30/2021 | | Meeting of Creditors Held and Examination of Debtor Debtor appeared. (Pappalardo, Denise) (Entered: 04/30/2021) |
| 05/03/2021 | [25](2 pgs) | Objection to Confirmation of Plan with certificate of service (RE: [24](24) Chapter 13 Plan) filed by Creditor Matrix Financial Services Corp. (Mulligan, Richard) (Entered: 05/03/2021) |
| 05/13/2021 | [26](4 pgs; 2 docs) | Opposition with certificate of service filed by Debtor Scott H Blumsack Re: [25](25) Objection to Confirmation of Plan with certificate of service (RE: [24](24) Chapter 13 Plan) filed by Creditor Matrix Financial Services Corp. (Attachments: # [1](1) Exhibit A) (Lev, Dmitry) (Entered: 05/13/2021) |
| 05/13/2021 | [27](6 pgs; 2 docs) | Objection to Claim 6 of Claimant Matrix Financial Services Corp.. *with Notice of Objection and* with certificate of service filed by Debtor Scott H |

| | | Blumsack. (Attachments: # 1 Exhibit A)(Lev, Dmitry) (Entered: 05/13/2021) |
|---|---|---|
| 05/20/2021 | 28 (3 pgs) | Objection with certificate of service filed by Creditor Matrix Financial Services Corp. Re: 27 Objection to Claim 6 of Claimant Matrix Financial Services Corp.. *with Notice of Objection and* with certificate of service filed by Debtor Scott H Blumsack. (Attachments: # 1 Exhibit A) (Mulligan, Richard) (Entered: 05/20/2021) |
| 05/20/2021 | 29 (2 pgs) | Certificate of Conference held on May 20, 2021 (Re: 27 Objection to Claim) filed by Debtor Scott H Blumsack (Lev, Dmitry) (Entered: 05/20/2021) |
| 05/20/2021 | 30 (2 pgs) | Certificate of Conference held on 05/20/2021 Statement attesting to the efforts made to initiate the conference (Re: 25 Objection to Confirmation of the Plan) filed by Creditor Matrix Financial Services Corp. (Mulligan, Richard) (Entered: 05/20/2021) |
| 05/20/2021 | 31 (1 pg) | Motion and Agreed Order filed by Trustee Denise M. Pappalardo to Extend Time to Object to Confirmation and Exemptions [Re: 24 Chapter 13 Plan]. (Pappalardo, Denise) (Entered: 05/20/2021) |
| 05/21/2021 | 32 (1 pg) | Order dated 5/21/2021 Re: 31 Motion and Agreed Order filed by Trustee Denise M. Pappalardo to Extend Time to Object to Confirmation and Exemptions [Re: 24 Chapter 13 Plan]. ALLOWED. (ab) (Entered: 05/21/2021) |
| 05/23/2021 | 33 (2 pgs) | BNC Certificate of Mailing - PDF Document. (Re: 32 Order on Motion to Extend) Notice Date 05/23/2021. (Admin.) (Entered: 05/24/2021) |
| 05/24/2021 | 34 (1 pg) | Telephonic Hearing Scheduled for 7/20/2021 at 02:45 PM at Worcester Courtroom 3 - CJP on 25 Objection of Matrix Financial Services Corporation to Confirmation of 24 Debtor's Chapter 13 Plan. TO PARTICIPATE THE PARTIES SHALL DIAL (877) 873-8018 AND ENTER ACCESS CODE 1167883. To facilitate informal discussions similar to those that occur just prior to in-person hearings that may narrow or resolve issues, the Court encourages parties to confer by telephone prior to the scheduled hearing. When stating their names for the record, participants are invited to also state that the parties have reached resolution on some or all of the issues on for hearing. (hm) (Entered: 05/24/2021) |
| 05/24/2021 | 35 (1 pg) | Telephonic Hearing Scheduled for 7/20/2021 at 02:45 PM at Worcester Courtroom 3 - CJP on 27 Debtor's Objection to Claim No. 6 of Claimant Matrix Financial Services Corporation. TO PARTICIPATE THE PARTIES SHALL DIAL (877) 873-8018 AND ENTER ACCESS CODE 1167883. To facilitate informal discussions similar to those that occur just prior to in-person hearings that may narrow or resolve issues, the Court encourages parties to confer by telephone prior to the scheduled hearing. When stating their names for the record, participants are invited to also state that the parties have reached resolution on some or all of the issues on for hearing. (hm) (Entered: 05/24/2021) |
| 05/25/2021 | 36 (2 pgs) | Certificate of Service of Notice of Hearing (Re: 25 Objection to Confirmation of the Plan) filed by Creditor Matrix Financial Services Corp. (Mulligan, Richard) (Entered: 05/25/2021) |

| | | |
|---|---|---|
| 05/28/2021 | 37<br>(3 pgs) | Objection to Confirmation of Plan with certificate of service (RE: 24 Chapter 13 Plan) filed by Creditor Massachusetts Department of Revenue (Meade, Jodi) (Entered: 05/28/2021) |
| 06/04/2021 | | By Order of Chief Judge Christopher J. Panos this case is reassigned to Bankruptcy Judge Elizabeth D. Katz. (ADI) (Entered: 06/04/2021) |
| 06/08/2021 | 38<br>(2 pgs) | Affidavit of Non-Compliance with certificate of service (Re: 32 Order on Motion to Extend) filed by Trustee Denise M. Pappalardo (Pappalardo, Denise) (Entered: 06/08/2021) |
| 06/10/2021 | 39<br>(2 pgs) | Certificate of Service of Notice of Hearing (Re: 27 Objection to Claim) filed by Debtor Scott H Blumsack (Lev, Dmitry) (Entered: 06/10/2021) |
| 06/10/2021 | 40<br>(4 pgs) | Opposition with certificate of service filed by Debtor Scott H Blumsack Re: 37 Objection to Confirmation of Plan with certificate of service (RE: 24 Chapter 13 Plan) filed by Creditor Massachusetts Department of Revenue (Lev, Dmitry) (Entered: 06/10/2021) |
| 06/10/2021 | 41<br>(1 pg) | Trustee's Motion filed by Denise M. Pappalardo to Withdraw 38 Affidavit of Non-Compliance with certificate of service. (Pappalardo, Denise) . (Entered: 06/10/2021) |
| 06/10/2021 | 42<br>(1 pg) | Endorsed Order dated 6/10/2021 Re: 41 Trustee's Motion filed by Denise M. Pappalardo to Withdraw 38 Affidavit of Non-Compliance. GRANTED. (pf) (Entered: 06/10/2021) |
| 06/12/2021 | 43<br>(2 pgs) | BNC Certificate of Mailing - PDF Document. (Re: 42 Order on Motion to Withdraw Document) Notice Date 06/12/2021. (Admin.) (Entered: 06/13/2021) |
| 06/24/2021 | 44<br>(4 pgs) | Trustee's Objection to Confirmation of Plan with certificate of service (RE: 24 Chapter 13 Plan filed by Debtor Scott H Blumsack). (Pappalardo, Denise) (Entered: 06/24/2021) |
| 06/29/2021 | 45<br>(3 pgs) | Notice of Debtor's Request for Mortgage Forbearance Due to the Covid-19 Pandemic for 90 days with Certificate of Service filed by Creditor Matrix Financial Services Corp. (Mulligan, Richard) (Entered: 06/29/2021) |
| 07/01/2021 | 46<br>(5 pgs) | Opposition with certificate of service filed by Debtor Scott H Blumsack Re: 44 Trustee's Objection to Confirmation of Plan with certificate of service (RE: 24 Chapter 13 Plan filed by Debtor Scott H Blumsack). (Lev, Dmitry) (Entered: 07/01/2021) |
| 07/02/2021 | 47<br>(1 pg) | Endorsed Order dated 7/2/21 Re: 37 Objection to Confirmation of Plan (Re: 24 Chapter 13 Plan) filed by Creditor Massachusetts Department of Revenue. THE OBJECTING PARTY IS ORDERED TO FILE A CERTIFICATE OF CONFERENCE IN ACCORDANCE WITH MASSACHUSETTS LOCAL BANKRUPTCY RULE 13-8(e) WITHIN SEVEN (7) DAYS OF THE DATE OF THIS ORDER, FAILING WHICH THE OBJECTION SHALL BE OVERRULED WITHOUT PREJUDICE. (ag) (Entered: 07/02/2021) |
| 07/04/2021 | 48<br>(2 pgs) | BNC Certificate of Mailing - PDF Document. (Re: 47 Order on Objection to Confirmation of Plan) Notice Date 07/04/2021. (Admin.) (Entered: |

| | | 07/05/2021) |
|---|---|---|
| 07/07/2021 | 49 (1 pg) | Proceeding Memorandum and Order dated 7/7/2021 Re: 25 Objection to Confirmation of the Plan filed by Creditor Matrix Financial Services Corp. IN LIGHT OF THIS CASE BEING REASSIGNED FROM CHIEF JUDGE PANOS TO JUDGE KATZ, THE HEARING ON THIS MATTER SET FOR JULY 20, 2021 HAS BEEN RESCHEDULED. THIS MATTER WILL NOW BE HEARD ON WEDNESDAY, AUGUST 11, 2021 AT 10:30 AM BEFORE JUDGE ELIZABETH D. KATZ; THE RESCHEDULED HEARING WILL BE CONDUCTED TELEPHONICALLY; PARTIES MAY PARTICIPATE BY DIALING 888-363-4734, AND ENTERING ACCESS CODE 496 4809 WHEN PROMPTED. PARTIES SHOULD NOTE THE NEW DIAL-IN NUMBER FOR TELEPHONIC PARTICIPATION. (pf) (Entered: 07/07/2021) |
| 07/07/2021 | 50 (1 pg) | Proceeding Memorandum and Order dated 7/7/2021 Re: 27 Objection to Claim 6 of Claimant Matrix Financial Services Corp. filed by Debtor Scott H Blumsack. IN LIGHT OF THIS CASE BEING REASSIGNED FROM CHIEF JUDGE PANOS TO JUDGE KATZ, THE HEARING ON THIS MATTER SET FOR JULY 20, 2021 HAS BEEN RESCHEDULED. THIS MATTER WILL NOW BE HEARD ON WEDNESDAY, AUGUST 11, 2021 AT 10:30 AM BEFORE JUDGE ELIZABETH D. KATZ; THE RESCHEDULED HEARING WILL BE CONDUCTED TELEPHONICALLY; PARTIES MAY PARTICIPATE BY DIALING 888-363-4734, AND ENTERING ACCESS CODE 496 4809 WHEN PROMPTED. PARTIES SHOULD NOTE THE NEW DIAL-IN NUMBER FOR TELEPHONIC PARTICIPATION. (pf) (Entered: 07/07/2021) |
| 07/07/2021 | 51 (2 pgs) | Certificate of Conference held on 07/07/2021 (Re: 37 Objection to Confirmation of the Plan) filed by Creditor Massachusetts Department of Revenue (Meade, Jodi) (Entered: 07/07/2021) |
| 07/08/2021 | 52 (2 pgs) | Certificate of Service of Notice of Hearing (Re: 25 Objection to Confirmation of the Plan) filed by Creditor Matrix Financial Services Corp. (Mulligan, Richard) (Entered: 07/08/2021) |
| 07/08/2021 | 53 (2 pgs) | Certificate of Service of Notice of Hearing Re: 27 Objection to Claim 6 of Claimant Matrix Financial Services Corp filed by Creditor Matrix Financial Services Corp. (Mulligan, Richard). (Entered: 07/08/2021) |
| 07/08/2021 | 54 (1 pg) | Certificate of Conference held on July 7, 2021 (Re: 44 Trustee's Objection to Confirmation of Plan) filed by Trustee Denise M. Pappalardo (Pappalardo, Denise) (Entered: 07/08/2021) |
| 07/09/2021 | 55 (1 pg) | TELEPHONIC Hearing Scheduled on 8/11/2021 at 10:30 AM Re: 44 Objection of Chapter 13 Trustee to Confirmation of Chapter 13 Plan (spr) (Entered: 07/09/2021) |
| 07/09/2021 | 56 (1 pg) | Hearing Scheduled on 11/17/2021 at 10:30 AM at Worcester Courtroom 4 Re: 37 Objection of Massachusetts Department of Revenue to Confirmation of Chapter 13 Plan (spr) (Entered: 07/09/2021) |
| 07/09/2021 | 57 (2 pgs) | BNC Certificate of Mailing - PDF Document. (Re: 49 Order To Set Hearing) Notice Date 07/09/2021. (Admin.) (Entered: 07/10/2021) |
| 07/09/2021 | 58 | BNC Certificate of Mailing - PDF Document. (Re: 50 Order To Set |

| | | |
|---|---|---|
| | (2 pgs) | Hearing) Notice Date 07/09/2021. (Admin.) (Entered: 07/10/2021) |
| 07/12/2021 | 59<br>(2 pgs) | Notice of Hearing (Re: 44 Trustee's Objection to Confirmation of Plan) filed by Trustee Denise M. Pappalardo (Pappalardo, Denise) (Entered: 07/12/2021) |
| 07/14/2021 | 60<br>(2 pgs) | Certificate of Service of Notice of Hearing (Re: 37 Objection to Confirmation of the Plan) filed by Creditor Massachusetts Department of Revenue (Meade, Jodi) (Entered: 07/14/2021) |
| 08/09/2021 | 61<br>(2 pgs) | Emergency Motion filed by Assistant U.S. Trustee Richard King to Continue Hearing [Re: 25 Objection to Confirmation of the Plan filed by Creditor Matrix Financial Services Corp., 44 Trustee's Objection to Confirmation of Plan filed by Trustee Denise M. Pappalardo] with certificate of service. (Meunier, Stephen). (Entered: 08/09/2021) |
| 08/10/2021 | 62<br>(2 pgs) | Amended Emergency Motion filed by Assistant U.S. Trustee Richard King to Continue Hearing [Re: 25 Objection to Confirmation of the Plan filed by Creditor Matrix Financial Services Corp., 27 Objection to Claim filed by Debtor Scott H Blumsack, 44 Trustee's Objection to Confirmation of Plan filed by Trustee Denise M. Pappalardo] with certificate of service. (Meunier, Stephen). (Entered: 08/10/2021) |
| 08/10/2021 | 63<br>(1 pg) | Endorsed Order dated 8/10/2021 Re: 62 Amended Emergency Motion filed by Assistant U.S. Trustee Richard King to Continue Hearing [Re: 25 Objection to Confirmation of the Plan filed by Creditor Matrix Financial Services Corp., 27 Objection to Claim filed by Debtor Scott H Blumsack, 44 Trustee's Objection to Confirmation of Plan filed by Trustee Denise M. Pappalardo]. GRANTED; EACH OF THE HEARINGS OF 08/11/21 ARE CONTINUED TO 09/22/21 AT 12:30PM IN WORCESTER, COURTROOM 4. (ag) (Entered: 08/10/2021) |
| 08/10/2021 | 64<br>(1 pg) | Endorsed Order dated 8/10/2021 Re: 61 Emergency Motion filed by Assistant U.S. Trustee Richard King to Continue Hearing [Re: 25 Objection to Confirmation of the Plan filed by Creditor Matrix Financial Services Corp., 44 Trustee's Objection to Confirmation of Plan filed by Trustee Denise M. Pappalardo]. MOOT; SEE ORDER OF EVEN DATE. (ag) (Entered: 08/10/2021) |
| 08/12/2021 | 65<br>(3 pgs) | BNC Certificate of Mailing - PDF Document. (Re: 63 Order on Motion to Continue/Cancel Hearing) Notice Date 08/12/2021. (Admin.) (Entered: 08/13/2021) |
| 08/12/2021 | 66<br>(3 pgs) | BNC Certificate of Mailing - PDF Document. (Re: 64 Order on Motion to Continue/Cancel Hearing) Notice Date 08/12/2021. (Admin.) (Entered: 08/13/2021) |
| 08/25/2021 | 67<br>(1 pg) | Proceeding Memorandum and Order dated 8/25/21 Re: 25 Objection to Confirmation of Plan (Re: 24 Chapter 13 Plan) filed by Creditor Matrix Financial Services Corp. ALL INTERESTED PARTIES ARE ADVISED THAT DUE TO HEALTH CONCERNS ASSOCIATED WITH THE SPREAD OF THE COVID-19 VIRUS, THE HEARING ON THIS MATTER SET FOR SEPTEMBER 22, 2021 AT 12:30 P.M. WILL NOW BE HELD TELEPHONICALLY. PARTIES ARE NOT ALLOWED TO APPEAR IN PERSON AT THE COURTHOUSE FOR THIS HEARING. PARTIES MAY PARTICIPATE BY DIALING 888-363-4734, AND |

| | | ENTER ACCESS CODE 496 4809 WHEN PROMPTED. (ag) (Entered: 08/25/2021) |
|---|---|---|
| 08/25/2021 | 68 (1 pg) | Proceeding Memorandum and Order dated 8/25/21 Re: 27 Objection to Claim 6 of Claimant Matrix Financial Services Corp filed by Debtor Scott H Blumsack. ALL INTERESTED PARTIES ARE ADVISED THAT DUE TO HEALTH CONCERNS ASSOCIATED WITH THE SPREAD OF THE COVID-19 VIRUS, THE HEARING ON THIS MATTER SET FOR SEPTEMBER 22, 2021 AT 12:30 P.M. WILL NOW BE HELD TELEPHONICALLY. PARTIES ARE NOT ALLOWED TO APPEAR IN PERSON AT THE COURTHOUSE FOR THIS HEARING. PARTIES MAY PARTICIPATE BY DIALING 888-363-4734, AND ENTER ACCESS CODE 496 4809 WHEN PROMPTED. (ag) (Entered: 08/25/2021) |
| 08/25/2021 | 69 (1 pg) | Proceeding Memorandum and Order dated 8/25/21 Re: 44 Trustee's Objection to Confirmation of Plan (Re: 24 Chapter 13 Plan filed by Debtor Scott H Blumsack). ALL INTERESTED PARTIES ARE ADVISED THAT DUE TO HEALTH CONCERNS ASSOCIATED WITH THE SPREAD OF THE COVID-19 VIRUS, THE HEARING ON THIS MATTER SET FOR SEPTEMBER 22, 2021 AT 12:30 P.M. WILL NOW BE HELD TELEPHONICALLY. PARTIES ARE NOT ALLOWED TO APPEAR IN PERSON AT THE COURTHOUSE FOR THIS HEARING. PARTIES MAY PARTICIPATE BY DIALING 888-363-4734, AND ENTER ACCESS CODE 496 4809 WHEN PROMPTED. (ag) (Entered: 08/25/2021) |
| 08/26/2021 | 70 (2 pgs) | Certificate of Service of Notice of Hearing (Re: 25 Objection to Confirmation of the Plan) filed by Creditor Matrix Financial Services Corp. (Mulligan, Richard) (Entered: 08/26/2021) |
| 08/27/2021 | 71 (2 pgs) | Certificate of Service of Notice of Hearing #28 Objection filed by Claimant in response to (Re: 27 Objection to Claim) filed by Creditor Matrix Financial Services Corp. (Mulligan, Richard) (Entered: 08/27/2021) |
| 08/27/2021 | 72 (3 pgs) | BNC Certificate of Mailing - PDF Document. (Re: 67 Order To Set Hearing) Notice Date 08/27/2021. (Admin.) (Entered: 08/28/2021) |
| 08/27/2021 | 73 (3 pgs) | BNC Certificate of Mailing - PDF Document. (Re: 68 Order To Set Hearing) Notice Date 08/27/2021. (Admin.) (Entered: 08/28/2021) |
| 08/27/2021 | 74 (3 pgs) | BNC Certificate of Mailing - PDF Document. (Re: 69 Order To Set Hearing) Notice Date 08/27/2021. (Admin.) (Entered: 08/28/2021) |
| 09/15/2021 | 75 (17 pgs) | Motion filed by Assistant U.S. Trustee Richard King to Dismiss Case with certificate of service. (Meunier, Stephen) (Entered: 09/15/2021) |
| 09/18/2021 | 76 (1 pg) | Hearing Scheduled on 11/3/2021 at 12:00 PM at Worcester Courtroom 4 Re: 75 Motion of United States Trustee to Dismiss case. Objections due by 10/27/21 at 4:00PM. (spr) (Entered: 09/18/2021) |
| 09/20/2021 | 77 (2 pgs) | Assented To Motion filed by Debtor Scott H Blumsack to Continue Hearing [Re: 25 Objection to Confirmation of the Plan] with certificate of service. (Lev, Dmitry) (Entered: 09/20/2021) |
| 09/20/2021 | 78 (2 pgs) | Assented To Motion filed by Debtor Scott H Blumsack to Continue Hearing [Re: 27 Objection to Claim] with certificate of service. (Lev, Dmitry) (Entered: 09/20/2021) |

| | | |
|---|---|---|
| 09/20/2021 | 79<br>(2 pgs) | Motion filed by Debtor Scott H Blumsack to Continue Hearing [Re: 44 Trustee's Objection to Confirmation of Plan] with certificate of service. (Lev, Dmitry) (Entered: 09/20/2021) |
| 09/21/2021 | 80<br>(1 pg) | Endorsed Order dated 9/21/2021 Re: 77 Assented To Motion filed by Debtor Scott H Blumsack to Continue Hearing [Re: 25 Objection to Confirmation of the Plan]. GRANTED; THE HEARING OF 09/22/21 IS CONTINUED TO 11/17/21 AT 10:30AM IN WORCESTER, COURTROOM 4. (ag) (Entered: 09/21/2021) |
| 09/21/2021 | 81<br>(1 pg) | Endorsed Order dated 9/21/2021 Re: 78 Assented To Motion filed by Debtor Scott H Blumsack to Continue Hearing [Re: 27 Objection to Claim]. GRANTED; THE HEARING OF 09/22/21 IS CONTINUED TO 11/17/21 AT 10:30AM IN WORCESTER, COURTROOM 4. (ag) (Entered: 09/21/2021) |
| 09/21/2021 | 82<br>(1 pg) | Endorsed Order dated 9/21/2021 Re: 79 Motion filed by Debtor Scott H Blumsack to Continue Hearing [Re: 44 Trustee's Objection to Confirmation of Plan]. GRANTED; THE HEARING OF 09/22/21 IS CONTINUED TO 11/17/21 AT 10:30AM IN WORCESTER, COURTROOM 4. (ag) (Entered: 09/21/2021) |
| 09/22/2021 | 83<br>(3 pgs) | BNC Certificate of Mailing - Hearing. (Re: 76 Hearing Scheduled) Notice Date 09/22/2021. (Admin.) (Entered: 09/23/2021) |
| 09/23/2021 | 84<br>(3 pgs) | BNC Certificate of Mailing - PDF Document. (Re: 80 Order on Motion to Continue/Cancel Hearing) Notice Date 09/23/2021. (Admin.) (Entered: 09/24/2021) |
| 09/23/2021 | 85<br>(3 pgs) | BNC Certificate of Mailing - PDF Document. (Re: 81 Order on Motion to Continue/Cancel Hearing) Notice Date 09/23/2021. (Admin.) (Entered: 09/24/2021) |
| 09/23/2021 | 86<br>(3 pgs) | BNC Certificate of Mailing - PDF Document. (Re: 82 Order on Motion to Continue/Cancel Hearing) Notice Date 09/23/2021. (Admin.) (Entered: 09/24/2021) |
| 09/27/2021 | 87<br>(1 pg) | Proceeding Memorandum and Order dated 9/27/21 Re: 75 Motion filed by Assistant U.S. Trustee Richard King to Dismiss Case. ALL INTERESTED PARTIES ARE ADVISED THAT DUE TO HEALTH CONCERNS ASSOCIATED WITH THE SPREAD OF THE COVID-19 VIRUS, THE HEARING ON THIS MATTER SET FOR NOVEMBER 3, 2021 AT 12:00 P.M. WILL NOW BE HELD TELEPHONICALLY. PARTIES ARE NOT ALLOWED TO APPEAR IN PERSON AT THE COURTHOUSE FOR THIS HEARING. PARTIES MAY PARTICIPATE BY DIALING 888-363-4734, AND ENTER ACCESS CODE 496 4809 WHEN PROMPTED. (ag) (Entered: 09/27/2021) |
| 09/29/2021 | 88<br>(3 pgs) | BNC Certificate of Mailing - PDF Document. (Re: 87 Order To Set Hearing) Notice Date 09/29/2021. (Admin.) (Entered: 09/30/2021) |
| 09/30/2021 | 89<br>(1 pg) | Proceeding Memorandum and Order dated 9/30/21 Re: 25 Objection to Confirmation of Plan (Re: 24 Chapter 13 Plan) filed by Creditor Matrix Financial Services Corp. ALL INTERESTED PARTIES ARE ADVISED THAT DUE TO HEALTH CONCERNS ASSOCIATED WITH THE SPREAD OF THE COVID-19 VIRUS, THE HEARING ON THIS |

| | | |
|---|---|---|
| | | MATTER SET FOR NOVEMBER 17, 2021 AT 10:30 AM WILL NOW BE HELD TELEPHONICALLY. PARTIES ARE NOT ALLOWED TO APPEAR IN PERSON AT THE COURTHOUSE FOR THIS HEARING. PARTIES MAY PARTICIPATE BY DIALING 888-363-4734, AND ENTER ACCESS CODE 496 4809 WHEN PROMPTED. (ag) (Entered: 09/30/2021) |
| 09/30/2021 | 90 (1 pg) | Proceeding Memorandum and Order dated 9/30/21 Re: 27 Objection to Claim 6 of Claimant Matrix Financial Services Corp. filed by Debtor Scott H Blumsack. ALL INTERESTED PARTIES ARE ADVISED THAT DUE TO HEALTH CONCERNS ASSOCIATED WITH THE SPREAD OF THE COVID-19 VIRUS, THE HEARING ON THIS MATTER SET FOR NOVEMBER 17, 2021 AT 10:30 AM WILL NOW BE HELD TELEPHONICALLY. PARTIES ARE NOT ALLOWED TO APPEAR IN PERSON AT THE COURTHOUSE FOR THIS HEARING. PARTIES MAY PARTICIPATE BY DIALING 888-363-4734, AND ENTER ACCESS CODE 496 4809 WHEN PROMPTED. (ag) (Entered: 09/30/2021) |
| 09/30/2021 | 91 (1 pg) | Proceeding Memorandum and Order dated 9/30/21 Re: 37 Objection to Confirmation of Plan (Re: 24 Chapter 13 Plan) filed by Creditor Massachusetts Department of Revenue. ALL INTERESTED PARTIES ARE ADVISED THAT DUE TO HEALTH CONCERNS ASSOCIATED WITH THE SPREAD OF THE COVID-19 VIRUS, THE HEARING ON THIS MATTER SET FOR NOVEMBER 17, 2021 AT 10:30 AM WILL NOW BE HELD TELEPHONICALLY. PARTIES ARE NOT ALLOWED TO APPEAR IN PERSON AT THE COURTHOUSE FOR THIS HEARING. PARTIES MAY PARTICIPATE BY DIALING 888-363-4734, AND ENTER ACCESS CODE 496 4809 WHEN PROMPTED. (ag) (Entered: 09/30/2021) |
| 09/30/2021 | 92 (1 pg) | Proceeding Memorandum and Order dated 9/30/21 Re: 44 Trustee's Objection to Confirmation of Plan (Re: 24 Chapter 13 Plan filed by Debtor Scott H Blumsack. ALL INTERESTED PARTIES ARE ADVISED THAT DUE TO HEALTH CONCERNS ASSOCIATED WITH THE SPREAD OF THE COVID-19 VIRUS, THE HEARING ON THIS MATTER SET FOR NOVEMBER 17, 2021 AT 10:30 AM WILL NOW BE HELD TELEPHONICALLY. PARTIES ARE NOT ALLOWED TO APPEAR IN PERSON AT THE COURTHOUSE FOR THIS HEARING. PARTIES MAY PARTICIPATE BY DIALING 888-363-4734, AND ENTER ACCESS CODE 496 4809 WHEN PROMPTED. (ag) (Entered: 09/30/2021) |
| 10/02/2021 | 93 (3 pgs) | BNC Certificate of Mailing - PDF Document. (Re: 89 Order To Set Hearing) Notice Date 10/02/2021. (Admin.) (Entered: 10/03/2021) |
| 10/02/2021 | 94 (3 pgs) | BNC Certificate of Mailing - PDF Document. (Re: 90 Order To Set Hearing) Notice Date 10/02/2021. (Admin.) (Entered: 10/03/2021) |
| 10/02/2021 | 95 (3 pgs) | BNC Certificate of Mailing - PDF Document. (Re: 91 Order To Set Hearing) Notice Date 10/02/2021. (Admin.) (Entered: 10/03/2021) |
| 10/02/2021 | 96 (3 pgs) | BNC Certificate of Mailing - PDF Document. (Re: 92 Order To Set Hearing) Notice Date 10/02/2021. (Admin.) (Entered: 10/03/2021) |
| 10/26/2021 | 97 (2 pgs) | Certificate of Service of Notice of Hearing (Re: 25 Objection to Confirmation of the Plan) filed by Creditor Matrix Financial Services Corp. (Mulligan, Richard) (Entered: 10/26/2021) |

| | | |
|---|---|---|
| 10/27/2021 | 98<br>(13 pgs) | Opposition with certificate of service filed by Debtor Scott H Blumsack Re: 75 Motion filed by Assistant U.S. Trustee Richard King to Dismiss Case with certificate of service. (Lev, Dmitry) (Entered: 10/27/2021) |
| 11/03/2021 | | Hearing Held and Continued for 3/11/2022 at 11:00 AM at Worcester Courtroom 4 - EDK (Re: 75 Motion to Dismiss Case filed by Assistant U.S. Trustee Richard King). (ag) (Entered: 11/03/2021) |
| 11/03/2021 | 99<br>(3 pgs) | Final PreTrial Order (Contested Matter) dated 11/3/2021 Re: 75 Motion filed by Assistant U.S. Trustee Richard King to Dismiss Case. See Order for Full Text. (ag) (Entered: 11/03/2021) |
| 11/05/2021 | 100<br>(1 pg) | Affidavit and Certification Re: No Domestic Support Obligations filed by Debtor Scott H Blumsack (Lev, Dmitry) (Entered: 11/05/2021) |
| 11/05/2021 | 101<br>(5 pgs) | BNC Certificate of Mailing - PDF Document. (Re: 99 Order on Motion to Dismiss Case) Notice Date 11/05/2021. (Admin.) (Entered: 11/06/2021) |
| 11/15/2021 | 102<br>(4 pgs) | Assented To Motion filed by Creditor Matrix Financial Services Corp. to Continue Hearing [Re: 25 Objection to Confirmation of the Plan, 27 Objection to Claim] *with Proposed Order and* with certificate of service. (Mulligan, Richard) (Entered: 11/15/2021) |
| 11/15/2021 | 103<br>(1 pg) | Endorsed Order dated 11/15/2021 Re: 102 Assented To Motion filed by Creditor Matrix Financial Services Corp. to Continue Hearings [Re: 25 Objection to Confirmation of the Plan and 27 Objection to Claim]. GRANTED; THE TWO UNDERLYING HEARINGS OF 11/17/21 ARE CONITNUED TO 01/12/22 AT 11:00AM IN WORCESTER, COURTROOM 4. (pf) (Entered: 11/15/2021) |
| 11/16/2021 | 104<br>(2 pgs) | Certificate of Service of Notice of Hearing (Re: 25 Objection to Confirmation of the Plan, 27 Objection to Claim) filed by Creditor Matrix Financial Services Corp. (Mulligan, Richard) (Entered: 11/16/2021) |
| 11/17/2021 | | Hearing Held and Continued for 12/15/2021 at 10:30 AM at a Telephonic Hearing (Re: 37 Objection to Confirmation of Plan (Re: 24 Chapter 13 Plan) filed by Creditor Massachusetts Department of Revenue). (ag) (Entered: 11/17/2021) |
| 11/17/2021 | 105<br>(1 pg) | Proceeding Memorandum and Order dated 11/17/21 Re: 37 Objection to Confirmation of Plan (Re: 24 Chapter 13 Plan) filed by Creditor Massachusetts Department of Revenue. THIS HEARING IS CONTINUED TO DECEMBER 15, 2021 AT 10:30 AM. THE CONTINUED HEARING WILL BE CONDUCTED TELEPHONICALLY; PARTIES MAY PARTICIPATE BY DIALING 888-363-4734, AND ENTERING ACCESS CODE 496 4809 WHEN PROMPTED. (ag) (Entered: 11/17/2021) |
| 11/17/2021 | | Hearing Held Re: 44 Trustee's Objection to Confirmation of Plan (Re: 24 Chapter 13 Plan filed by Debtor Scott H Blumsack). (ag) (Entered: 11/17/2021) |
| 11/17/2021 | 106<br>(3 pgs) | Final PreTrial Order (Contested Matter) dated 11/17/21 Re: 44 Trustee's Objection to Confirmation of Plan (Re: 24 Chapter 13 Plan filed by Debtor Scott H Blumsack. See Order for Full Text. (ag) (Entered: 11/17/2021) |

| | | |
|---|---|---|
| 11/17/2021 | 107<br>(3 pgs) | BNC Certificate of Mailing - PDF Document. (Re: 103 Order on Motion to Continue/Cancel Hearing) Notice Date 11/17/2021. (Admin.) (Entered: 11/18/2021) |
| 11/19/2021 | 108<br>(3 pgs) | BNC Certificate of Mailing - PDF Document. (Re: 105 Order on Objection to Confirmation of Plan) Notice Date 11/19/2021. (Admin.) (Entered: 11/20/2021) |
| 11/19/2021 | 109<br>(5 pgs) | BNC Certificate of Mailing - PDF Document. (Re: 106 Order To Set Hearing) Notice Date 11/19/2021. (Admin.) (Entered: 11/20/2021) |
| 12/01/2021 | 110<br>(2 pgs) | Notice of Withdrawal with Certificate of Service (Re: 25 Objection to Confirmation of the Plan) filed by Creditor Matrix Financial Services Corp. (Mulligan, Richard) (Entered: 12/01/2021) |
| 12/01/2021 | 111<br>(1 pg) | Endorsed Order dated 12/1/21 Re: 110 Notice of Withdrawal (Re: 25 Objection to Confirmation of the Plan) filed by Creditor Matrix Financial Services Corp. SO NOTED; THE UNDERLYING HEARING OF 01/12/22 IS CANCELED. (ag) (Entered: 12/01/2021) |
| 12/03/2021 | 112<br>(3 pgs) | BNC Certificate of Mailing - PDF Document. (Re: 111 Order) Notice Date 12/03/2021. (Admin.) (Entered: 12/04/2021) |
| 12/09/2021 | 113<br>(2 pgs) | Notice of Withdrawal of Claim 2 By MDOR (Liles, Krystle) (Entered: 12/09/2021) |
| 12/09/2021 | 114<br>(2 pgs) | MDOR Withdrawal of Notice of Unfiled Prepetition State Tax Returns with certificate of service. (Liles, Krystle) (Entered: 12/09/2021) |
| 12/10/2021 | 115<br>(1 pg) | Notice of Withdrawal with certificate of service (Re: 37 Objection to Confirmation of the Plan) filed by Creditor Massachusetts Department of Revenue (Meade, Jodi) (Entered: 12/10/2021) |
| 12/10/2021 | 116<br>(1 pg) | Endorsed Order dated 12/10/21 Re: 115 Notice of Withdrawal (Re: 37 Objection to Confirmation of the Plan) filed by Creditor Massachusetts Department of Revenue. SO NOTED; THE HEARING OF 12/15/21 IS CANCELED. (ag) (Entered: 12/10/2021) |
| 12/12/2021 | 117<br>(3 pgs) | BNC Certificate of Mailing - PDF Document. (Re: 116 Order) Notice Date 12/12/2021. (Admin.) (Entered: 12/13/2021) |
| 12/16/2021 | 118<br>(1 pg) | Proceeding Memorandum and Order dated 12/16/2021 Re: 27 Objection to Claim 6 of Claimant Matrix Financial Services Corp. filed by Debtor Scott H Blumsack. ALL INTERESTED PARTIES ARE ADVISED THAT DUE TO HEALTH CONCERNS ASSOCIATED WITH THE SPREAD OF THE COVID-19 VIRUS, THE HEARING ON THIS MATTER SET FOR JANUARY 12, 2022 AT 11:00 AM WILL NOW BE HELD TELEPHONICALLY. PARTIES ARE NOT ALLOWED TO APPEAR IN PERSON AT THE COURTHOUSE FOR THIS HEARING. PARTIES MAY PARTICIPATE BY DIALING 888-363-4734, AND ENTER ACCESS CODE 496 4809 WHEN PROMPTED. (pf) (Entered: 12/16/2021) |
| 12/18/2021 | 119<br>(3 pgs) | BNC Certificate of Mailing - PDF Document. (Re: 118 Order To Set Hearing) Notice Date 12/18/2021. (Admin.) (Entered: 12/19/2021) |

| | | |
|---|---|---|
| 01/10/2022 | 120<br>(3 pgs) | Assented To Motion filed by Creditor Matrix Financial Services Corp. to Continue Hearing [Re: 27 Objection to Claim] with certificate of service. (Mulligan, Richard) (Entered: 01/10/2022) |
| 01/10/2022 | 121<br>(1 pg) | Endorsed Order dated 1/10/2022 Re: 120 Assented To Motion filed by Creditor Matrix Financial Services Corp. to Continue Hearing [Re: 27 Objection to Claim]. GRANTED; THE HEARING OF 01/12/22 IS CONTINUED TO 02/16/22 AT 11:00 AM. THE CONTINUED HEARING WILL BE CONDUCTED TELEPHONICALLY. PARTIES MAY PARTICIPATE BY DIALING 888-363-4734, AND ENTERING ACCESS CODE 496 4809 WHEN PROMPTED. (pf) (Entered: 01/10/2022) |
| 01/11/2022 | 122<br>(2 pgs) | Certificate of Service of Notice of Hearing (Re: 27 Objection to Claim) filed by Creditor Matrix Financial Services Corp. (Mulligan, Richard) (Entered: 01/11/2022) |
| 01/12/2022 | 123<br>(3 pgs) | Assented to Motion filed by Debtor Scott H Blumsack to Extend Discovery Deadline [Re: 44 Trustee's Objection to Confirmation of Plan] with certificate of service. (Lev, Dmitry) (Entered: 01/12/2022) |
| 01/12/2022 | 124<br>(3 pgs) | BNC Certificate of Mailing - PDF Document. (Re: 121 Order on Motion to Continue/Cancel Hearing) Notice Date 01/12/2022. (Admin.) (Entered: 01/13/2022) |
| 01/13/2022 | 125<br>(1 pg) | Endorsed Order dated 1/13/2022 Re: 123 Assented to Motion filed by Debtor Scott H Blumsack to Extend Discovery Deadline [Re: 44 Trustee's Objection to Confirmation of Plan]. GRANTED. THE DEADLINE IS EXTENDED TO JANUARY 31, 2022. (pf) (Entered: 01/13/2022) |
| 01/15/2022 | 126<br>(3 pgs) | BNC Certificate of Mailing - PDF Document. (Re: 125 Order on Motion to Extend) Notice Date 01/15/2022. (Admin.) (Entered: 01/16/2022) |
| 01/25/2022 | 127<br>(2 pgs) | Notice of Appearance and Request for Notice by Lawson Williams filed by Creditor Hanscom Federal Credit Union (Williams, Lawson) (Entered: 01/25/2022) |
| 01/31/2022 | 128<br>(2 pgs) | Assented to Motion filed by Assistant U.S. Trustee Richard King to Extend Discovery Deadline [Re: 99 Pre-Trial Order Re: 75 Motion to Dismiss Case] with certificate of service. (Meunier, Stephen). (Entered: 01/31/2022) |
| 01/31/2022 | 129<br>(1 pg) | Endorsed Order dated 1/31/2022 Re: 128 Assented to Motion filed by Assistant U.S. Trustee Richard King to Extend Discovery Deadline [Re: 99 Pre-Trial Order Re: 75 Motion to Dismiss Case]. GRANTED. THE DEADLINE IS EXTENDED TO FEBRUARY 7, 2022. (pf) (Entered: 01/31/2022) |
| 02/02/2022 | 130<br>(3 pgs) | BNC Certificate of Mailing - PDF Document. (Re: 129 Order on Motion to Extend) Notice Date 02/02/2022. (Admin.) (Entered: 02/03/2022) |
| 02/03/2022 | 131<br>(2 pgs) | Stipulation By Trustee Denise M. Pappalardo and Debtor with certificate of service (Re: 44 Trustee's Objection to Confirmation of Plan) filed by Trustee Denise M. Pappalardo (Psilos, Joanne) (Entered: 02/03/2022) |

| | | |
|---|---|---|
| 02/03/2022 | [132](#) (2 pgs) | Motion filed by Trustee Denise M. Pappalardo to Approve [131](#) Stipulation (Re: [44](#) Trustee's Objection to Confirmation of Plan) with certificate of service. (Psilos, Joanne) (Entered: 02/03/2022) |
| 02/07/2022 | [133](#) (1 pg) | Proceeding Memorandum and Order dated 2.7.2022 Re: [132](#) Motion filed by Trustee Denise M. Pappalardo to Approve [131](#) Stipulation (Re: [44](#) Trustee's Objection to Confirmation of Plan). THIS MOTION TO APPROVE IS SET FOR A NON-EVIDENTIARY HEARING ON FRIDAY, MARCH 11, 2022 AT 11:00 AM IN WORCESTER, COURTROOM 4. THE DEADLINE FOR OBJECTING TO THIS MOTION IS SET FOR 03/08/22 AT 4:00PM. THE EVIDENTIARY HEARING ON THE UNDERLYING OBJECTION OF CHAPTER 13 TRUSTEE TO CONFIRMATION OF PLAN, SET FOR 03/08/22, IS HEREBY CANCELED. (pf) (Entered: 02/07/2022) |
| 02/08/2022 | [134](#) (1 pg) | Notice of Hearing (Re: [132](#) Motion to Approve) filed by Trustee Denise M. Pappalardo (Pappalardo, Denise) (Entered: 02/08/2022) |
| 02/09/2022 | [135](#) (6 pgs) | Motion filed by Creditor Matrix Financial Services Corp. to Approve Loan Modification Agreement with certificate of service. (Mulligan, Richard) (Entered: 02/09/2022) |
| 02/09/2022 | [136](#) (3 pgs) | BNC Certificate of Mailing - PDF Document. (Re: [133](#) Order To Set Hearing) Notice Date 02/09/2022. (Admin.) (Entered: 02/10/2022) |
| 02/10/2022 | [137](#) (3 pgs) | Motion filed by Creditor Matrix Financial Services Corp. to Continue Hearing [Re: [27](#) Objection to Claim] . (Mulligan, Richard) (Entered: 02/10/2022) |
| 02/15/2022 | [138](#) (1 pg) | Endorsed Order dated 2/15/2022 Re: [137](#) Motion filed by Creditor Matrix Financial Services Corp. to Continue Hearing [Re: [27](#) Debtor's Objection to Claim 6]. GRANTED; THE HEARING OF 02/16/22 IS CONTINUED TO 03/23/22 AT 11:15 AM. THE CONTINUED HEARING WILL BE CONDUCTED TELEPHONICALLY. PARTIES MAY PARTICIPATE BY DIALING 888-363-4734, AND ENTERING ACCESS CODE 496 4809 WHEN PROMPTED. (pf) (Entered: 02/15/2022) |
| 02/15/2022 | [139](#) (2 pgs) | Certificate of Service of Notice of Hearing (Re: [27](#) Objection to Claim) filed by Creditor Matrix Financial Services Corp. (Mulligan, Richard) (Entered: 02/15/2022) |
| 02/17/2022 | [140](#) (3 pgs) | BNC Certificate of Mailing - PDF Document. (Re: [138](#) Order on Motion to Continue/Cancel Hearing) Notice Date 02/17/2022. (Admin.) (Entered: 02/18/2022) |
| 03/01/2022 | [141](#) (1 pg) | Endorsed Order dated 3/1/2022 Re: [135](#) Motion filed by Creditor Matrix Financial Services Corp. to Approve Loan Modification Agreement. APPROVED. NO OBJECTIONS FILED. (ag) (Entered: 03/01/2022) |
| 03/03/2022 | [142](#) (2 pgs; 2 docs) | Proceeding Memorandum and Order dated 3/3/22 Re: [75](#) Motion filed by Assistant U.S. Trustee Richard King to Dismiss Case. ALL PARTIES ARE ADVISED THAT THE HEARING ON THIS MATTER SCHEDULED FOR MARCH 11, 2022 AT 11:00 AM WILL NOW BE CONDUCTED THROUGH ZOOM VIDEO CONFERENCE. PARTIES MAY USE THE LINK/DIAL-IN INFORMATION BELOW TO PARTICIPATE. PARTIES ARE NOT ALLOWED TO APPEAR IN PERSON AT THE |

| | | |
|---|---|---|
| | | COURTHOUSE FOR THIS HEARING. TO PARTICIPATE BY VIDEO: https://www.zoomgov.com/j/1602680635?pwd=N1NlZ0IwMXBraWxTSm9UMFM1Rzh6Zz09 Meeting ID: 160 268 0635 Passcode: 179121 To participate by telephone: 1 669 254 5252 Meeting ID: 160 268 0635 Passcode: 179121. (ag) (Entered: 03/03/2022) |
| 03/03/2022 | [143](2 pgs; 2 docs) | Proceeding Memorandum and Order dated 3/3/22 Re: [132] Motion filed by Trustee Denise M. Pappalardo to Approve [131] Stipulation (Re: [44] Trustee's Objection to Confirmation of Plan). ALL PARTIES ARE ADVISED THAT THE HEARING ON THIS MATTER SCHEDULED FOR MARCH 11, 2022 AT 11:00 AM WILL NOW BE CONDUCTED THROUGH ZOOM VIDEO CONFERENCE. PARTIES MAY USE THE LINK/DIAL-IN INFORMATION BELOW TO PARTICIPATE. PARTIES ARE NOT ALLOWED TO APPEAR IN PERSON AT THE COURTHOUSE FOR THIS HEARING. TO PARTICIPATE BY VIDEO: https://www.zoomgov.com/j/1602680635?pwd=N1NlZ0IwMXBraWxTSm9UMFM1Rzh6Zz09 Meeting ID: 160 268 0635 Passcode: 179121 To participate by telephone: 1 669 254 5252 Meeting ID: 160 268 0635 Passcode: 179121. (ag) (Entered: 03/03/2022) |
| 03/03/2022 | [144](3 pgs) | BNC Certificate of Mailing - PDF Document. (Re: [141] Order on Motion for Approval) Notice Date 03/03/2022. (Admin.) (Entered: 03/04/2022) |
| 03/04/2022 | [145](7 pgs) | Joint Pre-Trial Statement *(Joint Pretrial Memorandum)* (Re: [75] Motion to Dismiss Case) filed by Assistant U.S. Trustee Richard King (Meunier, Stephen) (Entered: 03/04/2022) |
| 03/05/2022 | [146](3 pgs) | BNC Certificate of Mailing - PDF Document. (Re: [142] Order To Set Hearing) Notice Date 03/05/2022. (Admin.) (Entered: 03/06/2022) |
| 03/05/2022 | [147](3 pgs) | BNC Certificate of Mailing - PDF Document. (Re: [143] Order To Set Hearing) Notice Date 03/05/2022. (Admin.) (Entered: 03/06/2022) |
| 03/11/2022 | | Hearing Held (Re: [75] Motion filed by Assistant U.S. Trustee Richard King to Dismiss Case). (ag) (Entered: 03/11/2022) |
| 03/11/2022 | [148](1 pg) | Proceeding Memorandum and Order dated 3/11/2022 Re: [75] Motion filed by Assistant U.S. Trustee Richard King to Dismiss Case. THIS MATTER IS TAKEN UNDER ADVISEMENT. THE UNITED STATES TRUSTEE IS ALLOWED UNTIL 04/15/20 TO FILE A POST-HEARING BRIEF. THE DEBTOR IS ALLOWED UNTIL 05/13/22 TO FILE ANY RESPONSE TO THE BRIEF. (ag) (Entered: 03/11/2022) |
| 03/11/2022 | | Hearing Held Re: [132] Motion filed by Trustee Denise M. Pappalardo to Approve [131] Stipulation (Re: [44] Trustee's Objection to Confirmation of Plan). (ag) (Entered: 03/11/2022) |
| 03/11/2022 | [149](1 pg) | Proceeding Memorandum and Order dated 3/11/2022 Re: [132] Motion filed by Trustee Denise M. Pappalardo to Approve [131] Stipulation (Re: [44] Trustee's Objection to Confirmation of Plan). GRANTED. See Order for Full Text. (ag) (Entered: 03/11/2022) |
| 03/11/2022 | [150](4 pgs) | Exhibits (Filed in Open Court) (Re: [75] Motion to Dismiss Case) filed by United States Trustee. (ag) (Entered: 03/11/2022) |
| 03/11/2022 | [151](1 pg) | Corrected Proceeding Memorandum and Order dated 3/11/22 Re: [75] Motion filed by Assistant U.S. Trustee Richard King to Dismiss Case. |

| | | THIS MATTER IS TAKEN UNDER ADVISEMENT. THE UNITED STATES TRUSTEE IS ALLOWED UNTIL 04/15/22 TO FILE A POST-HEARING BRIEF. THE DEBTOR IS ALLOWED UNTIL 05/13/22 TO FILE ANY RESPONSE TO THE BRIEF. (ag) (Entered: 03/11/2022) |
|---|---|---|
| 03/13/2022 | 152 (3 pgs) | BNC Certificate of Mailing - PDF Document. (Re: 148 Order on Motion to Dismiss Case) Notice Date 03/13/2022. (Admin.) (Entered: 03/14/2022) |
| 03/13/2022 | 153 (3 pgs) | BNC Certificate of Mailing - PDF Document. (Re: 149 Order on Motion for Approval) Notice Date 03/13/2022. (Admin.) (Entered: 03/14/2022) |
| 03/13/2022 | 154 (3 pgs) | BNC Certificate of Mailing - PDF Document. (Re: 151 Order) Notice Date 03/13/2022. (Admin.) (Entered: 03/14/2022) |
| 03/21/2022 | 155 (3 pgs) | Assented To Motion filed by Creditor Matrix Financial Services Corp. to Continue Hearing [Re: 27 Objection to Claim] *on March 23, 2022 for 30 days* with certificate of service. (Mulligan, Richard) (Entered: 03/21/2022) |
| 03/21/2022 | 156 (1 pg) | Proceeding Memorandum and Order dated 3/21/2022 Re: 155 Assented To Motion filed by Creditor Matrix Financial Services Corp. to Continue Hearing [Re: 27 Objection to Claim]. GRANTED; THE HEARING OF 03/23/22 IS CONTINUED TO 04/27/22 AT 12:00PM. THE CONTINUED HEARING WILL BE CONDUCTED TELEPHONICALLY. PARTIES MAY PARTICIPATE BY DIALING 888-363-4734, AND ENTERING ACCESS CODE 496 4809 WHEN PROMPTED. (ag) (Entered: 03/21/2022) |
| 03/22/2022 | 157 (2 pgs) | Certificate of Service of Notice of Hearing (Re: 27 Objection to Claim) filed by Creditor Matrix Financial Services Corp. (Mulligan, Richard) (Entered: 03/22/2022) |
| 03/23/2022 | 158 (3 pgs) | BNC Certificate of Mailing - PDF Document. (Re: 156 Order on Motion to Continue/Cancel Hearing) Notice Date 03/23/2022. (Admin.) (Entered: 03/24/2022) |
| 04/07/2022 | 159 (2 pgs) | Assented to Motion filed by Assistant U.S. Trustee Richard King to Extend Time to Comply [Re: 151 Order]. (Meunier, Stephen) (Entered: 04/07/2022) |
| 04/07/2022 | 160 (1 pg) | Endorsed Order dated 4/7/2022 Re: 159 Assented to Motion filed by Assistant U.S. Trustee Richard King to Extend Time for Filing Post-Hearing Brief and Response Thereto [Re: 151 Order on Motion to Dismiss Case]. GRANTED. THE DEADLINES ARE EXTENDED AS REQUESTED. (pf) (Entered: 04/07/2022) |
| 04/09/2022 | 161 (3 pgs) | BNC Certificate of Mailing - PDF Document. (Re: 160 Order on Motion to Extend) Notice Date 04/09/2022. (Admin.) (Entered: 04/10/2022) |
| 04/12/2022 | 162 (42 pgs) | An official transcript (RE: 75 Motion filed by Assistant U.S. Trustee Richard King to Dismiss Case and 132 Motion filed by Trustee Denise M. Pappalardo to Approve 131 Stipulation (Re: 44 Trustee's Objection to Confirmation of Plan heard on 03/11/22 has been filed. Pursuant to Judicial Conference Policy, electronic access to transcripts is restricted for 90 days from the date of filing. The transcript is available for inspection at the Clerk's Office or a copy may be purchased from the transcriber. Contact the ECR Operator for transcriber information. Parties have until 05/3/2022 to file a Request for Redaction with the Court. If no request is |

| | | filed, the transcript may be made available electronically on 07/12/2022. (Janice Russell Transcripts) (Entered: 04/12/2022) |
|---|---|---|
| 04/12/2022 | [163](#) (2 pgs) | Notice of Withdrawal with certificate of service (Re: [27](#) Objection to Claim) filed by Debtor Scott H Blumsack (Lev, Dmitry) (Entered: 04/12/2022) |
| 04/13/2022 | [164](#) (1 pg) | Notice of Filing of Official Transcript. Notice is hereby given that an official transcript has been filed. Pursuant to the Judicial Conference policy governing public access to transcripts of federal court proceedings, transcripts are not electronically available(online) until 90 days after filing but may be inspected by clerk's office or purchased from the court transcriber during the 90-day period. (ADI) (Entered: 04/13/2022) |
| 04/13/2022 | [165](#) (1 pg) | Endorsed Order dated 4/13/22 Re: [163](#) Notice of Withdrawal with certificate of service (Re: [27](#) Objection to Claim) filed by Debtor Scott H Blumsack. SO NOTED; THE HEARING OF 04/27/22 IS CANCELED. (ag) (Entered: 04/13/2022) |
| 04/15/2022 | [166](#) (3 pgs) | BNC Certificate of Mailing - PDF Document. (Re: [165](#) Order) Notice Date 04/15/2022. (Admin.) (Entered: 04/16/2022) |
| 04/15/2022 | [167](#) (3 pgs) | BNC Certificate of Mailing - Notice (Re: [164](#) Notice of Filing of Official Transcript) Notice Date 04/15/2022. (Admin.) (Entered: 04/16/2022) |
| 04/26/2022 | [168](#) (2 pgs) | Assented to Motion filed by Assistant U.S. Trustee Richard King to Extend Time to Comply [Re: [148](#) Order on Motion to Dismiss Case] with certificate of service. (Meunier, Stephen) (Entered: 04/26/2022) |
| 04/27/2022 | [169](#) (1 pg) | Endorsed Order dated 4/27/2022 Re: [168](#) Assented to Motion filed by Assistant U.S. Trustee Richard King to Extend Time for Filing Post-Hearing Brief and Response Thereto [Re: [148](#) Order on Motion to Dismiss Case]. GRANTED. THE DEADLINES ARE EXTENDED AS REQUESTED. (pf) (Entered: 04/27/2022) |
| 04/29/2022 | [170](#) (3 pgs) | BNC Certificate of Mailing - PDF Document. (Re: [169](#) Order on Motion to Extend) Notice Date 04/29/2022. (Admin.) (Entered: 04/30/2022) |
| 05/20/2022 | [171](#) (2 pgs) | Assented-To Motion filed by Assistant U.S. Trustee Richard King to Extend Time for Filing Post-Hearing Brief and Response Thereto (Re: [148](#) Order on Motion to Dismiss Case) with certificate of service. (Meunier, Stephen) (Entered: 05/20/2022) |
| 05/20/2022 | [172](#) (1 pg) | Endorsed Order dated 5/20/2022 Re: [171](#) Assented-To Motion filed by Assistant U.S. Trustee Richard King to Extend Time for Filing Post-Hearing Brief and Response Thereto (Re: [148](#) Order on Motion to Dismiss Case). GRANTED. THE DEADLINES ARE EXTENDED AS REQUESTED. (clm, USBC) (Entered: 05/20/2022) |
| 06/21/2022 | [173](#) (38 pgs) | Post-Hearing Brief filed by Assistant U.S. Trustee Richard King in Support of United States Trustee's Motion to Dismiss Chapter 13 Case and Objection to Confirmation of Debtor's Chapter 13 Plan Re: [75](#) Motion to Dismiss Case. (Meunier, Stephen) (Entered: 06/21/2022) |
| 07/05/2022 | [174](#) (4 pgs) | Chapter 13 Trustee's Motion for Order Dismissing Case for Failure to Make Plan Payments with certificate of service and proposed order. |

| | | Objections due by 07/29/2022. (Psilos, Joanne) (Entered: 07/05/2022) |
|---|---|---|
| 07/18/2022 | 175<br>(3 pgs) | Assented to Motion filed by Debtor Scott H Blumsack to Extend Time for the Filing of His Post-Trial Brief (Re: 75 Motion to Dismiss Case) with certificate of service. (Lev, Dmitry) (Entered: 07/18/2022) |
| 07/19/2022 | 176<br>(1 pg) | Endorsed Order dated 7/19/2022 Re: 175 Assented to Motion filed by Debtor Scott H Blumsack to Extend Time for the Filing of His Post-Trial Brief Re: 75 Motion to Dismiss Case. GRANTED. THE DEADLINE IS EXTENDED TO SEPTEMBER 19, 2022. (clm, USBC) (Entered: 07/19/2022) |
| 07/28/2022 | 177<br>(3 pgs) | Opposition with certificate of service filed by Debtor Scott H Blumsack Re: 174 Chapter 13 Trustee's Motion for Order Dismissing Case for Failure to Make Plan Payments with certificate of service and proposed order. (Lev, Dmitry) (Entered: 07/28/2022) |
| 08/01/2022 | 178<br>(1 pg) | TELEPHONIC Hearing Scheduled on 8/24/2022 at 10:00 AM Re: 174 Chapter 13 Trustee's Motion for Order Dismissing Case (spr) (Entered: 08/01/2022) |
| 08/03/2022 | 179<br>(1 pg) | Motion filed by Trustee Denise M. Pappalardo to Withdraw Document and Cancel Hearing [Re: 174 Chapter 13 Trustee's Motion for Order Dismissing Case for Failure to Make Plan Payments with certificate of service and proposed order.] with certificate of service. (Pappalardo, Denise) (Entered: 08/03/2022) |
| 08/03/2022 | 180<br>(1 pg) | Endorsed Order dated 8/3/2022 Re: 179 Motion filed by Trustee Denise M. Pappalardo to Withdraw Document and Cancel Hearing Re: 174 Chapter 13 Trustee's Motion for Order Dismissing Case for Failure to Make Plan Payments. GRANTED; THE HEARING OF 08/24/22 IS CANCELED. (clm, USBC) (Entered: 08/04/2022) |
| 09/15/2022 | 181<br>(15 pgs; 4 docs) | Interim Application for Compensation and Reimbursement of Expenses with certificate of service for Dmitry Lev, Debtor's Attorney, Period: 2/8/2021 to 12/31/2021, Fee: $7315, Expenses: $358.03. (Attachments: # 1 Exhibit 1 # 2 Exhibit 2 # 3 Certificate of Service) (Lev, Dmitry) (Entered: 09/15/2022) |
| 09/16/2022 | 182<br>(1 pg) | TELEPHONIC Hearing Scheduled on 10/26/2022 at 11:00 AM Re: 181 Interim Application of Dmitry Lev for Compensation and Expenses as Counsel to the Debtor. Objections due by 10/21/22 at 4:00PM. (spr) (Entered: 09/16/2022) |
| 09/19/2022 | 183<br>(4 pgs) | Certificate of Service of Notice of Hearing (Re: 181 Application for Compensation) filed by Debtor Scott H Blumsack (Lev, Dmitry) (Entered: 09/19/2022) |
| 09/19/2022 | 184<br>(3 pgs) | Assented to Motion filed by Debtor Scott H Blumsack to Extend Time for the Filing of his Post-Trial Brief [Re: 75 Motion to Dismiss Case] with certificate of service. (Lev, Dmitry) (Entered: 09/19/2022) |
| 09/19/2022 | 185<br>(1 pg) | Endorsed Order dated 9/19/2022 Re: 184 Assented to Motion filed by Debtor Scott H Blumsack to Extend Time for the Filing of his Post-Trial Brief [Re: 75 Motion to Dismiss Case]. GRANTED. THE DEADLINE IS EXTENDED TO NOVEMBER 18, 2022. (ag) (Entered: 09/19/2022) |

| | | |
|---|---|---|
| 09/21/2022 | [186](3 pgs) | BNC Certificate of Mailing - PDF Document. (Re: [185] Order on Motion to Extend) Notice Date 09/21/2022. (Admin.) (Entered: 09/22/2022) |
| 10/03/2022 | [187](1 pg) | Notice of Change of Address *(request for address corrections)* filed by Debtor Scott H Blumsack (Lev, Dmitry) (Entered: 10/03/2022) |
| 10/25/2022 | [188](1 pg) | Endorsed Order dated 10/25/2022 Re: [181] Interim Application for Compensation and Reimbursement of Expenses for Dmitry Lev, Debtor's Attorney. ALLOWED IN THE AMOUNT REQUESTED. NO OBJECTIONS HAVE BEEN FILED. THE HEARING SET FOR OCTOBER 26, 2022 IS CANCELED. (ag) (Entered: 10/25/2022) |
| 10/27/2022 | [189](3 pgs) | BNC Certificate of Mailing - PDF Document. (Re: [188] Order on Application for Compensation) Notice Date 10/27/2022. (Admin.) (Entered: 10/28/2022) |
| 11/18/2022 | [190](24 pgs) | Brief/Memorandum *(Post-Trial)* In Opposition to (Re: [75] Motion to Dismiss Case) filed by Debtor Scott H Blumsack (Lev, Dmitry) (Entered: 11/18/2022) |
| 12/23/2022 | | As of December 23, 2022, David A. Mawhinney will replace Denise M. Pappalardo as the Standing Trustee per his appointment by the Office of the United States Trustee. (ADI) (Entered: 12/23/2022) |
| 12/30/2022 | [191](1 pg) | Chapter 13 Standing Trustee's Accounting of Prior Administration of Case and Request for Discharge of Trustee. (Pappalardo, Denise) (Entered: 12/30/2022) |
| 12/30/2022 | [192](2 pgs) | Motion filed by Assistant U.S. Trustee Richard King For Authority (Re: [75] Motion to Dismiss Case) *To File Responsive Pleading* with certificate of service. (Meunier, Stephen) (Entered: 12/30/2022) |
| 01/03/2023 | [193](4 pgs) | Opposition with certificate of service filed by Debtor Scott H Blumsack Re: [192] Motion filed by Assistant U.S. Trustee Richard King For Authority (Re: [75] Motion to Dismiss Case) *To File Responsive Pleading* with certificate of service. (Lev, Dmitry) (Entered: 01/03/2023) |
| 01/03/2023 | [194](1 pg) | Endorsed Order dated 1/3/2023 Re: [192] Motion filed by Assistant U.S. Trustee Richard King For Authority To File Responsive Pleading (Re: [75] Motion to Dismiss Case). DENIED. (pf) (Entered: 01/03/2023) |
| 01/05/2023 | [195](3 pgs) | BNC Certificate of Mailing - PDF Document. (Re: [194] Order on Motion for Order/Authority) Notice Date 01/05/2023. (Admin.) (Entered: 01/06/2023) |
| 01/17/2023 | [196](19 pgs) | Memorandum of Decision dated 1/17/2023 Re: [75] Motion to Dismiss Case filed by Assistant U.S. Trustee Richard King. AN ORDER IN CONFORMITY WITH THIS MEMOARNDUM WILL ISSUE FORTHWITH. (ag) (Entered: 01/17/2023) |
| 01/17/2023 | [197](1 pg) | Order dated 1/17/2023 Re: [75] Motion filed by Assistant U.S. Trustee Richard King to Dismiss Case. See Order for Full Text. (ag) (Entered: 01/17/2023) |

| | | |
|---|---|---|
| 01/19/2023 | 198 (3 pgs) | BNC Certificate of Mailing - PDF Document. (Re: 197 Order on Motion to Dismiss Case) Notice Date 01/19/2023. (Admin.) (Entered: 01/20/2023) |
| 01/19/2023 | 199 (21 pgs) | BNC Certificate of Mailing. (Re: 196 Opinion Issued) Notice Date 01/19/2023. (Admin.) (Entered: 01/20/2023) |
| 01/26/2023 | 200 (1 pg) | Chapter 13 Standing Trustee's Accounting of Prior Administration of Case and Request for Discharge of Trustee. (Mawhinney-Ch13, David) (Entered: 01/26/2023) |
| 01/30/2023 | 201 (4 pgs; 2 docs) | Notice of Appeal and Statement of Election to Bankruptcy Appellate Panel. Fee Amount $298 Filed by Debtor Scott H Blumsack (RE: 197 Order on Motion to Dismiss Case). Appellant Designation due by 02/13/2023. Compiled Records Due by 02/27/2023. Transmission of Designation Due by 03/1/2023. (Attachments: # 1 Order)(Lev, Dmitry) (Entered: 01/30/2023) |
| 01/30/2023 | | Receipt of filing fee for Notice of Appeal and Statement of Election( 21-40248) [appeal,ntcaplel] ( 298.00). Receipt Number A19925336, amount $298.00 (re: Doc# 201) (U.S. Treasury) (Entered: 01/30/2023) |
| 01/30/2023 | 202 (1 pg) | Notice of Appeal to Bankruptcy Appellate Panel (Re: 201 Notice of Appeal and Statement of Election filed by Debtor Scott H Blumsack). (ag) (Entered: 01/30/2023) |
| 01/30/2023 | 203 (25 pgs; 2 docs) | Initial Transmittal to BAP (Re: 201 Notice of Appeal and Statement of Election filed by Debtor Scott H Blumsack). (ag) (Entered: 01/30/2023) |
| 01/30/2023 | 204 (2 pgs) | Certification of No Transcript Ordered. Filed by Debtor Scott H Blumsack (RE: 201 Notice of Appeal and Statement of Election). (Lev, Dmitry) (Entered: 01/30/2023) |
| 01/30/2023 | 205 (7 pgs) | Motion filed by Debtor Scott H Blumsack to Stay Pending Appeal with certificate of service. (Lev, Dmitry) (Entered: 01/30/2023) |
| 01/31/2023 | 206 (1 pg) | Endorsed Order dated 1/31/2023 Re: 205 Motion filed by Debtor Scott H Blumsack to Stay Pending Appeal. DENIED. THE MOVANT HAS FAILED TO DEMONSTRATE THAT THERE IS A LIKELIHOOD OF SUCCESS ON THE MERITS OF THE APPEAL. SEE IN RE MIRAJ & SONS, INC., 201 B.R. 23, 26 (BANKR. D. MASS. 1996). (ag) (Entered: 01/31/2023) |
| 02/01/2023 | | Notice of Docketing Record on Appeal to BAP Case Number: 23-0003 Re: 201 Notice of Appeal and Statement of Election filed by Debtor Scott H Blumsack. (sl) (Entered: 02/01/2023) |
| 02/01/2023 | 207 (1 pg) | Notice of Dismissal For Other Reasons. (ag) (Entered: 02/01/2023) |
| 02/01/2023 | 208 (3 pgs) | Motion filed by Debtor Scott H Blumsack for Authority to Disburse Administrative Claim with certificate of service. (Lev, Dmitry) (Entered: 02/01/2023) |
| 02/01/2023 | | Ordered that the prior Standing Chapter 13 Trustee, Denise Pappalardo, is hereby discharged from any further duties as Chapter 13 Trustee. (ADI) |

| | | (Entered: 02/01/2023) |
|---|---|---|
| 02/02/2023 | [209](#)<br>(3 pgs) | BNC Certificate of Mailing - PDF Document. (Re: [206](#) Order on Motion To Stay Pending Appeal) Notice Date 02/02/2023. (Admin.) (Entered: 02/03/2023) |
| 02/03/2023 | | Notice is hereby given to the Chapter 13 Trustee pursuant to Standing Order 2012-01 of this Court that as of this date, there are no outstanding filing fees owed to the Court by the debtor. (ADI) (Entered: 02/03/2023) |
| 02/03/2023 | [210](#)<br>(4 pgs) | BNC Certificate of Mailing - Notice (Re: [207](#) Notice of Dismissal) Notice Date 02/03/2023. (Admin.) (Entered: 02/04/2023) |
| 02/08/2023 | [211](#)<br>(3 pgs) | Objection with certificate of service filed by Trustee David A. Mawhinney-Ch13 Re: [208](#) Motion filed by Debtor Scott H Blumsack to Disburse Administrative Claim with certificate of service. (Psilos, Joanne) (Entered: 02/08/2023) |
| 02/08/2023 | [212](#)<br>(1 pg) | TELEPHONIC Hearing Scheduled on 3/15/2023 at 12:00 PM Re: [208](#) Motion of Debtor for Authority to Disburse (spr) (Entered: 02/08/2023) |
| 02/09/2023 | [213](#)<br>(2 pgs) | Certificate of Service of Notice of Hearing (Re: [208](#) Motion to Disburse) filed by Debtor Scott H Blumsack (Lev, Dmitry) (Entered: 02/09/2023) |

| **PACER Service Center** | | |
|---|---|---|
| **Transaction Receipt** | | |
| 02/10/2023 13:04:33 | | |
| **PACER Login:** | elevatedpc | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 21-40248 Fil or Ent: filed Doc From: 0 Doc To: 99999999 Headers: included Format: html Page counts for documents: included |
| **Billable Pages:** | 18 | **Cost:** | 1.80 |

| Fill in this information to identify your case: |
|---|

United States Bankruptcy Court for the:

DISTRICT OF MASSACHUSETTS

Case number *(if known)* _____

Chapter you are filing under:

☐ Chapter 7

☐ Chapter 11

☐ Chapter 12

■ Chapter 13

☐ Check if this is an amended filing

## Official Form 101
# Voluntary Petition for Individuals Filing for Bankruptcy          04/20

The bankruptcy forms use *you* and *Debtor 1* to refer to a debtor filing alone. A married couple may file a bankruptcy case together—called a *joint case*—and in joint cases, these forms use *you* to ask for information from both debtors. For example, if a form asks, "Do you own a car," the answer would be *yes* if either debtor owns a car. When information is needed about the spouses separately, the form uses *Debtor 1* and *Debtor 2* to distinguish between them. In joint cases, one of the spouses must report information as *Debtor 1* and the other as *Debtor 2*. The same person must be *Debtor 1* in all of the forms.

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

| Part 1: | Identify Yourself |
|---|---|

|  | About Debtor 1: | About Debtor 2 (Spouse Only in a Joint Case): |
|---|---|---|
| **1. Your full name**<br><br>Write the name that is on your government-issued picture identification (for example, your driver's license or passport).<br><br>Bring your picture identification to your meeting with the trustee. | **Scott**<br>First name<br><br>**H**<br>Middle name<br><br>**Blumsack**<br>Last name and Suffix (Sr., Jr., II, III) | First name<br><br>Middle name<br><br>Last name and Suffix (Sr., Jr., II, III) |
| **2. All other names you have used in the last 8 years**<br>Include your married or maiden names. |  |  |
| **3. Only the last 4 digits of your Social Security number or federal Individual Taxpayer Identification number (ITIN)** | xxx-xx-0719 |  |

Debtor 1 **Scott H Blumsack**

Case number *(if known)*

| | About Debtor 1: | About Debtor 2 (Spouse Only in a Joint Case): |
|---|---|---|
| **4.** Any business names and **Employer Identification Numbers (EIN)** you have used in the last 8 years<br><br>Include trade names and *doing business as* names | ☐ I have not used any business name or EINs.<br><br>**DBA  Mass Athletics, LLC**<br>_____<br>Business name(s)<br><br>**27-4709258**<br>_____<br>EIN | ☐ I have not used any business name or EINs.<br><br>_____<br>Business name(s)<br><br>_____<br>EIN |
| **5.** Where you live | **2 Old Homestead Rd.**<br>**Groton, MA 01450**<br>_____<br>Number, Street, City, State & ZIP Code<br><br>**Middlesex**<br>_____<br>County<br><br>**If your mailing address is different from the one above, fill it in here.** Note that the court will send any notices to you at this mailing address.<br><br>_____<br>Number, P.O. Box, Street, City, State & ZIP Code | If Debtor 2 lives at a different address:<br><br>_____<br>Number, Street, City, State & ZIP Code<br><br>_____<br>County<br><br>**If Debtor 2's mailing address is different from yours, fill it in here.** Note that the court will send any notices to this mailing address.<br><br>_____<br>Number, P.O. Box, Street, City, State & ZIP Code |
| **6.** Why you are choosing *this district* to file for bankruptcy | *Check one:*<br><br>■ Over the last 180 days before filing this petition, I have lived in this district longer than in any other district.<br><br>☐ I have another reason.<br>Explain. (See 28 U.S.C. § 1408.)<br>_____ | *Check one:*<br><br>☐ Over the last 180 days before filing this petition, I have lived in this district longer than in any other district.<br><br>☐ I have another reason.<br>Explain. (See 28 U.S.C. § 1408.)<br>_____ |

Official Form 101          **Voluntary Petition for Individuals Filing for Bankruptcy**          page 2

Debtor 1    **Scott H Blumsack**                                    Case number *(if known)*

---

| Part 2: | **Tell the Court About Your Bankruptcy Case** |
|---|---|

**7.**  **The chapter of the Bankruptcy Code you are choosing to file under**

*Check one.* (For a brief description of each, see *Notice Required by 11 U.S.C. § 342(b) for Individuals Filing for Bankruptcy (Form 2010)).* Also, go to the top of page 1 and check the appropriate box.

☐ Chapter 7

☐ Chapter 11

☐ Chapter 12

■ Chapter 13

---

**8.**  **How you will pay the fee**

■ **I will pay the entire fee when I file my petition.** Please check with the clerk's office in your local court for more details about how you may pay. Typically, if you are paying the fee yourself, you may pay with cash, cashier's check, or money order. If your attorney is submitting your payment on your behalf, your attorney may pay with a credit card or check with a pre-printed address.

☐ **I need to pay the fee in installments.** If you choose this option, sign and attach the *Application for Individuals to Pay The Filing Fee in Installments* (Official Form 103A).

☐ **I request that my fee be waived** (You may request this option only if you are filing for Chapter 7. By law, a judge may, but is not required to, waive your fee, and may do so only if your income is less than 150% of the official poverty line that applies to your family size and you are unable to pay the fee in installments). If you choose this option, you must fill out the *Application to Have the Chapter 7 Filing Fee Waived* (Official Form 103B) and file it with your petition.

---

**9.**  **Have you filed for bankruptcy within the last 8 years?**

■ No.

☐ Yes.

| | District | When | Case number |
|---|---|---|---|
| District | _____ | When | _____ | Case number | _____ |
| District | _____ | When | _____ | Case number | _____ |
| District | _____ | When | _____ | Case number | _____ |

---

**10.**  **Are any bankruptcy cases pending or being filed by a spouse who is not filing this case with you, or by a business partner, or by an affiliate?**

☐ No

■ Yes.

| Debtor | **Brian S Blumsack** | Relationship to you | **LLC co-owner** |
|---|---|---|---|
| District | **Massachusetts** | When | **1/31/21** | Case number, if known | **21-10116-JEB** |
| Debtor | _____ | Relationship to you | _____ |
| District | _____ | When | _____ | Case number, if known | _____ |

---

**11.**  **Do you rent your residence?**

■ No.    Go to line 12.

☐ Yes.    Has your landlord obtained an eviction judgment against you?

　　☐ No. Go to line 12.

　　☐ Yes. Fill out *Initial Statement About an Eviction Judgment Against You* (Form 101A) and file it as part of this bankruptcy petition.

---

Official Form 101    **Voluntary Petition for Individuals Filing for Bankruptcy**    page 3

Debtor 1  **Scott H Blumsack**

Case number *(if known)*

---

| Part 3: | Report About Any Businesses You Own as a Sole Proprietor |
|---|---|

**12. Are you a sole proprietor of any full- or part-time business?**

A sole proprietorship is a business you operate as an individual, and is not a separate legal entity such as a corporation, partnership, or LLC.

If you have more than one sole proprietorship, use a separate sheet and attach it to this petition.

■ No.  Go to Part 4.

☐ Yes.  Name and location of business

_____
Name of business, if any

_____

_____
Number, Street, City, State & ZIP Code

*Check the appropriate box to describe your business:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ None of the above

---

**13. Are you filing under Chapter 11 of the Bankruptcy Code, and are you a *small business debtor or a debtor as defined by 11 U.S.C. § 1182(1)?***

For a definition of *small business debtor*, see 11 U.S.C. § 101(51D).

*If you are filing under Chapter 11, the court must know whether you are a small business debtor or a debtor choosing to proceed under Subchapter V so that it can set appropriate deadlines.* If you indicate that you are a small business debtor or you are choosing to proceed under Subchapter V, you must attach your most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

■ No.  I am not filing under Chapter 11.

☐ No.  I am filing under Chapter 11, but I am NOT a small business debtor according to the definition in the Bankruptcy Code.

☐ Yes.  I am filing under Chapter 11, I am a small business debtor according to the definition in the Bankruptcy Code, and I do not choose to proceed under Subchapter V of Chapter 11.

☐ Yes.  I am filing under Chapter 11, I am a debtor according to the definition in § 1182(1) of the Bankruptcy Code, and I choose to proceed under Subchapter V of Chapter 11.

---

| Part 4: | Report if You Own or Have Any Hazardous Property or Any Property That Needs Immediate Attention |
|---|---|

**14. Do you own or have any property that poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety? Or do you own any property that needs immediate attention?**

*For example, do you own perishable goods, or livestock that must be fed, or a building that needs urgent repairs?*

■ No.

☐ Yes.  What is the hazard?  _____

If immediate attention is needed, why is it needed?  _____

Where is the property?  _____

_____
Number, Street, City, State & Zip Code

---

Official Form 101       **Voluntary Petition for Individuals Filing for Bankruptcy**       page 4

Debtor 1    **Scott H Blumsack**

Case number *(if known)*

| **Part 5:** | Explain Your Efforts to Receive a Briefing About Credit Counseling |
| --- | --- |

| | **About Debtor 1:** | **About Debtor 2 (Spouse Only in a Joint Case):** |
| --- | --- | --- |

**15. Tell the court whether you have received a briefing about credit counseling.**

The law requires that you receive a briefing about credit counseling before you file for bankruptcy. You must truthfully check one of the following choices. If you cannot do so, you are not eligible to file.

If you file anyway, the court can dismiss your case, you will lose whatever filing fee you paid, and your creditors can begin collection activities again.

**About Debtor 1:**

*You must check one:*

☑ **I received a briefing from an approved credit counseling agency within the 180 days before I filed this bankruptcy petition, and I received a certificate of completion.**

Attach a copy of the certificate and the payment plan, if any, that you developed with the agency.

☐ **I received a briefing from an approved credit counseling agency within the 180 days before I filed this bankruptcy petition, but I do not have a certificate of completion.**

Within 14 days after you file this bankruptcy petition, you MUST file a copy of the certificate and payment plan, if any.

☐ **I certify that I asked for credit counseling services from an approved agency, but was unable to obtain those services during the 7 days after I made my request, and exigent circumstances merit a 30-day temporary waiver of the requirement.**

To ask for a 30-day temporary waiver of the requirement, attach a separate sheet explaining what efforts you made to obtain the briefing, why you were unable to obtain it before you filed for bankruptcy, and what exigent circumstances required you to file this case.

Your case may be dismissed if the court is dissatisfied with your reasons for not receiving a briefing before you filed for bankruptcy. If the court is satisfied with your reasons, you must still receive a briefing within 30 days after you file. You must file a certificate from the approved agency, along with a copy of the payment plan you developed, if any. If you do not do so, your case may be dismissed.

Any extension of the 30-day deadline is granted only for cause and is limited to a maximum of 15 days.

☐ **I am not required to receive a briefing about credit counseling because of:**

☐ **Incapacity.**
I have a mental illness or a mental deficiency that makes me incapable of realizing or making rational decisions about finances.

☐ **Disability.**
My physical disability causes me to be unable to participate in a briefing in person, by phone, or through the internet, even after I reasonably tried to do so.

☐ **Active duty.**
I am currently on active military duty in a military combat zone.

If you believe you are not required to receive a briefing about credit counseling, you must file a motion for waiver credit counseling with the court.

**About Debtor 2 (Spouse Only in a Joint Case):**

*You must check one:*

☐ **I received a briefing from an approved credit counseling agency within the 180 days before I filed this bankruptcy petition, and I received a certificate of completion.**

Attach a copy of the certificate and the payment plan, if any, that you developed with the agency.

☐ **I received a briefing from an approved credit counseling agency within the 180 days before I filed this bankruptcy petition, but I do not have a certificate of completion.**

Within 14 days after you file this bankruptcy petition, you MUST file a copy of the certificate and payment plan, if any.

☐ **I certify that I asked for credit counseling services from an approved agency, but was unable to obtain those services during the 7 days after I made my request, and exigent circumstances merit a 30-day temporary waiver of the requirement.**

To ask for a 30-day temporary waiver of the requirement, attach a separate sheet explaining what efforts you made to obtain the briefing, why you were unable to obtain it before you filed for bankruptcy, and what exigent circumstances required you to file this case.

Your case may be dismissed if the court is dissatisfied with your reasons for not receiving a briefing before you filed for bankruptcy.

If the court is satisfied with your reasons, you must still receive a briefing within 30 days after you file. You must file a certificate from the approved agency, along with a copy of the payment plan you developed, if any. If you do not do so, your case may be dismissed.

Any extension of the 30-day deadline is granted only for cause and is limited to a maximum of 15 days.

☐ **I am not required to receive a briefing about credit counseling because of:**

☐ **Incapacity.**
I have a mental illness or a mental deficiency that makes me incapable of realizing or making rational decisions about finances.

☐ **Disability.**
My physical disability causes me to be unable to participate in a briefing in person, by phone, or through the internet, even after I reasonably tried to do so.

☐ **Active duty.**
I am currently on active military duty in a military combat zone.

If you believe you are not required to receive a briefing about credit counseling, you must file a motion for waiver of credit counseling with the court.

Official Form 101          Voluntary Petition for Individuals Filing for Bankruptcy          page 5

Debtor 1    **Scott H Blumsack**

Case number *(if known)*

| Part 6: | Answer These Questions for Reporting Purposes |
|---|---|

**16. What kind of debts do you have?**

16a.   **Are your debts primarily consumer debts?** *Consumer debts* are defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose."

☑ No. Go to line 16b.

☐ Yes. Go to line 17.

16b.   **Are your debts primarily business debts?** *Business debts* are debts that you incurred to obtain money for a business or investment or through the operation of the business or investment.

☐ No. Go to line 16c.

☑ Yes. Go to line 17.

16c.   State the type of debts you owe that are not consumer debts or business debts

_____

**17. Are you filing under Chapter 7?**

☑ No.   I am not filing under Chapter 7. Go to line 18.

**Do you estimate that after any exempt property is excluded and administrative expenses are paid that funds will be available for distribution to unsecured creditors?**

☐ Yes.   I am filing under Chapter 7. Do you estimate that after any exempt property is excluded and administrative expenses are paid that funds will be available to distribute to unsecured creditors?

☐ No

☐ Yes

**18. How many Creditors do you estimate that you owe?**

| | | |
|---|---|---|
| ☑ 1-49 | ☐ 1,000-5,000 | ☐ 25,001-50,000 |
| ☐ 50-99 | ☐ 5001-10,000 | ☐ 50,001-100,000 |
| ☐ 100-199 | ☐ 10,001-25,000 | ☐ More than100,000 |
| ☐ 200-999 | | |

**19. How much do you estimate your assets to be worth?**

| | | |
|---|---|---|
| ☐ $0 - $50,000 | ☐ $1,000,001 - $10 million | ☐ $500,000,001 - $1 billion |
| ☐ $50,001 - $100,000 | ☐ $10,000,001 - $50 million | ☐ $1,000,000,001 - $10 billion |
| ☐ $100,001 - $500,000 | ☐ $50,000,001 - $100 million | ☐ $10,000,000,001 - $50 billion |
| ☑ $500,001 - $1 million | ☐ $100,000,001 - $500 million | ☐ More than $50 billion |

**20. How much do you estimate your liabilities to be?**

| | | |
|---|---|---|
| ☐ $0 - $50,000 | ☑ $1,000,001 - $10 million | ☐ $500,000,001 - $1 billion |
| ☐ $50,001 - $100,000 | ☐ $10,000,001 - $50 million | ☐ $1,000,000,001 - $10 billion |
| ☐ $100,001 - $500,000 | ☐ $50,000,001 - $100 million | ☐ $10,000,000,001 - $50 billion |
| ☐ $500,001 - $1 million | ☐ $100,000,001 - $500 million | ☐ More than $50 billion |

| Part 7: | Sign Below |
|---|---|

**For you**

I have examined this petition, and I declare under penalty of perjury that the information provided is true and correct.

If I have chosen to file under Chapter 7, I am aware that I may proceed, if eligible, under Chapter 7, 11,12, or 13 of title 11, United States Code. I understand the relief available under each chapter, and I choose to proceed under Chapter 7.

If no attorney represents me and I did not pay or agree to pay someone who is not an attorney to help me fill out this document, I have obtained and read the notice required by 11 U.S.C. § 342(b).

I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I understand making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $250,000, or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**/s/ Scott H Blumsack**

_____          _____
**Scott H Blumsack**                          Signature of Debtor 2
Signature of Debtor 1

Executed on    **April 1, 2021**                Executed on    _____
MM / DD / YYYY                                 MM / DD / YYYY

Official Form 101         Voluntary Petition for Individuals Filing for Bankruptcy         page 6

Debtor 1   **Scott H Blumsack**                                                    Case number *(if known)*

| | |
|---|---|
| **For your attorney, if you are represented by one** | I, the attorney for the debtor(s) named in this petition, declare that I have informed the debtor(s) about eligibility to proceed under Chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each chapter for which the person is eligible.  I also certify that I have delivered to the debtor(s) the notice required by 11 U.S.C. § 342(b) and, in a case in which § 707(b)(4)(D) applies, certify that I have no knowledge after an inquiry that the information in the schedules filed with the petition is incorrect. |
| **If you are not represented by an attorney, you do not need to file this page.** | |

**/s/ Dmitry Lev**                                          Date      **April 1, 2021**
Signature of Attorney for Debtor                                      MM / DD / YYYY

**Dmitry Lev 665236**
Printed name

**Law Offices of D. Lev, PC**
Firm name

**134 Main St.**
**Watertown, MA 02472**
Number, Street, City, State & ZIP Code

Contact phone   **617-556-9990**              Email address   **dlev@levlaw.net**

**665236 MA**
Bar number & State

Official Form 101          **Voluntary Petition for Individuals Filing for Bankruptcy**          page 7

# United States Bankruptcy Court
### District of Massachusetts

In re    **Scott H Blumsack**                       Case No.

                                   Debtor(s)        Chapter    **13**

# VERIFICATION OF CREDITOR MATRIX

The above-named Debtor hereby verifies that the attached list of creditors is true and correct to the best of his/her knowledge.

Date:    **April 1, 2021**                        **/s/ Scott H Blumsack**

                                              **Scott H Blumsack**

                                              Signature of Debtor

Brian R. Brazell
34 Olive St.
Winchester, MA 01890

Brian S. Blumsack
1 Drummond Rd.
Stoneham, MA 02180

Capital One
PO Box 30285
Salt Lake City, UT 84130-0285

Century Bank
400 Mystic Ave.
Medford, MA 02155

Chase
PO Box 15298
Wilmington, DE 19850-5298

Citi Cards
PO Box 6500
Sioux Falls, SD 57117

Danielle Froio-Blumsack
2 Old Homestead Rd.
Groton, MA 01450

Discover
PO Box 30943
Salt Lake City, UT 84130

Emerson Dental, PC
133 Littleton Rd., Ste 201
Westford, MA 01886

Flagstar Bank FSB
5151 Corporate Dr.
Troy, MI 48098

Hanscom Federal Credit Union
25 Porter Road, Ste 100
Littleton, MA 01460-1434

Kevin M. Rielly
29 Maple St.
West Newbury, MA 01985

Mass Athletics, LLC
2 Old Homestead Rd.
Groton, MA 01450

Matthew T. McDonough, Esq.
482 Broadway
Somerville, MA 02145

```
Navient
PO Box 9635
Wilkes-Barre, PA 18773-9635

Steven A. Grant, Esq.
Law Office of Steven A. Grant
200 Walnut St
Suite 2E
Saugus, MA 01906

The Graphic Edge, LLC
155 Seward Rd.
PO Box 757
Rutland, VT 05702

Transworld Systems, Inc.
500 Virginia Dr., Ste 514
Fort Washington, PA 19034

US Bank National Association ND
PO Box 6352
Fargo, ND 58125-6352
```

**Part 6:**  **Answer These Questions for Reporting Purposes**

| 16. | What kind of debts do you have? | 16a. | Are your debts primarily consumer debts? *Consumer debts* are defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose." |
|---|---|---|---|

■ No. Go to line 16b.

☐ Yes. Go to line 17.

16b.  Are your debts primarily business debts? *Business debts* are debts that you incurred to obtain money for a business or investment or through the operation of the business or investment.

☐ No. Go to line 16c.

■ Yes. Go to line 17.

16c.  State the type of debts you owe that are not consumer debts or business debts

---

**17. Are you filing under Chapter 7?**

■ No.  I am not filing under Chapter 7. Go to line 18.

Do you estimate that after any exempt property is excluded and administrative expenses are paid that funds will be available for distribution to unsecured creditors?

☐ Yes.  I am filing under Chapter 7. Do you estimate that after any exempt property is excluded and administrative expenses are paid that funds will be available to distribute to unsecured creditors?

☐ No

☐ Yes

---

**18. How many Creditors do you estimate that you owe?**

■ 1-49
☐ 50-99
☐ 100-199
☐ 200-999

☐ 1,000-5,000
☐ 5001-10,000
☐ 10,001-25,000

☐ 25,001-50,000
☐ 50,001-100,000
☐ More than 100,000

---

**19. How much do you estimate your assets to be worth?**

☐ $0 - $50,000
☐ $50,001 - $100,000
☐ $100,001 - $500,000
■ $500,001 - $1 million

☐ $1,000,001 - $10 million
☐ $10,000,001 - $50 million
☐ $50,000,001 - $100 million
☐ $100,000,001 - $500 million

☐ $500,000,001 - $1 billion
☐ $1,000,000,001 - $10 billion
☐ $10,000,000,001 - $50 billion
☐ More than $50 billion

---

**20. How much do you estimate your liabilities to be?**

☐ $0 - $50,000
☐ $50,001 - $100,000
☐ $100,001 - $500,000
☐ $500,001 - $1 million

■ $1,000,001 - $10 million
☐ $10,000,001 - $50 million
☐ $50,000,001 - $100 million
☐ $100,000,001 - $500 million

☐ $500,000,001 - $1 billion
☐ $1,000,000,001 - $10 billion
☐ $10,000,000,001 - $50 billion
☐ More than $50 billion

---

**Part 7:**  **Sign Below**

**For you**

I have examined this petition, and I declare under penalty of perjury that the information provided is true and correct.

If I have chosen to file under Chapter 7, I am aware that I may proceed, if eligible, under Chapter 7, 11,12, or 13 of title 11, United States Code. I understand the relief available under each chapter, and I choose to proceed under Chapter 7.

If no attorney represents me and I did not pay or agree to pay someone who is not an attorney to help me fill out this document, I have obtained and read the notice required by 11 U.S.C. § 342(b).

I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I understand making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $250,000, or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

| Scott H Blumsack | Signature of Debtor 2 |
|---|---|
| Signature of Debtor 1 | |

Executed on  **April 1, 2021**        Executed on
MM / DD / YYYY               MM / DD / YYYY

| Fill in this information to identify your case: | | |
|---|---|---|

| Debtor 1 | **Scott H Blumsack** | | |
|---|---|---|---|
| | First Name | Middle Name | Last Name |
| Debtor 2 | | | |
| (Spouse if, filing) | First Name | Middle Name | Last Name |
| United States Bankruptcy Court for the: | DISTRICT OF MASSACHUSETTS | | |
| Case number | 21-40248 | | |
| (if known) | | | |

☐ Check if this is an
amended filing

## Official Form 106Sum
## Summary of Your Assets and Liabilities and Certain Statistical Information    12/15

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. Fill out all of your schedules first; then complete the information on this form. If you are filing amended schedules after you file your original forms, you must fill out a new *Summary* and check the box at the top of this page.

### Part 1:    Summarize Your Assets

| | **Your assets**<br>Value of what you own |
|---|---|
| 1.    **Schedule A/B: Property** (Official Form 106A/B)<br>1a. Copy line 55, Total real estate, from Schedule A/B.............................................................. | $    663,927.00 |
| 1b. Copy line 62, Total personal property, from Schedule A/B........................................................ | $    81,403.80 |
| 1c. Copy line 63, Total of all property on Schedule A/B................................................................ | $    745,330.80 |

### Part 2:    Summarize Your Liabilities

| | **Your liabilities**<br>Amount you owe |
|---|---|
| 2.    *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 106D)<br>2a. Copy the total you listed in Column A, *Amount of claim,* at the bottom of the last page of Part 1 of *Schedule D...* | $    459,497.00 |
| 3.    *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 106E/F)<br>3a. Copy  the total claims from Part 1 (priority unsecured claims) from line 6e of *Schedule E/F*................................ | $    0.00 |
| 3b. Copy  the total claims from Part 2 (nonpriority unsecured claims) from line 6j of *Schedule E/F*............................ | $    557,297.94 |
| **Your total liabilities** | $    1,016,794.94 |

### Part 3:    Summarize Your Income and Expenses

| | |
|---|---|
| 4.    *Schedule I: Your Income* (Official Form 106I)<br>Copy your combined monthly income from line 12 of *Schedule I*.............................................................. | $    7,696.84 |
| 5.    *Schedule J: Your Expenses* (Official Form 106J)<br>Copy your monthly expenses from line 22c of *Schedule J*.............................................................. | $    7,446.00 |

### Part 4:    Answer These Questions for Administrative and Statistical Records

6.    **Are you filing for bankruptcy under Chapters 7, 11, or 13?**

☐    No. You have nothing to report on this part of the form. Check this box and submit this form to the court with your other schedules.

■    Yes

7.    **What kind of debt do you have?**

☐    **Your debts are primarily consumer debts.** *Consumer debts* are those "incurred by an individual primarily for a personal, family, or household purpose." 11 U.S.C. § 101(8). Fill out lines 8-9g for statistical purposes. 28 U.S.C. § 159.

■    **Your debts are not primarily consumer debts.** You have nothing to report on this part of the form. *Check this box* and submit this form to the court with your other schedules.

Official Form 106Sum              Summary of Your Assets and Liabilities and Certain Statistical Information              page 1 of 2

Debtor 1    __Scott H Blumsack__                                              Case number *(if known)*    __21-40248__

8.    **From the** *Statement of Your Current Monthly Income*: Copy your total current monthly income from Official Form
      122A-1 Line 11; **OR**, Form 122B Line 11; **OR**, Form 122C-1 Line 14.                                    $ _____

9.    **Copy the following special categories of claims from Part 4, line 6 of** *Schedule E/F*:

| **From Part 4 on** *Schedule E/F*, **copy the following:** | **Total claim** |
|---|---|
| 9a. Domestic support obligations (Copy line 6a.) | $ _____ |
| 9b. Taxes and certain other debts you owe the government. (Copy line 6b.) | $ _____ |
| 9c. Claims for death or personal injury while you were intoxicated. (Copy line 6c.) | $ _____ |
| 9d. Student loans. (Copy line 6f.) | $ _____ |
| 9e. Obligations arising out of a separation agreement or divorce that you did not report as priority claims. (Copy line 6g.) | $ _____ |
| 9f. Debts to pension or profit-sharing plans, and other similar debts. (Copy line 6h.) | +$ _____ |

9g. **Total.** Add lines 9a through 9f.                          $ _____

| Fill in this information to identify your case and this filing: | |
|---|---|

| Debtor 1 | **Scott H Blumsack** | | |
|---|---|---|---|
| | First Name | Middle Name | Last Name |
| Debtor 2 | | | |
| (Spouse, if filing) | First Name | Middle Name | Last Name |
| United States Bankruptcy Court for the: | DISTRICT OF MASSACHUSETTS | | |
| Case number | 21-40248 | | |

☐ Check if this is an
amended filing

## Official Form 106A/B
# Schedule A/B: Property
**12/15**

In each category, separately list and describe items. List an asset only once. If an asset fits in more than one category, list the asset in the category where you think it fits best. Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

**Part 1:** Describe Each Residence, Building, Land, or Other Real Estate You Own or Have an Interest In

1. **Do you own or have any legal or equitable interest in any residence, building, land, or similar property?**

☐ No. Go to Part 2.

■ Yes. Where is the property?

| 1.1 | | | |
|---|---|---|---|
| **2 Old Homestead Rd.** | | | |
| Street address, if available, or other description | | | |

**What is the property?** Check all that apply

■ Single-family home
☐ Duplex or multi-unit building
☐ Condominium or cooperative
☐ Manufactured or mobile home
☐ Land
☐ Investment property
☐ Timeshare
☐ Other

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.*

| **Groton** | **MA** | **01450-0000** |
|---|---|---|
| City | State | ZIP Code |

**Current value of the entire property?**
$663,927.00

**Current value of the portion you own?**
$663,927.00

**Who has an interest in the property?** Check one

☐ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
■ At least one of the debtors and another

**Describe the nature of your ownership interest** (such as fee simple, tenancy by the entireties, or a life estate), if known.

**Tenants by Entirety**

| **Middlesex** |
|---|
| County |

☐ Check if this is community property (see instructions)

Other information you wish to add about this item, such as local property identification number:

2. **Add the dollar value of the portion you own for all of your entries from Part 1, including any entries for pages you have attached for Part 1. Write that number here.........................................................................=>**

| $663,927.00 |
|---|

**Part 2:** Describe Your Vehicles

**Do you own, lease, or have legal or equitable interest in any vehicles, whether they are registered or not?** Include any vehicles you own that someone else drives. If you lease a vehicle, also report it on *Schedule G: Executory Contracts and Unexpired Leases.*

Debtor 1    **Scott H Blumsack**                                    Case number *(if known)*   **21-40248**

3.  **Cars, vans, trucks, tractors, sport utility vehicles, motorcycles**

☐ No
■ Yes

| | | | |
|---|---|---|---|
| 3.1 | Make: | **Mitsubishi** | |
| | Model: | **Outlander** | |
| | Year: | **2010** | |
| | Approximate mileage: | **140,000** | |
| | Other information: | | |

**Failed inspection, off the road, not insured.**

**Who has an interest in the property?** Check one

■ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another

☐ Check if this is community property
(see instructions)

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.*

| Current value of the entire property? | Current value of the portion you own? |
|---|---|
| **$2,500.00** | **$2,500.00** |

4.  **Watercraft, aircraft, motor homes, ATVs and other recreational vehicles, other vehicles, and accessories**
    *Examples:* Boats, trailers, motors, personal watercraft, fishing vessels, snowmobiles, motorcycle accessories

■ No
☐ Yes

5   Add the dollar value of the portion you own for all of your entries from Part 2, including any entries for pages you have attached for Part 2. Write that number here.......................................................=>

**$2,500.00**

| **Part 3:** | **Describe Your Personal and Household Items** |
|---|---|

Do you own or have any legal or equitable interest in any of the following items?

Current value of the portion you own?
Do not deduct secured claims or exemptions.

6.  **Household goods and furnishings**
    *Examples:* Major appliances, furniture, linens, china, kitchenware
☐ No
■ Yes. Describe.....

**Usual Household Goods and Furnishings (owned jointly with non-filing spouse, Debtor's Interest reflected at 50% FMV)**

**$7,500.00**

7.  **Electronics**
    *Examples:* Televisions and radios; audio, video, stereo, and digital equipment; computers, printers, scanners; music collections; electronic devices
    including cell phones, cameras, media players, games
☐ No
■ Yes.  Describe.....

**5 TVs (owned jointly with non-filing spouse, Debtor's Interest reflected at 50% FMV), iMac, iPhone 10, Camera**

**$1,500.00**

8.  **Collectibles of value**
    *Examples:* Antiques and figurines; paintings, prints, or other artwork; books, pictures, or other art objects; stamp, coin, or baseball card collections; other collections, memorabilia, collectibles
■ No
☐ Yes.  Describe.....

9.  **Equipment for sports and hobbies**
    *Examples:* Sports, photographic, exercise, and other hobby equipment; bicycles, pool tables, golf clubs, skis; canoes and kayaks; carpentry tools; musical instruments
☐ No
■ Yes.  Describe.....

Debtor 1    **Scott H Blumsack**                                          Case number *(if known)*   **21-40248**

| | |
|---|---|
| Guitars, ukuleles, musical equipment, sporting goods, bike | $2,500.00 |

**10. Firearms**
*Examples:* Pistols, rifles, shotguns, ammunition, and related equipment
☐ No
☒ Yes.  Describe.....

| | |
|---|---|
| 3 handguns (stored at Debtor's father's house) with accessories | $3,000.00 |

**11. Clothes**
*Examples:* Everyday clothes, furs, leather coats, designer wear, shoes, accessories
☐ No
☒ Yes.  Describe.....

| | |
|---|---|
| Men's Apparel | $700.00 |

**12. Jewelry**
*Examples:* Everyday jewelry, costume jewelry, engagement rings, wedding rings, heirloom jewelry, watches, gems, gold, silver
☐ No
☒ Yes.  Describe.....

| | |
|---|---|
| Wedding band, watch | $1,075.00 |

**13. Non-farm animals**
*Examples:* Dogs, cats, birds, horses
☐ No
☒ Yes.  Describe.....

| | |
|---|---|
| Dog | $0.00 |

**14. Any other personal and household items you did not already list, including any health aids you did not list**
☒ No
☐ Yes.  Give specific information.....

**15.** Add the dollar value of all of your entries from Part 3, including any entries for pages you have attached for Part 3. Write that number here ............................................................................

$16,275.00

**Part 4:    Describe Your Financial Assets**

| Do you own or have any legal or equitable interest in any of the following? | Current value of the portion you own? Do not deduct secured claims or exemptions. |
|---|---|

**16. Cash**
*Examples:* Money you have in your wallet, in your home, in a safe deposit box, and on hand when you file your petition
☐ No
☒ Yes...........................................................................................................

|  |  |
|---|---|
| Cash | $20.00 |

**17. Deposits of money**
*Examples:* Checking, savings, or other financial accounts; certificates of deposit; shares in credit unions, brokerage houses, and other similar institutions. If you have multiple accounts with the same institution, list each.
☐ No
☒ Yes.......................    Institution name:

Official Form 106A/B                    Schedule A/B: Property                                   page 3

| Debtor 1 | **Scott H Blumsack** | Case number *(if known)* | **21-40248** |

| | 17.1. | **Checking** | **Citizens Bank (Joint) (actual balance on filing date was $73,429.60, however funds in excess of $85.17 are attributable to non-filing spouse's retirement withdrawal/rollover, and those funds do not belong to the Debtor)** | **$85.17** |
|---|---|---|---|---|
| | 17.2. | **Savings** | **Citizens Bank (Joint)** | **$900.00** |

**18. Bonds, mutual funds, or publicly traded stocks**
  *Examples:* Bond funds, investment accounts with brokerage firms, money market accounts
  ☑ No
  ☐ Yes.................  Institution or issuer name:

**19. Non-publicly traded stock and interests in incorporated and unincorporated businesses, including an interest in an LLC, partnership, and joint venture**
  ☐ No
  ☑ Yes.  Give specific information about them....................

| | Name of entity: | % of ownership: | |
|---|---|---|---|
| | **Mass Athletics, LLC** | **50** % | **$0.00** |

**20. Government and corporate bonds and other negotiable and non-negotiable instruments**
  *Negotiable instruments* include personal checks, cashiers' checks, promissory notes, and money orders.
  *Non-negotiable instruments* are those you cannot transfer to someone by signing or delivering them.
  ☑ No
  ☐ Yes. Give specific information about them
      Issuer name:

**21. Retirement or pension accounts**
  *Examples:* Interests in IRA, ERISA, Keogh, 401(k), 403(b), thrift savings accounts, or other pension or profit-sharing plans
  ☐ No
  ☑ Yes. List each account separately.

| | Type of account: | Institution name: | |
|---|---|---|---|
| | **Defined Contribution 401(a)** | **YMCA Retirement Fund** | **$48,823.04** |
| | **State Retirement** | **Massachusetts Deferred Compensation SMART Plan** | **$2,094.59** |

**22. Security deposits and prepayments**
  Your share of all unused deposits you have made so that you may continue service or use from a company
  *Examples:* Agreements with landlords, prepaid rent, public utilities (electric, gas, water), telecommunications companies, or others
  ☑ No
  ☐ Yes. ....................  Institution name or individual:

**23. Annuities** (A contract for a periodic payment of money to you, either for life or for a number of years)
  ☑ No
  ☐ Yes............  Issuer name and description.

**24. Interests in an education IRA, in an account in a qualified ABLE program, or under a qualified state tuition program.**
  26 U.S.C. §§ 530(b)(1), 529A(b), and 529(b)(1).
  ☑ No
  ☐ Yes............  Institution name and description. Separately file the records of any interests.11 U.S.C. § 521(c):

**25. Trusts, equitable or future interests in property (other than anything listed in line 1), and rights or powers exercisable for your benefit**
  ☑ No
  ☐ Yes.  Give specific information about them...

| Debtor 1 | **Scott H Blumsack** | | Case number *(if known)* | **21-40248** |

**26. Patents, copyrights, trademarks, trade secrets, and other intellectual property**
 *Examples:* Internet domain names, websites, proceeds from royalties and licensing agreements

☑ No
☐ Yes. Give specific information about them...

**27. Licenses, franchises, and other general intangibles**
 *Examples:* Building permits, exclusive licenses, cooperative association holdings, liquor licenses, professional licenses

☑ No
☐ Yes. Give specific information about them...

| Money or property owed to you? | Current value of the portion you own? Do not deduct secured claims or exemptions. |
|---|---|

**28. Tax refunds owed to you**
 ☐ No
 ☑ Yes. Give specific information about them, including whether you already filed the returns and the tax years.......

| Potential tax refunds for 2019-2020 | State and Federal | $2,000.00 |

**29. Family support**
 *Examples:* Past due or lump sum alimony, spousal support, child support, maintenance, divorce settlement, property settlement

☑ No
☐ Yes. Give specific information......

**30. Other amounts someone owes you**
 *Examples:* Unpaid wages, disability insurance payments, disability benefits, sick pay, vacation pay, workers' compensation, Social Security benefits; unpaid loans you made to someone else

☐ No
☑ Yes. Give specific information..

| Denied Unemployment Claims (Nov 2020 - filing date) (estimated) | $8,706.00 |

**31. Interests in insurance policies**
 *Examples:* Health, disability, or life insurance; health savings account (HSA); credit, homeowner's, or renter's insurance

☐ No
☑ Yes. Name the insurance company of each policy and list its value.

| Company name: | Beneficiary: | Surrender or refund value: |
|---|---|---|
| **Auto and Homeowners insurance joint w non-filing spouse** | **Debtor and Spouse** | $0.00 |
| **Health Insurance under non-filing spouse** | **Debtor and Spouse** | $0.00 |

**32. Any interest in property that is due you from someone who has died**
 If you are the beneficiary of a living trust, expect proceeds from a life insurance policy, or are currently entitled to receive property because someone has died.

☑ No
☐ Yes. Give specific information..

**33. Claims against third parties, whether or not you have filed a lawsuit or made a demand for payment**
 *Examples:* Accidents, employment disputes, insurance claims, or rights to sue

☑ No

| Debtor 1 | **Scott H Blumsack** | Case number *(if known)* | 21-40248 |
|---|---|---|---|

☐ Yes. Describe each claim.........

**34. Other contingent and unliquidated claims of every nature, including counterclaims of the debtor and rights to set off claims**

☐ No

☑ Yes. Describe each claim.........

| Potential Counterclaims in Rielly, Kevin M et al vs. Blumsack, Scott H et al, Docket No. 1581CV03645. | **Unknown** |
|---|---|

**35. Any financial assets you did not already list**

☑ No

☐ Yes. Give specific information..

**36.** Add the dollar value of all of your entries from Part 4, including any entries for pages you have attached for Part 4. Write that number here...................................................................................................................

| **$62,628.80** |
|---|

---

**Part 5:** Describe Any Business-Related Property You Own or Have an Interest In. List any real estate in Part 1.

**37. Do you own or have any legal or equitable interest in any business-related property?**

☐ No. Go to Part 6.

☑ Yes. Go to line 38.

**Current value of the portion you own?**
Do not deduct secured claims or exemptions.

**38. Accounts receivable or commissions you already earned**

☑ No

☐ Yes. Describe.....

**39. Office equipment, furnishings, and supplies**

*Examples:* Business-related computers, software, modems, printers, copiers, fax machines, rugs, telephones, desks, chairs, electronic devices

☐ No

☑ Yes. Describe.....

| Printer and radar gun from the sports facility owned by Mass Athletics, LLC, worth approx $1000. Debtor does not directly own these supplies, Debtor's interest reflected as $0. | **$0.00** |
|---|---|

**40. Machinery, fixtures, equipment, supplies you use in business, and tools of your trade**

☑ No

☐ Yes. Describe.....

**41. Inventory**

☑ No

☐ Yes. Describe.....

**42. Interests in partnerships or joint ventures**

☑ No

☐ Yes. Give specific information about them...................

Name of entity:                                    % of ownership:

---

Official Form 106A/B                    Schedule A/B: Property                    page 6

| Debtor 1 | **Scott H Blumsack** | Case number *(if known)* | 21-40248 |

**43. Customer lists, mailing lists, or other compilations**

■ No.

☐ **Do your lists include personally identifiable information** (as defined in 11 U.S.C. § 101(41A))?

■ No

☐ Yes.  Describe.....

**44. Any business-related property you did not already list**

■ No

☐ Yes. Give specific information.........

**45. Add the dollar value of all of your entries from Part 5, including any entries for pages you have attached for Part 5. Write that number here**............................................................................................................... | **$0.00**

| **Part 6:** | Describe Any Farm- and Commercial Fishing-Related Property You Own or Have an Interest In. |
| | If you own or have an interest in farmland, list it in Part 1. |

**46. Do you own or have any legal or equitable interest in any farm- or commercial fishing-related property?**

■ No. Go to Part 7.

☐ Yes.  Go to line 47.

| **Part 7:** | Describe All Property You Own or Have an Interest in That You Did Not List Above |

**53. Do you have other property of any kind you did not already list?**

*Examples:* Season tickets, country club membership

■ No

☐ Yes. Give specific information.........

**54. Add the dollar value of all of your entries from Part 7. Write that number here** ................................... | **$0.00**

| **Part 8:** | List the Totals of Each Part of this Form |

| 55. | **Part 1: Total real estate, line 2** ............................................................................................................ | | **$663,927.00** |
| 56. | **Part 2: Total vehicles, line 5** | **$2,500.00** | |
| 57. | **Part 3: Total personal and household items, line 15** | **$16,275.00** | |
| 58. | **Part 4: Total financial assets, line 36** | **$62,628.80** | |
| 59. | **Part 5: Total business-related property, line 45** | **$0.00** | |
| 60. | **Part 6: Total farm- and fishing-related property, line 52** | **$0.00** | |
| 61. | **Part 7: Total other property not listed, line 54** | + **$0.00** | |
| 62. | **Total personal property.** Add lines 56 through 61... | **$81,403.80** | Copy personal property total | **$81,403.80** |
| 63. | **Total of all property on Schedule A/B.** Add line 55 + line 62 | | **$745,330.80** |

| Fill in this information to identify your case: | | | |
|---|---|---|---|
| Debtor 1 | **Scott H Blumsack** | | |
| | First Name | Middle Name | Last Name |
| Debtor 2 | | | |
| (Spouse if, filing) | First Name | Middle Name | Last Name |
| United States Bankruptcy Court for the: | DISTRICT OF MASSACHUSETTS | | |
| Case number | **21-40248** | | |
| (if known) | | | |

☐ Check if this is an amended filing

## Official Form 106C
# Schedule C: The Property You Claim as Exempt                                   4/19

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. Using the property you listed on *Schedule A/B: Property* (Official Form 106A/B) as your source, list the property that you claim as exempt. If more space is needed, fill it out and attach to this page as many copies of *Part 2: Additional Page* as necessary. On the top of any additional pages, write your name and case number (if known).

**For each item of property you claim as exempt, you must specify the amount of the exemption you claim. One way of doing so is to state a specific dollar amount as exempt. Alternatively, you may claim the full fair market value of the property being exempted up to the amount of any applicable statutory limit. Some exemptions—such as those for health aids, rights to receive certain benefits, and tax-exempt retirement funds—may be unlimited in dollar amount. However, if you claim an exemption of 100% of fair market value under a law that limits the exemption to a particular dollar amount and the value of the property is determined to exceed that amount, your exemption would be limited to the applicable statutory amount.**

### Part 1:    Identify the Property You Claim as Exempt

1. **Which set of exemptions are you claiming?** *Check one only, even if your spouse is filing with you.*

    ☑ You are claiming state and federal nonbankruptcy exemptions.   11 U.S.C. § 522(b)(3)

    ☐ You are claiming federal exemptions.   11 U.S.C. § 522(b)(2)

2. **For any property you list on *Schedule A/B* that you claim as exempt, fill in the information below.**

| Brief description of the property and line on *Schedule A/B* that lists this property | Current value of the portion you own Copy the value from *Schedule A/B* | Amount of the exemption you claim *Check only one box for each exemption.* | Specific laws that allow exemption |
|---|---|---|---|
| **2 Old Homestead Rd. Groton, MA 01450  Middlesex County** Line from *Schedule A/B*: **1.1** | $663,927.00 | ☑  $500,000.00 ☐ 100% of fair market value, up to any applicable statutory limit | Mass. Gen. Laws c.188, §§ 1, 3 |
| **2010 Mitsubishi Outlander 140,000 miles Failed inspection, off the road, not insured.** Line from *Schedule A/B*: **3.1** | $2,500.00 | ☑  $2,500.00 ☐ 100% of fair market value, up to any applicable statutory limit | Mass. Gen. Laws c. 235, § 34(16) |
| **Usual Household Goods and Furnishings (owned joinly with non-filing spouse, Debtor's Interest reflected at 50% FMV)** Line from *Schedule A/B*: **6.1** | $7,500.00 | ☑  $7,500.00 ☐ 100% of fair market value, up to any applicable statutory limit | Mass. Gen. Laws c.235, § 34(2) |
| **5 TVs (owned joinly with non-filing spouse, Debtor's Interest reflected at 50% FMV), iMac, iPhone 10, Camera** Line from *Schedule A/B*: **7.1** | $1,500.00 | ☑  $1,500.00 ☐ 100% of fair market value, up to any applicable statutory limit | Mass. Gen. Laws c.235, § 34(2) |
| **Guitars, ukuleles, musical equipment, sporting goods, bike** Line from *Schedule A/B*: **9.1** | $2,500.00 | ☑  $2,500.00 ☐ 100% of fair market value, up to any applicable statutory limit | Mass. Gen. Laws c. 235, § 34(17) |

Official Form 106C                **Schedule C: The Property You Claim as Exempt**                page 1 of 3

| Debtor 1 | **Scott H Blumsack** | | Case number (if known) | **21-40248** |

| Brief description of the property and line on *Schedule A/B* that lists this property | Current value of the portion you own<br><br>Copy the value from *Schedule A/B* | Amount of the exemption you claim<br><br>*Check only one box for each exemption.* | Specific laws that allow exemption |
|---|---|---|---|
| **3 handguns (stored at Debtor's father's house) with accessories**<br>Line from *Schedule A/B*: **10.1** | $3,000.00 | ■ $3,000.00<br>☐ 100% of fair market value, up to any applicable statutory limit | **Mass. Gen. Laws c. 235, § 34(17)** |
| **Men's Apparel**<br>Line from *Schedule A/B*: **11.1** | $700.00 | ■ $700.00<br>☐ 100% of fair market value, up to any applicable statutory limit | **Mass. Gen. Laws c.235, § 34(1)** |
| **Wedding band, watch**<br>Line from *Schedule A/B*: **12.1** | $1,075.00 | ■ $1,075.00<br>☐ 100% of fair market value, up to any applicable statutory limit | **Mass. Gen. Laws c. 235, § 34(18)** |
| **Cash**<br>Line from *Schedule A/B*: **16.1** | $20.00 | ■ $20.00<br>☐ 100% of fair market value, up to any applicable statutory limit | **Mass. Gen. Laws c. 235, § 34(15)** |
| **Checking: Citizens Bank (Joint) (actual balance on filing date was $73,429.60, however funds in excess of $85.17 are attributable to non-filing spouse's retirement withdrawal/rollover, and those funds do not belong to the Debtor)**<br>Line from *Schedule A/B*: **17.1** | $85.17 | ■ $85.17<br>☐ 100% of fair market value, up to any applicable statutory limit | **Mass. Gen. Laws c. 235, § 34(15)** |
| **Savings: Citizens Bank (Joint)**<br>Line from *Schedule A/B*: **17.2** | $900.00 | ■ $900.00<br>☐ 100% of fair market value, up to any applicable statutory limit | **Mass. Gen. Laws c. 235, § 34(15)** |
| **Defined Contribution 401(a): YMCA Retirement Fund**<br>Line from *Schedule A/B*: **21.1** | $48,823.04 | ■ 100%<br>☐ 100% of fair market value, up to any applicable statutory limit | **Mass. Gen. Laws 235 § 34A** |
| **State Retirement: Massachusetts Deferred Compensation SMART Plan**<br>Line from *Schedule A/B*: **21.2** | $2,094.59 | ■ 100%<br>☐ 100% of fair market value, up to any applicable statutory limit | **Mass. Gen. Laws 235 § 34A** |
| **State and Federal: Potential tax refunds for 2019-2020**<br>Line from *Schedule A/B*: **28.1** | $2,000.00 | ■ $500.00<br>☐ 100% of fair market value, up to any applicable statutory limit | **Mass. Gen. Laws c. 235, § 34(17)** |
| **Denied Unemployment Claims (Nov 2020 - filing date) (estimated)**<br>Line from *Schedule A/B*: **30.1** | $8,706.00 | ■ 100%<br>☐ 100% of fair market value, up to any applicable statutory limit | **Mass. Gen. Laws c.151A, § 36** |

Debtor 1    **Scott H Blumsack**                                                     Case number (if known)    **21-40248**

3.  **Are you claiming a homestead exemption of more than $170,350?**
    (Subject to adjustment on 4/01/22 and every 3 years after that for cases filed on or after the date of adjustment.)

    ☐    No

    ■    Yes. Did you acquire the property covered by the exemption within 1,215 days before you filed this case?

        ■    No

        ☐    Yes

**Fill in this information to identify your case:**

| | |
|---|---|
| Debtor 1 | **Scott H Blumsack** |
| | First Name    Middle Name    Last Name |
| Debtor 2 | |
| (Spouse if, filing) | First Name    Middle Name    Last Name |
| United States Bankruptcy Court for the: | DISTRICT OF MASSACHUSETTS |
| Case number | 21-40248 |
| (if known) | |

☐ Check if this is an amended filing

---

Official Form 106D
## Schedule D: Creditors Who Have Claims Secured by Property
**12/15**

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, copy the Additional Page, fill it out, number the entries, and attach it to this form. On the top of any additional pages, write your name and case number (if known).

**1. Do any creditors have claims secured by your property?**

☐ No. Check this box and submit this form to the court with your other schedules. You have nothing else to report on this form.

■ Yes. Fill in all of the information below.

| Part 1: | List All Secured Claims |
|---|---|

| 2. List all secured claims. If a creditor has more than one secured claim, list the creditor separately for each claim. If more than one creditor has a particular claim, list the other creditors in Part 2. As much as possible, list the claims in alphabetical order according to the creditor's name. | Column A<br>**Amount of claim**<br>Do not deduct the value of collateral. | Column B<br>**Value of collateral that supports this claim** | Column C<br>**Unsecured portion**<br>If any |
|---|---|---|---|

| 2.1 | **Flagstar Bank FSB** | **Describe the property that secures the claim:** | $412,791.00 | $663,927.00 | $0.00 |
|---|---|---|---|---|---|

Creditor's Name

**2 Old Homestead Rd. Groton, MA 01450  Middlesex County**

**5151 Corporate Dr.
Troy, MI 48098**

Number, Street, City, State & Zip Code

**As of the date you file, the claim is:** Check all that apply.

☐ Contingent
☐ Unliquidated
☐ Disputed

**Nature of lien.** Check all that apply.

■ An agreement you made (such as mortgage or secured car loan)
☐ Statutory lien (such as tax lien, mechanic's lien)
☐ Judgment lien from a lawsuit
■ Other (including a right to offset)    **First Mortgage**

**Who owes the debt?** Check one.

☐ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
■ At least one of the debtors and another
☐ Check if this claim relates to a community debt

**Date debt was incurred** 6/23/2016     **Last 4 digits of account number** 0139

---

Debtor 1    **Scott H Blumsack**

First Name    Middle Name    Last Name                Case number (if known)    **21-40248**

| 2.2 | **Hanscom Federal Credit Union** | Describe the property that secures the claim: | $43,254.00 | $663,927.00 | $0.00 |
|---|---|---|---|---|---|

Creditor's Name

**2 Old Homestead Rd. Groton, MA 01450  Middlesex County**

**25 Porter Road, Ste 100 Littleton, MA 01460-1434**

Number, Street, City, State & Zip Code

**As of the date you file, the claim is:** Check all that apply.

☐ Contingent
☐ Unliquidated
☐ Disputed

**Who owes the debt?** Check one.

☐ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☒ At least one of the debtors and another
☐ Check if this claim relates to a community debt

**Nature of lien.** Check all that apply.

☒ An agreement you made (such as mortgage or secured car loan)
☐ Statutory lien (such as tax lien, mechanic's lien)
☐ Judgment lien from a lawsuit
☒ Other (including a right to offset)    **Second Mortgage**

Date debt was incurred    **10/25/2018**    Last 4 digits of account number    **0xxx**

| 2.3 | **Hanscom Federal Credit Union** | Describe the property that secures the claim: | $3,452.00 | $663,927.00 | $0.00 |
|---|---|---|---|---|---|

Creditor's Name

**2 Old Homestead Rd. Groton, MA 01450  Middlesex County**

**25 Porter Road, Ste 100 Littleton, MA 01460-1434**

Number, Street, City, State & Zip Code

**As of the date you file, the claim is:** Check all that apply.

☐ Contingent
☐ Unliquidated
☐ Disputed

**Who owes the debt?** Check one.

☐ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☒ At least one of the debtors and another
☐ Check if this claim relates to a community debt

**Nature of lien.** Check all that apply.

☒ An agreement you made (such as mortgage or secured car loan)
☐ Statutory lien (such as tax lien, mechanic's lien)
☐ Judgment lien from a lawsuit
☒ Other (including a right to offset)    **Second Mortgage**

Date debt was incurred    **10/25/2018**    Last 4 digits of account number    **0xxx**

| Add the dollar value of your entries in Column A on this page. Write that number here: | **$459,497.00** |
|---|---|
| If this is the last page of your form, add the dollar value totals from all pages. Write that number here: | **$459,497.00** |

**Part 2:    List Others to Be Notified for a Debt That You Already Listed**

Use this page only if you have others to be notified about your bankruptcy for a debt that you already listed in Part 1. For example, if a collection agency is trying to collect from you for a debt you owe to someone else, list the creditor in Part 1, and then list the collection agency here. Similarly, if you have more than one creditor for any of the debts that you listed in Part 1, list the additional creditors here. If you do not have additional persons to be notified for any debts in Part 1, do not fill out or submit this page.

**Fill in this information to identify your case:**

| Debtor 1 | **Scott H Blumsack** | | |
|---|---|---|---|
| | First Name | Middle Name | Last Name |
| Debtor 2 | | | |
| (Spouse if, filing) | First Name | Middle Name | Last Name |
| United States Bankruptcy Court for the: | DISTRICT OF MASSACHUSETTS | | |
| Case number | 21-40248 | | |
| (if known) | | | |

☐ Check if this is an
   amended filing

## Official Form 106E/F
## Schedule E/F: Creditors Who Have Unsecured Claims 12/15

Be as complete and accurate as possible. Use Part 1 for creditors with PRIORITY claims and Part 2 for creditors with NONPRIORITY claims. List the other party to any executory contracts or unexpired leases that could result in a claim. Also list executory contracts on Schedule A/B: Property (Official Form 106A/B) and on Schedule G: Executory Contracts and Unexpired Leases (Official Form 106G). Do not include any creditors with partially secured claims that are listed in Schedule D: Creditors Who Have Claims Secured by Property. If more space is needed, copy the Part you need, fill it out, number the entries in the boxes on the left. Attach the Continuation Page to this page. If you have no information to report in a Part, do not file that Part. On the top of any additional pages, write your name and case number (if known).

| **Part 1:** | **List All of Your PRIORITY Unsecured Claims** |
|---|---|

1. **Do any creditors have priority unsecured claims against you?**

   ■ No. Go to Part 2.

   ☐ Yes.

| **Part 2:** | **List All of Your NONPRIORITY Unsecured Claims** |
|---|---|

3. **Do any creditors have nonpriority unsecured claims against you?**

   ☐ No. You have nothing to report in this part. Submit this form to the court with your other schedules.

   ■ Yes.

4. **List all of your nonpriority unsecured claims in the alphabetical order of the creditor who holds each claim.** If a creditor has more than one nonpriority unsecured claim, list the creditor separately for each claim. For each claim listed, identify what type of claim it is. Do not list claims already included in Part 1. If more than one creditor holds a particular claim, list the other creditors in Part 3.If you have more than three nonpriority unsecured claims fill out the Continuation Page of Part 2.

|  | | | Total claim |
|---|---|---|---|
| 4.1 | **Brian R. Brazell** | Last 4 digits of account number _____ | **$500,000.00** |
| | Nonpriority Creditor's Name | | |
| | **34 Olive St.** | When was the debt incurred? **5/26/2015** | |
| | **Winchester, MA 01890** | | |
| | Number Street City State Zip Code | As of the date you file, the claim is: Check all that apply | |
| | **Who incurred the debt?** Check one. | | |
| | ☐ Debtor 1 only | ■ Contingent | |
| | ☐ Debtor 2 only | ■ Unliquidated | |
| | ☐ Debtor 1 and Debtor 2 only | ■ Disputed | |
| | ■ At least one of the debtors and another | **Type of NONPRIORITY unsecured claim:** | |
| | **☐ Check if this claim is for a community debt** | ☐ Student loans | |
| | **Is the claim subject to offset?** | ☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims | |
| | ■ No | ☐ Debts to pension or profit-sharing plans, and other similar debts | |
| | ☐ Yes | ■ Other. Specify **Business Dispute. Plaintiff in 1581CV03645.** | |

| Debtor 1 | Scott H Blumsack | | Case number *(if known)* | 21-40248 |

---

**4.2** | **Capital One**

Nonpriority Creditor's Name
PO Box 30285
Salt Lake City, UT 84130-0285
Number Street City State Zip Code

**Who incurred the debt?** Check one.

- ■ Debtor 1 only
- ☐ Debtor 2 only
- ☐ Debtor 1 and Debtor 2 only
- ☐ At least one of the debtors and another
- ☐ **Check if this claim is for a community debt**

**Is the claim subject to offset?**

- ■ No
- ☐ Yes

**Last 4 digits of account number**  1621                                          **$7,318.45**

**When was the debt incurred?**   Various Dates

**As of the date you file, the claim is:** Check all that apply

- ☐ Contingent
- ☐ Unliquidated
- ☐ Disputed

**Type of NONPRIORITY unsecured claim:**

- ☐ Student loans
- ☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
- ☐ Debts to pension or profit-sharing plans, and other similar debts
- ■ Other. Specify   Credit Extended

---

**4.3** | **Century Bank**

Nonpriority Creditor's Name
400 Mystic Ave.
Medford, MA 02155
Number Street City State Zip Code

**Who incurred the debt?** Check one.

- ■ Debtor 1 only
- ☐ Debtor 2 only
- ☐ Debtor 1 and Debtor 2 only
- ☐ At least one of the debtors and another
- ☐ **Check if this claim is for a community debt**

**Is the claim subject to offset?**

- ■ No
- ☐ Yes

**Last 4 digits of account number**  2430                                          **$4,858.69**

**When was the debt incurred?**   Various Dates

**As of the date you file, the claim is:** Check all that apply

- ☐ Contingent
- ☐ Unliquidated
- ☐ Disputed

**Type of NONPRIORITY unsecured claim:**

- ☐ Student loans
- ☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
- ☐ Debts to pension or profit-sharing plans, and other similar debts
- ■ Other. Specify   Credit Extended

---

**4.4** | **Chase**

Nonpriority Creditor's Name
PO Box 15298
Wilmington, DE 19850-5298
Number Street City State Zip Code

**Who incurred the debt?** Check one.

- ■ Debtor 1 only
- ☐ Debtor 2 only
- ☐ Debtor 1 and Debtor 2 only
- ☐ At least one of the debtors and another
- ☐ **Check if this claim is for a community debt**

**Is the claim subject to offset?**

- ■ No
- ☐ Yes

**Last 4 digits of account number**  0104                                          **$2,926.00**

**When was the debt incurred?**   Various Dates

**As of the date you file, the claim is:** Check all that apply

- ☐ Contingent
- ☐ Unliquidated
- ☐ Disputed

**Type of NONPRIORITY unsecured claim:**

- ☐ Student loans
- ☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
- ☐ Debts to pension or profit-sharing plans, and other similar debts
- ■ Other. Specify   Credit Extended

---

Debtor 1    **Scott H Blumsack**                                                    Case number *(if known)*    **21-40248**

| 4.5 | **Citi Cards** | Last 4 digits of account number | **6645** | **$1,155.16** |

Nonpriority Creditor's Name
**PO Box 6500**
**Sioux Falls, SD 57117**
Number Street City State Zip Code

**When was the debt incurred?**    **Various Dates**

Who incurred the debt? Check one.

**As of the date you file, the claim is:** Check all that apply

■ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ **Check if this claim is for a community debt**

☐ Contingent
☐ Unliquidated
☐ Disputed

**Type of NONPRIORITY unsecured claim:**

☐ Student loans
☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
☐ Debts to pension or profit-sharing plans, and other similar debts

Is the claim subject to offset?

■ No
☐ Yes

■ Other. Specify    **Credit Extended**

---

| 4.6 | **Discover** | Last 4 digits of account number | **xxxx** | **$8,078.00** |

Nonpriority Creditor's Name
**PO Box 30943**
**Salt Lake City, UT 84130**
Number Street City State Zip Code

**When was the debt incurred?**    **Various Dates**

Who incurred the debt? Check one.

**As of the date you file, the claim is:** Check all that apply

■ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ **Check if this claim is for a community debt**

☐ Contingent
☐ Unliquidated
☐ Disputed

**Type of NONPRIORITY unsecured claim:**

☐ Student loans
☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
☐ Debts to pension or profit-sharing plans, and other similar debts

Is the claim subject to offset?

■ No
☐ Yes

■ Other. Specify    **Credit Extended**

---

| 4.7 | **Emerson Dental, PC** | Last 4 digits of account number | | **$374.70** |

Nonpriority Creditor's Name
**133 Littleton Rd., Ste 201**
**Westford, MA 01886**
Number Street City State Zip Code

**When was the debt incurred?**

Who incurred the debt? Check one.

**As of the date you file, the claim is:** Check all that apply

■ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ **Check if this claim is for a community debt**

☐ Contingent
☐ Unliquidated
☐ Disputed

**Type of NONPRIORITY unsecured claim:**

☐ Student loans
☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
☐ Debts to pension or profit-sharing plans, and other similar debts

Is the claim subject to offset?

■ No
☐ Yes

■ Other. Specify    **Dental Services**

---

Debtor 1    **Scott H Blumsack**                                         Case number *(if known)*    **21-40248**

---

| 4.8 | **Kevin M. Rielly** | Last 4 digits of account number _____ | **Unknown** |

Nonpriority Creditor's Name
**29 Maple St.**
**West Newbury, MA 01985**          When was the debt incurred?    **5/26/2015**
Number Street City State Zip Code

Who incurred the debt? Check one.         As of the date you file, the claim is: Check all that apply

☐ Debtor 1 only                          ■ Contingent
☐ Debtor 2 only                          ■ Unliquidated
☐ Debtor 1 and Debtor 2 only             ■ Disputed
■ At least one of the debtors and another    Type of NONPRIORITY unsecured claim:
☐ **Check if this claim is for a community**   ☐ Student loans
**debt**
                                         ☐ Obligations arising out of a separation agreement or divorce that you did not
Is the claim subject to offset?            report as priority claims

■ No                                     ☐ Debts to pension or profit-sharing plans, and other similar debts

                                         **Business Dispute.  Plaintiff in**
                                         **1581CV03645.  Amount claimed same as**
☐ Yes                    ■ Other. Specify **Line 4.1.**

---

| 4.9 | **Matthew T. McDonough, Esq.** | Last 4 digits of account number _____ | **Unknown** |

Nonpriority Creditor's Name
**482 Broadway**
**Somerville, MA 02145**                 When was the debt incurred?    _____
Number Street City State Zip Code

Who incurred the debt? Check one.         As of the date you file, the claim is: Check all that apply

■ Debtor 1 only                          ☐ Contingent
☐ Debtor 2 only                          ☐ Unliquidated
☐ Debtor 1 and Debtor 2 only             ☐ Disputed
☐ At least one of the debtors and another    Type of NONPRIORITY unsecured claim:
☐ **Check if this claim is for a community**   ☐ Student loans
**debt**
                                         ☐ Obligations arising out of a separation agreement or divorce that you did not
Is the claim subject to offset?            report as priority claims

■ No                                     ☐ Debts to pension or profit-sharing plans, and other similar debts

☐ Yes                    ■ Other. Specify **NOTICE ONLY.  Counsel in 1581CV03645.**

---

| 4.1<br>0 | **Navient** | Last 4 digits of account number _____ | **$20,893.07** |

Nonpriority Creditor's Name
**PO Box 9635**
**Wilkes-Barre, PA 18773-9635**          When was the debt incurred?    **2003**
Number Street City State Zip Code

Who incurred the debt? Check one.         As of the date you file, the claim is: Check all that apply

■ Debtor 1 only                          ☐ Contingent
☐ Debtor 2 only                          ☐ Unliquidated
☐ Debtor 1 and Debtor 2 only             ☐ Disputed
☐ At least one of the debtors and another    Type of NONPRIORITY unsecured claim:
☐ **Check if this claim is for a community**   ■ Student loans
**debt**
                                         ☐ Obligations arising out of a separation agreement or divorce that you did not
Is the claim subject to offset?            report as priority claims

■ No                                     ☐ Debts to pension or profit-sharing plans, and other similar debts

☐ Yes                    ☐ Other. Specify _____

---

**Student Loans**

---

Debtor 1    Scott H Blumsack                                      Case number *(if known)*    21-40248

| 4.1 1 | **The Graphic Edge, LLC** | **Last 4 digits of account number** | **3763** | $11,693.87 |

Nonpriority Creditor's Name
155 Seward Rd.
PO Box 757
Rutland, VT 05702

**When was the debt incurred?**    **2019**

Number Street City State Zip Code

**Who incurred the debt?** Check one.

☐ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☑ At least one of the debtors and another
☐ **Check if this claim is for a community debt**

**Is the claim subject to offset?**

☑ No
☐ Yes

**As of the date you file, the claim is:** Check all that apply

☐ Contingent
☐ Unliquidated
☐ Disputed

**Type of NONPRIORITY unsecured claim:**

☐ Student loans
☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
☐ Debts to pension or profit-sharing plans, and other similar debts
☑ Other. Specify    **Business Services**

---

**Part 3:    List Others to Be Notified About a Debt That You Already Listed**

5. Use this page only if you have others to be notified about your bankruptcy, for a debt that you already listed in Parts 1 or 2. For example, if a collection agency is trying to collect from you for a debt you owe to someone else, list the original creditor in Parts 1 or 2, then list the collection agency here. Similarly, if you have more than one creditor for any of the debts that you listed in Parts 1 or 2, list the additional creditors here. If you do not have additional persons to be notified for any debts in Parts 1 or 2, do not fill out or submit this page.

| Name and Address | On which entry in Part 1 or Part 2 did you list the original creditor? |
|---|---|
| **Steven A. Grant, Esq.** **Law Office of Steven A. Grant** **200 Walnut St** **Suite 2E** **Saugus, MA 01906** | Line **4.1** of (*Check one*): ☐ Part 1: Creditors with Priority Unsecured Claims ☑ Part 2: Creditors with Nonpriority Unsecured Claims |
|  | Last 4 digits of account number |

| Name and Address | On which entry in Part 1 or Part 2 did you list the original creditor? |
|---|---|
| **Steven A. Grant, Esq.** **Law Office of Steven A. Grant** **200 Walnut St** **Suite 2E** **Saugus, MA 01906** | Line **4.8** of (*Check one*): ☐ Part 1: Creditors with Priority Unsecured Claims ☑ Part 2: Creditors with Nonpriority Unsecured Claims |
|  | Last 4 digits of account number |

| Name and Address | On which entry in Part 1 or Part 2 did you list the original creditor? |
|---|---|
| **Transworld Systems, Inc.** **500 Virginia Dr., Ste 514** **Fort Washington, PA 19034** | Line **4.7** of (*Check one*): ☐ Part 1: Creditors with Priority Unsecured Claims ☑ Part 2: Creditors with Nonpriority Unsecured Claims |
|  | Last 4 digits of account number    **7981** |

| Name and Address | On which entry in Part 1 or Part 2 did you list the original creditor? |
|---|---|
| **US Bank National Association ND** **PO Box 6352** **Fargo, ND 58125-6352** | Line **4.3** of (*Check one*): ☐ Part 1: Creditors with Priority Unsecured Claims ☑ Part 2: Creditors with Nonpriority Unsecured Claims |
|  | Last 4 digits of account number |

---

**Part 4:    Add the Amounts for Each Type of Unsecured Claim**

6. Total the amounts of certain types of unsecured claims. This information is for statistical reporting purposes only. 28 U.S.C. §159. Add the amounts for each type of unsecured claim.

| | | | | Total Claim |
|---|---|---|---|---|
| **Total claims from Part 1** | 6a. | **Domestic support obligations** | 6a. | $ 0.00 |
| | 6b. | **Taxes and certain other debts you owe the government** | 6b. | $ 0.00 |
| | 6c. | **Claims for death or personal injury while you were intoxicated** | 6c. | $ 0.00 |
| | 6d. | **Other.** Add all other priority unsecured claims. Write that amount here. | 6d. | $ 0.00 |

---

| Debtor 1 | Scott H Blumsack | | Case number (if known) | 21-40248 |

|  | 6e. | **Total Priority.** Add lines 6a through 6d. | 6e. | $ | 0.00 |
|---|---|---|---|---|---|

**Total claims from Part 2**

|  |  | | Total Claim |
|---|---|---|---|
| 6f. | **Student loans** | 6f. | $ 20,893.07 |
| 6g. | **Obligations arising out of a separation agreement or divorce that you did not report as priority claims** | 6g. | $ 0.00 |
| 6h. | **Debts to pension or profit-sharing plans, and other similar debts** | 6h. | $ 0.00 |
| 6i. | **Other.** Add all other nonpriority unsecured claims. Write that amount here. | 6i. | $ 536,404.87 |
| 6j. | **Total Nonpriority.** Add lines 6f through 6i. | 6j. | $ 557,297.94 |

**Fill in this information to identify your case:**

| | |
|---|---|
| Debtor 1 | **Scott H Blumsack** |
| | First Name                Middle Name                Last Name |
| Debtor 2 | |
| (Spouse if, filing) | First Name                Middle Name                Last Name |
| United States Bankruptcy Court for the: | DISTRICT OF MASSACHUSETTS |
| Case number | **21-40248** |
| (if known) | |

☐ Check if this is an
amended filing

## Official Form 106G
## Schedule G: Executory Contracts and Unexpired Leases                           12/15

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, copy the additional page, fill it out, number the entries, and attach it to this page. On the top of any additional pages, write your name and case number (if known).

1.  **Do you have any executory contracts or unexpired leases?**
    ■ No. Check this box and file this form with the court with your other schedules.  You have nothing else to report on this form.
    ☐ Yes. Fill in all of the information below even if the contacts of leases are listed on *Schedule A/B:Property* (Official Form 106 A/B).

2.  **List separately each person or company with whom you have the contract or lease. Then state what each contract or lease is for (for example, rent, vehicle lease, cell phone).** See the instructions for this form in the instruction booklet for more examples of executory contracts and unexpired leases.

| Person or company with whom you have the contract or lease<br>Name, Number, Street, City, State and ZIP Code | State what the contract or lease is for |
|---|---|
| 2.1 | |
| Name | |
| Number      Street | |
| City            State            ZIP Code | |
| 2.2 | |
| Name | |
| Number      Street | |
| City            State            ZIP Code | |
| 2.3 | |
| Name | |
| Number      Street | |
| City            State            ZIP Code | |
| 2.4 | |
| Name | |
| Number      Street | |
| City            State            ZIP Code | |
| 2.5 | |
| Name | |
| Number      Street | |
| City            State            ZIP Code | |

Official Form 106G                    **Schedule G: Executory Contracts and Unexpired Leases**                    Page 1 of 1

Software Copyright (c) 1996-2021 Best Case, LLC - www.bestcase.com                                                                        Best Case Bankruptcy

| Fill in this information to identify your case: | | | |
|---|---|---|---|
| Debtor 1 | **Scott H Blumsack** | | |
| | First Name | Middle Name | Last Name |
| Debtor 2 | | | |
| (Spouse if, filing) | First Name | Middle Name | Last Name |
| United States Bankruptcy Court for the: | DISTRICT OF MASSACHUSETTS | | |
| Case number | 21-40248 | | |
| (if known) | | | |

☐ Check if this is an
amended filing

## Official Form 106H
## Schedule H: Your Codebtors

12/15

Codebtors are people or entities who are also liable for any debts you may have. Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, copy the Additional Page, fill it out, and number the entries in the boxes on the left. Attach the Additional Page to this page. On the top of any Additional Pages, write your name and case number (if known). Answer every question.

**1. Do you have any codebtors?** (If you are filing a joint case, do not list either spouse as a codebtor.)

☐ No
☑ Yes

**2. Within the last 8 years, have you lived in a community property state or territory?** (*Community property states and territories* include Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, and Wisconsin.)

☑ No. Go to line 3.
☐ Yes. Did your spouse, former spouse, or legal equivalent live with you at the time?

**3. In Column 1, list all of your codebtors.** Do not include your spouse as a codebtor if your spouse is filing with you. List the person shown in line 2 again as a codebtor only if that person is a guarantor or cosigner. Make sure you have listed the creditor on Schedule D (Official Form 106D), Schedule E/F (Official Form 106E/F), or Schedule G (Official Form 106G). Use Schedule D, Schedule E/F, or Schedule G to fill out Column 2.

| | Column 1: **Your codebtor**<br>Name, Number, Street, City, State and ZIP Code | Column 2: **The creditor to whom you owe the debt**<br>Check all schedules that apply: |
|---|---|---|
| 3.1 | **Brian S. Blumsack**<br>**1 Drummond Rd.**<br>**Stoneham, MA 02180** | ☐ Schedule D, line _____<br>☑ Schedule E/F, line __4.1__<br>☐ Schedule G _____<br>**Brian R. Brazell** |
| 3.2 | **Brian S. Blumsack**<br>**1 Drummond Rd.**<br>**Stoneham, MA 02180** | ☐ Schedule D, line _____<br>☑ Schedule E/F, line __4.8__<br>☐ Schedule G _____<br>**Kevin M. Rielly** |
| 3.3 | **Danielle Froio-Blumsack**<br>**2 Old Homestead Rd.**<br>**Groton, MA 01450** | ☑ Schedule D, line __2.1__<br>☐ Schedule E/F, line _____<br>☐ Schedule G _____<br>**Flagstar Bank FSB** |

| Debtor 1 | **Scott H Blumsack** | Case number *(if known)* | **21-40248** |

**Additional Page to List More Codebtors**

| | Column 1: **Your codebtor** | Column 2: **The creditor to whom you owe the debt**<br>Check all schedules that apply: |
|---|---|---|
| 3.4 | **Danielle Froio-Blumsack**<br>**2 Old Homestead Rd.**<br>**Groton, MA 01450** | ■ Schedule D, line __2.2__<br>☐ Schedule E/F, line _____<br>☐ Schedule G _____<br>**Hanscom Federal Credit Union** |
| 3.5 | **Danielle Froio-Blumsack**<br>**2 Old Homestead Rd.**<br>**Groton, MA 01450** | ■ Schedule D, line __2.3__<br>☐ Schedule E/F, line _____<br>☐ Schedule G _____<br>**Hanscom Federal Credit Union** |
| 3.6 | **Mass Athletics, LLC**<br>**2 Old Homestead Rd.**<br>**Groton, MA 01450** | ☐ Schedule D, line _____<br>■ Schedule E/F, line __4.1__<br>☐ Schedule G _____<br>**Brian R. Brazell** |
| 3.7 | **Mass Athletics, LLC**<br>**2 Old Homestead Rd.**<br>**Groton, MA 01450** | ☐ Schedule D, line _____<br>■ Schedule E/F, line __4.8__<br>☐ Schedule G _____<br>**Kevin M. Rielly** |
| 3.8 | **Mass Athletics, LLC**<br>**2 Old Homestead Rd.**<br>**Groton, MA 01450** | ☐ Schedule D, line _____<br>■ Schedule E/F, line __4.11__<br>☐ Schedule G _____<br>**The Graphic Edge, LLC** |

| Fill in this information to identify your case: |
|---|

| Debtor 1 | **Scott H Blumsack** |
|---|---|
| Debtor 2<br>(Spouse, if filing) | |
| United States Bankruptcy Court for the: | DISTRICT OF MASSACHUSETTS |
| Case number<br>(If known) | **21-40248** |

Check if this is:

☐ An amended filing

☐ A supplement showing postpetition chapter 13 income as of the following date:

_____
MM / DD/ YYYY

## Official Form 106I

## Schedule I: Your Income                                                    12/15

Be as complete and accurate as possible. If two married people are filing together (Debtor 1 and Debtor 2), both are equally responsible for supplying correct information. If you are married and not filing jointly, and your spouse is living with you, include information about your spouse. If you are separated and your spouse is not filing with you, do not include information about your spouse. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

| Part 1: | Describe Employment |
|---|---|

1. **Fill in your employment information.**

   If you have more than one job, attach a separate page with information about additional employers.

   Include part-time, seasonal, or self-employed work.

   Occupation may include student or homemaker, if it applies.

| | | Debtor 1 | Debtor 2 or non-filing spouse |
|---|---|---|---|
| Employment status | | ■ Employed<br>☐ Not employed | ■ Employed<br>☐ Not employed |
| Occupation | | **Sales** | **Engineer** |
| Employer's name | | **Green Star Herbal** | **DOD** |
| Employer's address | | | |
| How long employed there? | | **just started** | **approx 15 years** |

| Part 2: | Give Details About Monthly Income |
|---|---|

**Estimate monthly income as of the date you file this form.** If you have nothing to report for any line, write $0 in the space. Include your non-filing spouse unless you are separated.

If you or your non-filing spouse have more than one employer, combine the information for all employers for that person on the lines below. If you need more space, attach a separate sheet to this form.

| | | | For Debtor 1 | For Debtor 2 or non-filing spouse |
|---|---|---|---|---|
| 2. | **List monthly gross wages, salary, and commissions** (before all payroll deductions). If not paid monthly, calculate what the monthly wage would be. | 2. | $ **1,560.00** | $ **11,077.73** |
| 3. | **Estimate and list monthly overtime pay.** | 3. | +$ **0.00** | +$ **0.00** |
| 4. | **Calculate gross income.** Add line 2 + line 3. | 4. | $ **1,560.00** | $ **11,077.73** |

| Debtor 1 | **Scott H Blumsack** | | Case number (*if known*) | **21-40248** |

| | | | For Debtor 1 | For Debtor 2 or non-filing spouse |
|---|---|---|---|---|
| | Copy line 4 here ........................................ | 4. | $ **1,560.00** | $ **11,077.73** |

5. **List all payroll deductions:**

| | | | For Debtor 1 | For Debtor 2 or non-filing spouse |
|---|---|---|---|---|
| 5a. | Tax, Medicare, and Social Security deductions | 5a. | $ **390.00** | $ **2,893.84** |
| 5b. | Mandatory contributions for retirement plans | 5b. | $ **0.00** | $ **664.67** |
| 5c. | Voluntary contributions for retirement plans | 5c. | $ **0.00** | $ **88.62** |
| 5d. | Required repayments of retirement fund loans | 5d. | $ **0.00** | $ **0.00** |
| 5e. | Insurance | 5e. | $ **0.00** | $ **674.61** |
| 5f. | Domestic support obligations | 5f. | $ **0.00** | $ **0.00** |
| 5g. | Union dues | 5g. | $ **0.00** | $ **0.00** |
| 5h. | Other deductions. Specify: **FSA** | 5h.+ | $ **0.00** + | $ **229.15** |
| 6. | **Add the payroll deductions.** Add lines 5a+5b+5c+5d+5e+5f+5g+5h. | 6. | $ **390.00** | $ **4,550.89** |
| 7. | **Calculate total monthly take-home pay.** Subtract line 6 from line 4. | 7. | $ **1,170.00** | $ **6,526.84** |

8. **List all other income regularly received:**

| | | | For Debtor 1 | For Debtor 2 or non-filing spouse |
|---|---|---|---|---|
| 8a. | **Net income from rental property and from operating a business, profession, or farm** Attach a statement for each property and business showing gross receipts, ordinary and necessary business expenses, and the total monthly net income. | 8a. | $ **0.00** | $ **0.00** |
| 8b. | Interest and dividends | 8b. | $ **0.00** | $ **0.00** |
| 8c. | **Family support payments that you, a non-filing spouse, or a dependent regularly receive** Include alimony, spousal support, child support, maintenance, divorce settlement, and property settlement. | 8c. | $ **0.00** | $ **0.00** |
| 8d. | Unemployment compensation | 8d. | $ **0.00** | $ **0.00** |
| 8e. | Social Security | 8e. | $ **0.00** | $ **0.00** |
| 8f. | **Other government assistance that you regularly receive** Include cash assistance and the value (if known) of any non-cash assistance that you receive, such as food stamps (benefits under the Supplemental Nutrition Assistance Program) or housing subsidies. Specify: | 8f. | $ **0.00** | $ **0.00** |
| 8g. | Pension or retirement income | 8g. | $ **0.00** | $ **0.00** |
| 8h. | Other monthly income. Specify: | 8h.+ | $ **0.00** + | $ **0.00** |
| 9. | **Add all other income.** Add lines 8a+8b+8c+8d+8e+8f+8g+8h. | 9. | $ **0.00** | $ **0.00** |

| | | | | | | |
|---|---|---|---|---|---|---|
| 10. | **Calculate monthly income.** Add line 7 + line 9. Add the entries in line 10 for Debtor 1 and Debtor 2 or non-filing spouse. | 10. | $ **1,170.00** | + $ **6,526.84** | = $ | **7,696.84** |

11. **State all other regular contributions to the expenses that you list in *Schedule J.***
Include contributions from an unmarried partner, members of your household, your dependents, your roommates, and other friends or relatives.
Do not include any amounts already included in lines 2-10 or amounts that are not available to pay expenses listed in *Schedule J.*
Specify: | | 11. | +$ **0.00** |

12. **Add the amount in the last column of line 10 to the amount in line 11.** The result is the combined monthly income. Write that amount on the *Summary of Schedules* and *Statistical Summary of Certain Liabilities* and Related *Data*, if it applies | | 12. | $ **7,696.84**

**Combined monthly income**

13. **Do you expect an increase or decrease within the year after you file this form?**
   ■ No.
   ☐ Yes. Explain:

| Fill in this information to identify your case: |
|---|

Debtor 1 **Scott H Blumsack**

Debtor 2
(Spouse, if filing)

United States Bankruptcy Court for the: DISTRICT OF MASSACHUSETTS

Case number **21-40248**
(If known)

Check if this is:

☐ An amended filing
☐ A supplement showing postpetition chapter 13 expenses as of the following date:

_____
MM / DD / YYYY

## Official Form 106J
# Schedule J: Your Expenses
12/15

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach another sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

### Part 1:    Describe Your Household

1.  **Is this a joint case?**

    ■ No. Go to line 2.
    ☐ Yes. **Does Debtor 2 live in a separate household?**

    　☐ No
    　☐ Yes. Debtor 2 must file Official Form 106J-2, *Expenses for Separate Household* of Debtor 2.

2.  **Do you have dependents?**　　☐ No

    Do not list Debtor 1 and　　■ Yes.  Fill out this information for
    Debtor 2.　　　　　　　　　　　each dependent..............

    Do not state the
    dependents names.

| | Dependent's relationship to Debtor 1 or Debtor 2 | Dependent's age | Does dependent live with you? |
|---|---|---|---|
| | **Son** | **8** | ☐ No  ■ Yes |
| | **Daughter** | **10** | ☐ No  ■ Yes |
| | | | ☐ No  ☐ Yes |
| | | | ☐ No  ☐ Yes |

3.  **Do your expenses include expenses of people other than yourself and your dependents?**　■ No　☐ Yes

### Part 2:    Estimate Your Ongoing Monthly Expenses

Estimate your expenses as of your bankruptcy filing date unless you are using this form as a supplement in a Chapter 13 case to report expenses as of a date after the bankruptcy is filed. If this is a supplemental *Schedule J*, check the box at the top of the form and fill in the applicable date.

Include expenses paid for with non-cash government assistance if you know the value of such assistance and have included it on *Schedule I: Your Income* (Official Form 106I.)

| | Your expenses |
|---|---|

4.  **The rental or home ownership expenses for your residence.** Include first mortgage payments and any rent for the ground or lot.　　4. $　　　　3,172.00

    **If not included in line 4:**

    4a.　Real estate taxes　　　　　　　　　　　　　　　　4a. $　　　　0.00
    4b.　Property, homeowner's, or renter's insurance　　　　4b. $　　　　0.00
    4c.　Home maintenance, repair, and upkeep expenses　　　4c. $　　　300.00
    4d.　Homeowner's association or condominium dues　　　　4d. $　　　　0.00
5.  **Additional mortgage payments for your residence,** such as home equity loans　　5. $　　　200.00

Debtor 1 **Scott H Blumsack**                                       Case number (if known)   **21-40248**

| | | | | |
|---|---|---|---|---|
| 6. | **Utilities:** | | | |
| | 6a. | Electricity, heat, natural gas | 6a. $ | **350.00** |
| | 6b. | Water, sewer, garbage collection | 6b. $ | **109.00** |
| | 6c. | Telephone, cell phone, Internet, satellite, and cable services | 6c. $ | **300.00** |
| | 6d. | Other. Specify: | 6d. $ | **0.00** |
| 7. | **Food and housekeeping supplies** | | 7. $ | **950.00** |
| 8. | **Childcare and children's education costs** | | 8. $ | **0.00** |
| 9. | **Clothing, laundry, and dry cleaning** | | 9. $ | **75.00** |
| 10. | **Personal care products and services** | | 10. $ | **0.00** |
| 11. | **Medical and dental expenses** | | 11. $ | **100.00** |
| 12. | **Transportation.** Include gas, maintenance, bus or train fare. Do not include car payments. | | 12. $ | **200.00** |
| 13. | **Entertainment, clubs, recreation, newspapers, magazines, and books** | | 13. $ | **175.00** |
| 14. | **Charitable contributions and religious donations** | | 14. $ | **0.00** |
| 15. | **Insurance.** Do not include insurance deducted from your pay or included in lines 4 or 20. | | | |
| | 15a. | Life insurance | 15a. $ | **0.00** |
| | 15b. | Health insurance | 15b. $ | **0.00** |
| | 15c. | Vehicle insurance | 15c. $ | **150.00** |
| | 15d. | Other insurance. Specify: | 15d. $ | **0.00** |
| 16. | **Taxes.** Do not include taxes deducted from your pay or included in lines 4 or 20. Specify: | | 16. $ | **0.00** |
| 17. | **Installment or lease payments:** | | | |
| | 17a. | Car payments for Vehicle 1 | 17a. $ | **410.00** |
| | 17b. | Car payments for Vehicle 2 | 17b. $ | **155.00** |
| | 17c. | Other. Specify: | 17c. $ | **0.00** |
| | 17d. | Other. Specify: | 17d. $ | **0.00** |
| 18. | **Your payments of alimony, maintenance, and support that you did not report as deducted from your pay on line 5, *Schedule I, Your Income* (Official Form 106I).** | | 18. $ | **0.00** |
| 19. | **Other payments you make to support others who do not live with you.** Specify: | | 19. $ | **0.00** |
| 20. | **Other real property expenses not included in lines 4 or 5 of this form or on *Schedule I: Your Income.*** | | | |
| | 20a. | Mortgages on other property | 20a. $ | **0.00** |
| | 20b. | Real estate taxes | 20b. $ | **0.00** |
| | 20c. | Property, homeowner's, or renter's insurance | 20c. $ | **0.00** |
| | 20d. | Maintenance, repair, and upkeep expenses | 20d. $ | **0.00** |
| | 20e. | Homeowner's association or condominium dues | 20e. $ | **0.00** |
| 21. | **Other:** Specify:   **Non-filing spouse's debts** | | 21. +$ | **800.00** |

| | | | |
|---|---|---|---|
| 22. | **Calculate your monthly expenses** | | |
| | 22a. Add lines 4 through 21. | $ | **7,446.00** |
| | 22b. Copy line 22 (monthly expenses for Debtor 2), if any, from Official Form 106J-2 | $ | |
| | 22c. Add line 22a and 22b. The result is your monthly expenses. | $ | **7,446.00** |
| 23. | **Calculate your monthly net income.** | | |
| | 23a. Copy line 12 *(your combined monthly income)* from Schedule I. | 23a. $ | **7,696.84** |
| | 23b. Copy your monthly expenses from line 22c above. | 23b. -$ | **7,446.00** |
| | 23c. Subtract your monthly expenses from your monthly income. The result is your *monthly net income.* | 23c. $ | **250.84** |

24. **Do you expect an increase or decrease in your expenses within the year after you file this form?**
   For example, do you expect to finish paying for your car loan within the year or do you expect your mortgage payment to increase or decrease because of a modification to the terms of your mortgage?

   ☐ No.

   ■ Yes.    Explain here: **Student Loan payment of $296 per month is deferred until September 2021. Mortgage payment of $3,172.00 per month is deferred until July 2021.**

| Fill in this information to identify your case: | | |
|---|---|---|
| Debtor 1 | **Scott H Blumsack** | |
| | First Name    Middle Name    Last Name | |
| Debtor 2 | | |
| (Spouse if, filing) | First Name    Middle Name    Last Name | |
| United States Bankruptcy Court for the: | DISTRICT OF MASSACHUSETTS | |
| Case number | **21-40248** | |
| (if known) | | |

☐ Check if this is an amended filing

Official Form 106Dec
# Declaration About an Individual Debtor's Schedules
12/15

If two married people are filing together, both are equally responsible for supplying correct information.

You must file this form whenever you file bankruptcy schedules or amended schedules. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $250,000, or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Sign Below

**Did you pay or agree to pay someone who is NOT an attorney to help you fill out bankruptcy forms?**

■ No

☐ Yes.  Name of person _____    Attach *Bankruptcy Petition Preparer's Notice, Declaration, and Signature* (Official Form 119)

Under penalty of perjury, I declare that I have read the summary and schedules filed with this declaration and that they are true and correct.

X **/s/ Scott H Blumsack**                              X _____
**Scott H Blumsack**                                       Signature of Debtor 2
Signature of Debtor 1

Date  **April 23, 2021**                                   Date _____

**Fill in this information to identify your case:**

| | |
|---|---|
| Debtor 1 | **Scott H Blumsack** |
| | First Name  Middle Name  Last Name |
| Debtor 2 | |
| (Spouse if, filing) | First Name  Middle Name  Last Name |
| United States Bankruptcy Court for the: | DISTRICT OF MASSACHUSETTS |
| Case number (if known) | 21-40248 |

☐ Check if this is an amended filing

## Official Form 107
## Statement of Financial Affairs for Individuals Filing for Bankruptcy          4/19

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information.  If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

**Part 1:    Give Details About Your Marital Status and Where You Lived Before**

1.  **What is your current marital status?**

☑ Married
☐ Not married

2.  **During the last 3 years, have you lived anywhere other than where you live now?**

☑ No
☐ Yes. List all of the places you lived in the last 3 years. Do not include where you live now.

| Debtor 1 Prior Address: | Dates Debtor 1 lived there | Debtor 2 Prior Address: | Dates Debtor 2 lived there |
|---|---|---|---|
| | | | |

3.  **Within the last 8 years, did you ever live with a spouse or legal equivalent in a community property state or territory?** (*Community property states and territories* include Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington and Wisconsin.)

☑ No
☐ Yes. Make sure you fill out *Schedule H: Your Codebtors* (Official Form 106H).

**Part 2    Explain the Sources of Your Income**

4.  **Did you have any income from employment or from operating a business during this year or the two previous calendar years?**
Fill in the total amount of income you received from all jobs and all businesses, including part-time activities.
If you are filing a joint case and you have income that you receive together, list it only once under Debtor 1.

☐ No
☑ Yes. Fill in the details.

| | Debtor 1 | | Debtor 2 | |
|---|---|---|---|---|
| | **Sources of income** Check all that apply. | **Gross income** (before deductions and exclusions) | **Sources of income** Check all that apply. | **Gross income** (before deductions and exclusions) |
| **From January 1 of current year until the date you filed for bankruptcy:** | ☑ Wages, commissions, bonuses, tips | $85.17 | ☐ Wages, commissions, bonuses, tips | |
| | ☐ Operating a business | | ☐ Operating a business | |

| Debtor 1 | **Scott H Blumsack** | | Case number *(if known)* | **21-40248** |

|  | **Debtor 1** | | **Debtor 2** | |
|---|---|---|---|---|
|  | **Sources of income**<br>Check all that apply. | **Gross income**<br>(before deductions and exclusions) | **Sources of income**<br>Check all that apply. | **Gross income**<br>(before deductions and exclusions) |
| **For last calendar year:**<br>**(January 1 to December 31, 2020 )** | ■ Wages, commissions, bonuses, tips<br>■ Operating a business | $12,500.00 | ☐ Wages, commissions, bonuses, tips<br>☐ Operating a business | |
| **For the calendar year before that:**<br>**(January 1 to December 31, 2019 )** | ■ Wages, commissions, bonuses, tips<br>■ Operating a business | $26,000.00 | ☐ Wages, commissions, bonuses, tips<br>☐ Operating a business | |

5. **Did you receive any other income during this year or the two previous calendar years?**

Include income regardless of whether that income is taxable. Examples of *other income* are alimony; child support; Social Security, unemployment, and other public benefit payments; pensions; rental income; interest; dividends; money collected from lawsuits; royalties; and gambling and lottery winnings. If you are filing a joint case and you have income that you received together, list it only once under Debtor 1.

List each source and the gross income from each source separately. Do not include income that you listed in line 4.

☐ No<br>
■ Yes. Fill in the details.

|  | **Debtor 1** | | **Debtor 2** | |
|---|---|---|---|---|
|  | **Sources of income**<br>Describe below. | **Gross income from each source**<br>(before deductions and exclusions) | **Sources of income**<br>Describe below. | **Gross income**<br>(before deductions and exclusions) |
| **For last calendar year:**<br>**(January 1 to December 31, 2020 )** | **Unemployment** | $26,074.00 | | |

<div style="background:black;color:white;">**Part 3:**</div> **List Certain Payments You Made Before You Filed for Bankruptcy**

6. **Are either Debtor 1's or Debtor 2's debts primarily consumer debts?**

■ No. **Neither Debtor 1 nor Debtor 2 has primarily consumer debts.** *Consumer debts* are defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose."

During the 90 days before you filed for bankruptcy, did you pay any creditor a total of $6,825* or more?

■ No.    Go to line 7.

☐ Yes    List below each creditor to whom you paid a total of $6,825* or more in one or more payments and the total amount you paid that creditor. Do not include payments for domestic support obligations, such as child support and alimony. Also, do not include payments to an attorney for this bankruptcy case.
* Subject to adjustment on 4/01/22 and every 3 years after that for cases filed on or after the date of adjustment.

☐ Yes. **Debtor 1 or Debtor 2 or both have primarily consumer debts.**

During the 90 days before you filed for bankruptcy, did you pay any creditor a total of $600 or more?

☐ No.    Go to line 7.

☐ Yes    List below each creditor to whom you paid a total of $600 or more and the total amount you paid that creditor. Do not include payments for domestic support obligations, such as child support and alimony. Also, do not include payments to an attorney for this bankruptcy case.

| **Creditor's Name and Address** | **Dates of payment** | **Total amount paid** | **Amount you still owe** | **Was this payment for ...** |
|---|---|---|---|---|
|  |  |  |  |  |

| Debtor 1 | Scott H Blumsack | Case number *(if known)* | 21-40248 |
|---|---|---|---|

7. **Within 1 year before you filed for bankruptcy, did you make a payment on a debt you owed anyone who was an insider?**
   *Insiders* include your relatives; any general partners; relatives of any general partners; partnerships of which you are a general partner; corporations of which you are an officer, director, person in control, or owner of 20% or more of their voting securities; and any managing agent, including one for a business you operate as a sole proprietor. 11 U.S.C. § 101. Include payments for domestic support obligations, such as child support and alimony.

   ■ No
   ☐ Yes. List all payments to an insider.

| Insider's Name and Address | Dates of payment | Total amount paid | Amount you still owe | Reason for this payment |
|---|---|---|---|---|

8. **Within 1 year before you filed for bankruptcy, did you make any payments or transfer any property on account of a debt that benefited an insider?**
   Include payments on debts guaranteed or cosigned by an insider.

   ■ No
   ☐ Yes. List all payments to an insider

| Insider's Name and Address | Dates of payment | Total amount paid | Amount you still owe | Reason for this payment Include creditor's name |
|---|---|---|---|---|

**Part 4:    Identify Legal Actions, Repossessions, and Foreclosures**

9. **Within 1 year before you filed for bankruptcy, were you a party in any lawsuit, court action, or administrative proceeding?**
   List all such matters, including personal injury cases, small claims actions, divorces, collection suits, paternity actions, support or custody modifications, and contract disputes.

   ☐ No
   ■ Yes. Fill in the details.

| Case title Case number | Nature of the case | Court or agency | Status of the case |
|---|---|---|---|
| **Rielly, Kevin M et al vs. Blumsack, Scott H et al 1581CV03645** | **Business Dispute** | **Middlesex Superior Court 200 Tradecenter Dr. Woburn, MA 01801** | ■ Pending<br>☐ On appeal<br>☐ Concluded |

10. **Within 1 year before you filed for bankruptcy, was any of your property repossessed, foreclosed, garnished, attached, seized, or levied?**
    Check all that apply and fill in the details below.

    ■ No. Go to line 11.
    ☐ Yes. Fill in the information below.

| Creditor Name and Address | Describe the Property Explain what happened | Date | Value of the property |
|---|---|---|---|

11. **Within 90 days before you filed for bankruptcy, did any creditor, including a bank or financial institution, set off any amounts from your accounts or refuse to make a payment because you owed a debt?**
    ■ No
    ☐ Yes. Fill in the details.

| Creditor Name and Address | Describe the action the creditor took | Date action was taken | Amount |
|---|---|---|---|

12. **Within 1 year before you filed for bankruptcy, was any of your property in the possession of an assignee for the benefit of creditors, a court-appointed receiver, a custodian, or another official?**
    ■ No
    ☐ Yes

| Official Form 107 | Statement of Financial Affairs for Individuals Filing for Bankruptcy | page 3 |
|---|---|---|

| Debtor 1 | **Scott H Blumsack** | Case number *(if known)* | **21-40248** |
|---|---|---|---|

| **Part 5:** | **List Certain Gifts and Contributions** |
|---|---|

13. **Within 2 years before you filed for bankruptcy, did you give any gifts with a total value of more than $600 per person?**

■ No
☐ Yes. Fill in the details for each gift.

| **Gifts with a total value of more than $600 per person**<br><br>**Person to Whom You Gave the Gift and Address:** | **Describe the gifts** | **Dates you gave the gifts** | **Value** |
|---|---|---|---|

14. **Within 2 years before you filed for bankruptcy, did you give any gifts or contributions with a total value of more than $600 to any charity?**

■ No
☐ Yes. Fill in the details for each gift or contribution.

| **Gifts or contributions to charities that total more than $600**<br>**Charity's Name**<br>**Address** (Number, Street, City, State and ZIP Code) | **Describe what you contributed** | **Dates you contributed** | **Value** |
|---|---|---|---|

| **Part 6:** | **List Certain Losses** |
|---|---|

15. **Within 1 year before you filed for bankruptcy or since you filed for bankruptcy, did you lose anything because of theft, fire, other disaster, or gambling?**

■ No
☐ Yes. Fill in the details.

| **Describe the property you lost and how the loss occurred** | **Describe any insurance coverage for the loss**<br>Include the amount that insurance has paid. List pending insurance claims on line 33 of *Schedule A/B: Property.* | **Date of your loss** | **Value of property lost** |
|---|---|---|---|

| **Part 7:** | **List Certain Payments or Transfers** |
|---|---|

16. **Within 1 year before you filed for bankruptcy, did you or anyone else acting on your behalf pay or transfer any property to anyone you consulted about seeking bankruptcy or preparing a bankruptcy petition?**
Include any attorneys, bankruptcy petition preparers, or credit counseling agencies for services required in your bankruptcy.

☐ No
■ Yes. Fill in the details.

| **Person Who Was Paid**<br>**Address**<br>**Email or website address**<br>**Person Who Made the Payment, if Not You** | **Description and value of any property transferred** | **Date payment or transfer was made** | **Amount of payment** |
|---|---|---|---|
| **Law Offices of D. Lev, PC**<br>**134 Main St.**<br>**Watertown, MA 02472**<br>**dlev@levlaw.net**<br>**Mass Athletics, LLC** | **$2,378 retainer for legal fees, filing fees and costs** | **February 8, 2021** | **$2,378.00** |

17. **Within 1 year before you filed for bankruptcy, did you or anyone else acting on your behalf pay or transfer any property to anyone who promised to help you deal with your creditors or to make payments to your creditors?**
Do not include any payment or transfer that you listed on line 16.

■ No
☐ Yes. Fill in the details.

| **Person Who Was Paid**<br>**Address** | **Description and value of any property transferred** | **Date payment or transfer was made** | **Amount of payment** |
|---|---|---|---|

| Debtor 1 | **Scott H Blumsack** | | Case number (*if known*) | **21-40248** |

18. **Within 2 years before you filed for bankruptcy, did you sell, trade, or otherwise transfer any property to anyone, other than property transferred in the ordinary course of your business or financial affairs?**
Include both outright transfers and transfers made as security (such as the granting of a security interest or mortgage on your property). Do not include gifts and transfers that you have already listed on this statement.

☑ No
☐ Yes. Fill in the details.

| Person Who Received Transfer Address<br><br>Person's relationship to you | Description and value of property transferred | Describe any property or payments received or debts paid in exchange | Date transfer was made |
| --- | --- | --- | --- |

19. **Within 10 years before you filed for bankruptcy, did you transfer any property to a self-settled trust or similar device of which you are a beneficiary?** (These are often called *asset-protection devices*.)

☑ No
☐ Yes. Fill in the details.

| Name of trust | Description and value of the property transferred | Date Transfer was made |
| --- | --- | --- |

**Part 8:** List of Certain Financial Accounts, Instruments, Safe Deposit Boxes, and Storage Units

20. **Within 1 year before you filed for bankruptcy, were any financial accounts or instruments held in your name, or for your benefit, closed, sold, moved, or transferred?**
Include checking, savings, money market, or other financial accounts; certificates of deposit; shares in banks, credit unions, brokerage houses, pension funds, cooperatives, associations, and other financial institutions.

☑ No
☐ Yes. Fill in the details.

| Name of Financial Institution and Address (Number, Street, City, State and ZIP Code) | Last 4 digits of account number | Type of account or instrument | Date account was closed, sold, moved, or transferred | Last balance before closing or transfer |
| --- | --- | --- | --- | --- |

21. **Do you now have, or did you have within 1 year before you filed for bankruptcy, any safe deposit box or other depository for securities, cash, or other valuables?**

☑ No
☐ Yes. Fill in the details.

| Name of Financial Institution Address (Number, Street, City, State and ZIP Code) | Who else had access to it? Address (Number, Street, City, State and ZIP Code) | Describe the contents | Do you still have it? |
| --- | --- | --- | --- |

22. **Have you stored property in a storage unit or place other than your home within 1 year before you filed for bankruptcy?**

☑ No
☐ Yes. Fill in the details.

| Name of Storage Facility Address (Number, Street, City, State and ZIP Code) | Who else has or had access to it? Address (Number, Street, City, State and ZIP Code) | Describe the contents | Do you still have it? |
| --- | --- | --- | --- |

**Part 9:** Identify Property You Hold or Control for Someone Else

23. **Do you hold or control any property that someone else owns? Include any property you borrowed from, are storing for, or hold in trust for someone.**

☐ No
☑ Yes. Fill in the details.

| Owner's Name Address (Number, Street, City, State and ZIP Code) | Where is the property? (Number, Street, City, State and ZIP Code) | Describe the property | Value |
| --- | --- | --- | --- |
| **Danielle Froio-Blumsack**<br>**2 Old Homestead Rd.**<br>**Groton, MA 01450** | **Temporarily in Joint Checking Account** | **Non-filing spouse's retirement funds** | **$73,344.43** |

Software Copyright (c) 1996-2021 Best Case, LLC - www.bestcase.com — Best Case Bankruptcy

Debtor 1    **Scott H Blumsack**

Case number *(if known)*    **21-40248**

| Owner's Name<br>**Address** (Number, Street, City, State and ZIP Code) | Where is the property?<br>(Number, Street, City, State and ZIP Code) | Describe the property | Value |
|---|---|---|---|
| **Mass Athletics, LLC<br>2 Old Homestead Rd.<br>Groton, MA 01450** | **2 Old Homestead Rd.<br>Groton, MA 01450** | **Printer and radar gun from the sports facility owned by Mass Athletics, LLC, worth approx $1000. Debtor does not directly own these supplies.** | **$1,000.00** |

**Part 10:**   Give Details About Environmental Information

For the purpose of Part 10, the following definitions apply:

■ *Environmental law* means any federal, state, or local statute or regulation concerning pollution, contamination, releases of hazardous or toxic substances, wastes, or material into the air, land, soil, surface water, groundwater, or other medium, including statutes or regulations controlling the cleanup of these substances, wastes, or material.

■ *Site* means any location, facility, or property as defined under any environmental law, whether you now own, operate, or utilize it or used to own, operate, or utilize it, including disposal sites.

■ *Hazardous material* means anything an environmental law defines as a hazardous waste, hazardous substance, toxic substance, hazardous material, pollutant, contaminant, or similar term.

Report all notices, releases, and proceedings that you know about, regardless of when they occurred.

24.  Has any governmental unit notified you that you may be liable or potentially liable under or in violation of an environmental law?

■ **No**
☐ **Yes. Fill in the details.**

| Name of site<br>**Address** (Number, Street, City, State and ZIP Code) | Governmental unit<br>**Address** (Number, Street, City, State and ZIP Code) | Environmental law, if you know it | Date of notice |
|---|---|---|---|

25.  Have you notified any governmental unit of any release of hazardous material?

■ **No**
☐ **Yes. Fill in the details.**

| Name of site<br>**Address** (Number, Street, City, State and ZIP Code) | Governmental unit<br>**Address** (Number, Street, City, State and ZIP Code) | Environmental law, if you know it | Date of notice |
|---|---|---|---|

26.  Have you been a party in any judicial or administrative proceeding under any environmental law? Include settlements and orders.

■ **No**
☐ **Yes. Fill in the details.**

| Case Title<br>Case Number | Court or agency<br>Name<br>**Address** (Number, Street, City, State and ZIP Code) | Nature of the case | Status of the case |
|---|---|---|---|

**Part 11:**   Give Details About Your Business or Connections to Any Business

27.  Within 4 years before you filed for bankruptcy, did you own a business or have any of the following connections to any business?

☐ A sole proprietor or self-employed in a trade, profession, or other activity, either full-time or part-time

■ A member of a limited liability company (LLC) or limited liability partnership (LLP)

☐ A partner in a partnership

☐ An officer, director, or managing executive of a corporation

☐ An owner of at least 5% of the voting or equity securities of a corporation

Debtor 1    **Scott H Blumsack**                                              Case number *(if known)*    **21-40248**

☐    No. None of the above applies. Go to Part 12.

■    Yes. Check all that apply above and fill in the details below for each business.

| Business Name<br>Address<br>(Number, Street, City, State and ZIP Code) | Describe the nature of the business<br><br>Name of accountant or bookkeeper | Employer Identification number<br>Do not include Social Security number or ITIN.<br><br>Dates business existed |
|---|---|---|
| **Mass Athletics, LLC<br>2 Old Homestead Rd.<br>Groton, MA 01450** | **Indoor baseball facility** | EIN:    **27-4709258**<br><br>From-To    **2011-2020** |

28.    Within 2 years before you filed for bankruptcy, did you give a financial statement to anyone about your business? Include all financial institutions, creditors, or other parties.

■    No

☐    Yes. Fill in the details below.

| Name<br>Address<br>(Number, Street, City, State and ZIP Code) | Date Issued |
|---|---|
| | |

**Part 12:    Sign Below**

I have read the answers on this *Statement of Financial Affairs* and any attachments, and I declare under penalty of perjury that the answers are true and correct. I understand that making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $250,000, or imprisonment for up to 20 years, or both.
18 U.S.C. §§ 152, 1341, 1519, and 3571.

**/s/ Scott H Blumsack**
**Scott H Blumsack**                                              Signature of Debtor 2
**Signature of Debtor 1**

Date    **April 23, 2021**                                       Date

Did you attach additional pages to *Your Statement of Financial Affairs for Individuals Filing for Bankruptcy* (Official Form 107)?
■ No
☐ Yes

Did you pay or agree to pay someone who is not an attorney to help you fill out bankruptcy forms?
■ No
☐ Yes. Name of Person _____. Attach the *Bankruptcy Petition Preparer's Notice, Declaration, and Signature* (Official Form 119).

| Fill in this information to identify your case: | | Check as directed in lines 17 and 21: |
|---|---|---|

Fill in this information to identify your case:

Debtor 1    **Scott H Blumsack**

Debtor 2
(Spouse, if filing)

United States Bankruptcy Court for the:    District of Massachusetts

Case number    **21-40248**
(if known)

Check as directed in lines 17 and 21:

According to the calculations required by this Statement:

■ 1. Disposable income is not determined under 11 U.S.C. § 1325(b)(3).

☐ 2. Disposable income is determined under 11 U.S.C. § 1325(b)(3).

■ 3. The commitment period is 3 years.

☐ 4. The commitment period is 5 years.

☐ Check if this is an amended filing

## Official Form 122C-1
## Chapter 13 Statement of Your Current Monthly Income and Calculation of Commitment Period

04/20

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for being accurate. If more space is needed, attach a separate sheet to this form. Include the line number to which the additional information applies. On the top of any additional pages, write your name and case number (if known).

**Part 1:    Calculate Your Average Monthly Income**

1. **What is your marital and filing status?** Check one only.

   ☐ **Not married**. Fill out Column A, lines 2-11.

   ■ **Married**. Fill out both Columns A and B, lines 2-11.

Fill in the average monthly income that you received from all sources, derived during the 6 full months before you file this bankruptcy case. 11 U.S.C. § 101(10A). For example, if you are filing on September 15, the 6-month period would be March 1 through August 31. If the amount of your monthly income varied during the 6 months, add the income for all 6 months and divide the total by 6. Fill in the result. Do not include any income amount more than once. For example, if both spouses own the same rental property, put the income from that property in one column only. If you have nothing to report for any line, write $0 in the space.

| | | Column A<br>Debtor 1 | Column B<br>Debtor 2 or<br>non-filing spouse |
|---|---|---|---|
| 2. | **Your gross wages, salary, tips, bonuses, overtime, and commissions** (before all payroll deductions). | $      0.00 | $      11,010.53 |
| 3. | **Alimony and maintenance payments.** Do not include payments from a spouse if Column B is filled in. | $      0.00 | $      0.00 |
| 4. | **All amounts from any source which are regularly paid for household expenses of you or your dependents, including child support.** Include regular contributions from an unmarried partner, members of your household, your dependents, parents, and roommates. Do not include payments from a spouse. Do not include payments you listed on line 3. | $      0.00 | $      0.00 |

5. **Net income from operating a business, profession, or farm**

   | | Debtor 1 | |
   |---|---|---|
   | Gross receipts (before all deductions) | $ | 0.00 |
   | Ordinary and necessary operating expenses | -$ | 0.00 |
   | Net monthly income from a business, profession, or farm | $ 0.00 | Copy here -> |

   $      0.00 | $      0.00

6. **Net income from rental and other real property**

   | | Debtor 1 | |
   |---|---|---|
   | Gross receipts (before all deductions) | $ | 0.00 |
   | Ordinary and necessary operating expenses | -$ | 0.00 |
   | Net monthly income from rental or other real property | $ 0.00 | Copy here -> |

   $      0.00 | $      0.00

Official Form 122C-1    **Chapter 13 Statement of Your Current Monthly Income and Calculation of Commitment Period**    **page 1**

Software Copyright (c) 1996-2021 Best Case, LLC - www.bestcase.com    Best Case Bankruptcy

Page 71 of 274

| Debtor 1 | **Scott H Blumsack** | Case number (*if known*) | **21-40248** |

|  |  | Column A<br>Debtor 1 | Column B<br>Debtor 2 or<br>non-filing spouse |
|---|---|---|---|
| 7. | **Interest, dividends, and royalties** | $ 0.00 | $ 0.00 |
| 8. | **Unemployment compensation** | $ 358.67 | $ 0.00 |

Do not enter the amount if you contend that the amount received was a benefit under the Social Security Act. Instead, list it here:

| For you | $ 0.00 |
| For your spouse | $ 0.00 |

9. **Pension or retirement income.** Do not include any amount received that was a benefit under the Social Security Act. Also, except as stated in the next sentence, do not include any compensation, pension, pay, annuity, or allowance paid by the United States Government in connection with a disability, combat-related injury or disability, or death of a member of the uniformed services. If you received any retired pay paid under chapter 61 of title 10, then include that pay only to the extent that it does not exceed the amount of retired pay to which you would otherwise be entitled if retired under any provision of title 10 other than chapter 61 of that title.

$ 0.00     $ 0.00

10. **Income from all other sources not listed above.** Specify the source and amount. Do not include any benefits received under the Social Security Act; payments made under the Federal law relating to the national emergency declared by the President under the National Emergencies Act (50 U.S.C. 1601 et seq.) with respect to the coronavirus disease 2019 (COVID-19); payments received as a victim of a war crime, a crime against humanity, or international or domestic terrorism; or compensation, pension, pay, annuity, or allowance paid by the United States Government in connection with a disability, combat-related injury or disability, or death of a member of the uniformed services. If necessary, list other sources on a separate page and put the total below.

| | $ 0.00 | $ 0.00 |
| | $ 0.00 | $ 0.00 |
| Total amounts from separate pages, if any. | + $ 0.00 | $ 0.00 |

11. **Calculate your total average monthly income.** Add lines 2 through 10 for each column. Then add the total for Column A to the total for Column B.

$ 358.67   + $ 11,010.53   = $ 11,369.20

Total average
monthly income

| **Part 2:** | **Determine How to Measure Your Deductions from Income** |

12. **Copy your total average monthly income from line 11.**    $ 11,369.20

13. **Calculate the marital adjustment.** Check one:

☐ You are not married. Fill in 0 below.

☐ You are married and your spouse is filing with you. Fill in 0 below.

☑ You are married and your spouse is not filing with you.

Fill in the amount of the income listed in line 11, Column B, that was NOT regularly paid for the household expenses of you or your dependents, such as payment of the spouse's tax liability or the spouse's support of someone other than you or your dependents.

Below, specify the basis for excluding this income and the amount of income devoted to each purpose. If necessary, list additional adjustments on a separate page.

If this adjustment does not apply, enter 0 below.

| **Nonfiling Spouse Debt** | $ 800.00 |
| | $ |
| | $ |
| Total | $ 800.00 | Copy here=> | - 800.00 |

14. **Your current monthly income.** Subtract line 13 from line 12.    $ 10,569.20

15. **Calculate your current monthly income for the year.** Follow these steps:

15a. Copy line 14 here=>    $ 10,569.20

| Debtor 1 | **Scott H Blumsack** | Case number (*if known*) | **21-40248** |

Multiply line 15a by 12 (the number of months in a year).

**x** 12

15b. The result is your current monthly income for the year for this part of the form. ...........................................

$  **126,830.40**

Official Form 122C-1     **Chapter 13 Statement of Your Current Monthly Income and Calculation of Commitment Period**     **page 3**

Software Copyright (c) 1996-2021 Best Case, LLC - www.bestcase.com     Best Case Bankruptcy

Page 73 of 274

Debtor 1    **Scott H Blumsack**                                          Case number (*if known*)    **21-40248**

---

16. **Calculate the median family income that applies to you.** Follow these steps:

    16a. Fill in the state in which you live.                    **MA**

    16b. Fill in the number of people in your household.          **4**

    16c. Fill in the median family income for your state and size of household. ...............................    $    **142,040.00**

    To find a list of applicable median income amounts, go online using the link specified in the separate instructions for this form. This list may also be available at the bankruptcy clerk's office.

17. **How do the lines compare?**

    17a. ■  Line 15b is less than or equal to line 16c. On the top of page 1 of this form, check box 1, *Disposable income is not determined under 11 U.S.C. § 1325(b)(3).* **Go to Part 3.** Do NOT fill out *Calculation of Your Disposable Income* (Official Form 122C-2).

    17b. ☐  Line 15b is more than line 16c. On the top of page 1 of this form, check box 2, *Disposable income is determined under 11 U.S.C. § 1325(b)(3).* **Go to Part 3 and fill out Calculation of Your Disposable Income (Official Form 122C-2).** On line 39 of that form, copy your current monthly income from line 14 above.

| **Part 3:** | **Calculate Your Commitment Period Under 11 U.S.C. § 1325(b)(4)** |
|---|---|

18. **Copy your total average monthly income from line 11** . .......................................    $    **11,369.20**

19. **Deduct the marital adjustment if it applies.** If you are married, your spouse is not filing with you, and you contend that calculating the commitment period under 11 U.S.C. § 1325(b)(4) allows you to deduct part of your spouse's income, copy the amount from line 13.

    19a. If the marital adjustment does not apply, fill in 0 on line 19a.                    -$    **800.00**

    19b. **Subtract line 19a from line 18.**                                            $    **10,569.20**

20. **Calculate your current monthly income for the year.**  Follow these steps:

    20a. Copy line 19b                                                       $    **10,569.20**

    Multiply by 12 (the number of months in a year).                            **x  12**

    20b. The result is your current monthly income for the year for this part of the form            $    **126,830.40**

    20c. Copy the median family income for your state and size of household from line 16c            $    **142,040.00**

21. **How do the lines compare?**

    ■  Line 20b is less than line 20c. Unless otherwise ordered by the court, on the top of page 1 of this form, check box 3, *The commitment period is 3 years.* Go to Part 4.

    ☐  Line 20b is more than or equal to line 20c. Unless otherwise ordered by the court, on the top of page 1 of this form, check box 4, *The commitment period is 5 years.* Go to Part 4.

| **Part 4:** | **Sign Below** |
|---|---|

By signing here, under penalty of perjury I declare that the information on this statement and in any attachments is true and correct.

**X  /s/ Scott H Blumsack**
   **Scott H Blumsack**
   Signature of Debtor 1

Date  **April 23, 2021**
      MM / DD  / YYYY

If you checked 17a, do NOT fill out or File Form 122C-2.

If you checked 17b, fill out Form 122C-2 and file it with this form. On line 39 of that form, copy your current monthly income from line 14 above.

---

| Debtor 1 | **Scott H Blumsack** | Case number (*if known*) | **21-40248** |

## Current Monthly Income Details for the Debtor

**Debtor Income Details:**
Income for the Period **10/01/2020** to **03/31/2021**.

**Line 8 - Unemployment compensation (included in CMI)**
Source of Income: **DUA Unemployment**
Income by Month:

| | | |
|---|---|---|
| 6 Months Ago: | **10/2020** | **$1,345.00** |
| 5 Months Ago: | **11/2020** | **$807.00** |
| 4 Months Ago: | **12/2020** | **$0.00** |
| 3 Months Ago: | **01/2021** | **$0.00** |
| 2 Months Ago: | **02/2021** | **$0.00** |
| Last Month: | **03/2021** | **$0.00** |
| | Average per month: | **$358.67** |

| Debtor 1 | **Scott H Blumsack** | Case number (*if known*) | **21-40248** |
|---|---|---|---|

## Current Monthly Income Details for the Debtor's Spouse

**Spouse Income Details**:
Income for the Period **10/01/2020** to **03/31/2021**.

**Line 2 - Gross wages, salary, tips, bonuses, overtime, commissions**
Source of Income: **Wages**
Year-to-Date Income:
Last Year:
Starting Year-to-Date Income:  **$102,298.38**  from check dated  **9/24/2020**  .
Ending Year-to-Date Income:  **$137,735.18**  from check dated  **12/31/2020**  .

This Year:
Current Year-to-Date Income:  **$30,626.40**  from check dated  **3/25/2021**  .

Income for six-month period (Current+(Ending-Starting)):  **$66,063.20**  .
Average Monthly Income:  **$11,010.53**  .

Official Form 122C-1    **Chapter 13 Statement of Your Current Monthly Income and Calculation of Commitment Period**    **page 6**

Software Copyright (c) 1996-2021 Best Case, LLC - www.bestcase.com    Best Case Bankruptcy

Page 76 of 274

*OLF3 (Official Local Form 3)*
*Effective December 1, 2017*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MASSACHUSETTS**

In re:                                                                     Case No.:  **21-40248**
    **Scott H Blumsack**                                        Chapter 13
        Debtor(s)

**CHAPTER 13 PLAN**

*Check one.* This plan is:
- ☑ Original
- ☐ Amended *(Identify First, Second, Third, etc.)*
- ☐ Postconfirmation *(Date Order Confirming Plan Was Entered: _____ )*

Date this plan was filed:  **April 26, 2021** _____

| PART 1: | NOTICES |
|---|---|

**TO ALL INTERESTED PARTIES:**
You should review carefully the provisions of this Plan as your rights may be affected. In the event the Court enters an order confirming this Plan, its provisions may be binding upon you. The provisions of this Plan are governed by statutes and rules of procedure, including Title 11 of the United States Code (the "Bankruptcy Code"), the Federal Rules of Bankruptcy Procedure ("Fed. R. Bankr. P."), the Massachusetts Local Bankruptcy Rules ("MLBR"), and, in particular, the Chapter 13 rules set forth in Appendix 1 of MLBR, all of which you should consult.

**TO CREDITORS:**
Your rights may be affected by this Plan. Your claim may be reduced, modified, or eliminated. Read this Plan carefully and discuss it with your attorney. If you do not have an attorney, you may wish to consult with one. If you oppose this Plan's treatment of your claim or any other provision of this Plan, you or your attorney **must** file with the Court an objection to confirmation on or before the later of (i) thirty (30) days after the date on which the first Meeting of Creditors pursuant to 11 U.S.C. § 341 is held or (ii) thirty (30) days after service of an amended or modified Plan, unless the Court orders otherwise. A copy of your objection must be served on the Debtor(s), the attorney for the Debtor(s), and the Chapter 13 Trustee (the "Trustee"). The Bankruptcy Court may confirm this Plan if no objection to confirmation is filed or if it overrules an objection to confirmation. You have received or will receive a Notice of Chapter 13 Bankruptcy Case from the Bankruptcy Court which sets forth certain deadlines, including the bar date for filing a Proof of Claim. **To receive a distribution, you must file a Proof of Claim.**

**TO DEBTOR(S):**
You (or your attorney) are required to serve a copy of this Plan on all creditors in the manner required under the Bankruptcy Code, the Fed. R. Bankr. P., and MLBR. Unless the Court orders otherwise, you must commence making payments not later than the earlier of (i) thirty (30) days after the date of the filing of this Plan or (ii) thirty (30) days after the order for relief. **You must check a box on each line below to state whether or not this Plan includes one or more of the following provisions. If you check the provision "Not Included," if you check both boxes, or if you do not check a box, any of the following provisions will be void if set forth later in this Plan. Failure to properly complete this section may result in denial of confirmation of this Plan.**

**FOR EACH LINE BELOW, DO NOT CHECK BOTH BOXES; DO NOT LEAVE BOTH BOXES BLANK.**

| 1.1 | A limit on the amount of a secured claim, set out in Part 3.B.1, which may result in a partial payment or no payment at all to the secured creditor. | ☐ Included | ☑ Not Included |
|---|---|---|---|
| 1.2 | Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in Part 3.B(3). | ☐ Included | ☑ Not Included |
| 1.3 | Nonstandard provisions, set out in Part 8. | ☑ Included | ☐ Not Included |

| PART 2: | PLAN LENGTH AND PAYMENTS |
|---|---|

**A.**   **LENGTH OF PLAN:**

- ☑ 36 Months. 11 U.S.C. § 1325(b)(4)(A)(i);
- ☐ 60 Months. 11 U.S.C. § 1325(b)(4)(A)(ii);

- ☐   Months. 11 U.S.C. § 1322(d)(2). The Debtor(s) states the following cause:

_____

**B.**   **PROPOSED MONTHLY PAYMENTS:**

| Monthly Payment Amount | Number of Months |
|---|---|

| 250.00 | 36 |
|---|---|

**C.    ADDITIONAL PAYMENTS:**

*Check one.*

☑ (b)    **None.** *If "None" is checked, the rest of Part 2.C need not be completed and may be deleted from this Plan.*

**The total amount of Payments to the Trustee [B+C]:**                                **$9,000.00**.
*This amount must be sufficient to pay the total cost of this Plan in Exhibit 1, Line h.*

| PART 3: | SECURED CLAIMS |
|---|---|

☐    **None.** *If "None" is checked, the rest of Part 3 need not be completed and may be deleted from this Plan.*

**A.    CURE OF DEFAULT AND MAINTENANCE OF PAYMENTS:**

*Check one.*

☐    **None.** *If "None" is checked, the rest of Part 3.A need not be completed and may be deleted from this Plan.*
☑    **Any Secured Claim(s) in default shall be cured and payments maintained as set forth in (1) and/or (2) below.**
      *Complete (1) and/or (2).*

**(1) PREPETITION ARREARS TO BE PAID THROUGH THIS PLAN**

Prepetition arrearage amounts are to be paid through this Plan and disbursed by the Trustee. Unless the Court orders otherwise, the amount(s) of prepetition arrears listed in an allowed Proof of Claim controls over any contrary amount(s) listed below. Unless the Court orders otherwise, if relief from the automatic stay is granted as to any collateral listed in this paragraph, all payments paid through this Plan as to that collateral will cease upon entry of the order granting relief from stay.

(a) Secured Claim(s) (Principal Residence)
Address of the Principal Residence: _____
The Debtor(s) estimates that the fair market value of the Principal Residence is: $ _____

| Name of Creditor | Type of Claim (*e.g., mortgage, lien*) | Amount of Arrears |
|---|---|---|
| -NONE- | | |

Total of prepetition arrears on Secured Claim(s) (Principal Residence): $**0.00**

(b) Secured Claim(s) (Other)

| Name of Creditor | Type of Claim | Description of Collateral (*or address of real property*) | Amount of Arrears |
|---|---|---|---|
| -NONE- | | | |

Total of prepetition arrears on Secured Claim(s) (Other): $**0.00**
**Total prepetition arrears to be paid through this Plan [(a) + (b)]: $0.00**

**(2) MAINTENANCE OF CONTRACTUAL INSTALLMENT PAYMENTS (TO BE PAID DIRECTLY TO CREDITORS):**

Contractual installment payments are to be paid *directly* by the Debtor(s) to creditor(s). The Debtor(s) will maintain the contractual installment payments as they arise postpetition on the secured claims listed below with any changes required by the applicable contract and noticed in conformity with any applicable rules.

| Name of Creditor | Type of Claim | Description of Collateral |
|---|---|---|
| Flagstar Bank FSB | First Mortgage | 2 Old Homestead Rd. Groton, MA 01450 Middlesex County |
| Hanscom Federal Credit Union | Second Mortgage (First LOC) | 2 Old Homestead Rd. Groton, MA 01450 Middlesex County |
| Hanscom Federal Credit Union | Second Mortgage (Second LOC) | 2 Old Homestead Rd. Groton, MA 01450 Middlesex County |

**B.    MODIFICATION OF SECURED CLAIMS:**

*Check one.*

☑        **None.** *If "None" is checked, the rest of Part 3.B need not be completed and may be deleted from this Plan.*

**C.    SURRENDER OF COLLATERAL:**

*Check one.*

☑        **None.** *If "None" is checked, the rest of Part 3.C need not be completed and may be deleted from this Plan.*

| PART 4: | PRIORITY CLAIMS |
|---|---|

*Check one*

☐        **None.** *If "None" is checked, the rest of Part 4 need not be completed and may be deleted from this Plan.*

☑        **The following priority claim(s) will be paid in full without postpetition interest. Unless the Court orders otherwise, the amount of the priority portion of a filed and allowed Proof of Claim controls over any contrary amount listed below.**

**A.    DOMESTIC SUPPORT OBLIGATIONS:**

| Name of Creditor | Description of Claim | Amount of Claim |
|---|---|---|
| -NONE- | | |

**B.    OTHER PRIORITY CLAIMS (Except Administrative Expenses):**

| Name of Creditor | Description of Claim | Amount of Claim |
|---|---|---|
| -NONE- | | |

Total of Priority Claim(s) (except Administrative Expenses) to be paid through this Plan: **$0.00**

**C.    ADMINISTRATIVE EXPENSES:**

**(1) ATTORNEY'S FEES:**

| Name of Attorney | Attorney's Fees |
|---|---|
| Dmitry Lev 665236 | $3,000.00 |

If the attorney's fees exceed the amount set forth in MLBR, Appendix 1, Rule 13-7, the Trustee may not pay any amount exceeding that sum until such time as the Court approves a fee application. If no fee application is approved, any plan payments allocated to attorney's fees in excess of MLBR Appendix 1, Rule 13-7 will be disbursed to other creditors up to a 100% dividend.

**(2) OTHER** *(Describe)*:

| -NONE- |
|---|
| |

Total Administrative Expenses (excluding the Trustee's Commission) to be paid through this Plan [(1) + (2)]: **$3,000.00**

**(3) TRUSTEE'S COMMISSION:**

The Debtor shall pay the Trustee's commission as calculated in Exhibit 1.

The Chapter 13 Trustee's fee is determined by the United States Attorney General. The calculation of the Plan payment set forth in Exhibit 1, Line (h) utilizes a 10% Trustee's commission. In the event the Trustee's commission is less than 10%, the additional funds collected by the Trustee, after payment of any allowed secured and priority claim(s), and administrative expense(s) as provided for in this Plan, shall be disbursed to nonpriority unsecured creditors up to 100% of the allowed claims.

| PART 5: | NON PRIORITY UNSECURED CLAIMS |
|---|---|

*Check one.*

☐ **None.** *If "None" is checked, the rest of Part 5 need not be completed and may be deleted from this Plan.*

☑ **Any allowed nonpriority unsecured claim(s) other than those set forth in Part 5.F will be paid as stated below. Only a creditor holding an allowed claim is entitled to a distribution.**

☑ Fixed Amount ("Pot Plan"): each creditor with an allowed claim shall receive a pro rata share of $ **5,100.00** , which the Debtor(s) estimates will provide a dividend of **1** %.

☐ Fixed Percentage: each creditor with an allowed claim shall receive no less than ___% of its allowed claim.

A.    **GENERAL UNSECURED CLAIMS:**                                      $**557,297.94**

B.    **UNSECURED OR UNDERSECURED CLAIMS AFTER MODIFICATION IN PART 3.B OR 3.C:**

| Name of Creditor | Description of Claim | Amount of Claim |
|---|---|---|
| -NONE- | | |

C.    **NONDISCHARGEABLE UNSECURED CLAIMS** (*e.g., student loans*)**:**

| Name of Creditor | Description of Claim | Amount of Claim |
|---|---|---|
| Navient | Student Loans | $20,893.07 |

D.    **CLAIMS ARISING FROM REJECTION OF EXECUTORY CONTRACTS OR LEASES:**

| Name of Creditor | Description of Claim | Amount of Claim |
|---|---|---|
| -NONE- | | |

E.    **TOTAL TO BE PAID TO NONPRIORITY UNSECURED CREDITORS THROUGH THIS PLAN:**

The amount paid to nonpriority unsecured creditor(s) is not less than that required under the Liquidation Analysis set forth in Exhibit 2.

Total Nonpriority unsecured Claims [A + B + C + D]: $**578,191.01**

Enter Fixed Amount (Pot Plan) or multiply total nonpriority unsecured claim(s) by Fixed Percentage and enter that amount: $**5,100.00**

F.    **SEPARATELY CLASSIFIED UNSECURED CLAIMS** (*e.g., co-borrower*)**:**

| Name of Creditor | Description of Claim | Amount of Claim | Treatment of Claim | Basis for Separate Classification |
|---|---|---|---|---|
| -NONE- | | | | |

Total of separately classified unsecured claim(s) to be paid through this Plan: $**0.00**

| PART 6: | EXECUTORY CONTRACTS AND UNEXPIRED LEASES |
|---|---|

*Check one.*

☑ **None.** *If "None" is checked, the rest of Part 6 need not be completed and may be deleted from this Plan.*

| PART 7: | POSTCONFIRMATION VESTING OF PROPERTY OF THE ESTATE |
|---|---|

If the Debtor(s) receives a discharge, property of the estate will vest in the Debtor(s) upon entry of the discharge. If the Debtor(s) does not receive a discharge, property of the estate will vest upon the earlier of (i) the filing of the Chapter 13 Standing Trustee's Final Report and Account and the closing of the case or (ii) dismissal of the case.

| PART 8: | NONSTANDARD PLAN PROVISIONS |
|---|---|

☐ **None.** *If "None" is checked, the rest of Part 8 need not be completed and may be deleted from this Plan.*

Software Copyright (c) 1996-2021 Best Case, LLC - www.bestcase.com                                   Best Case Bankruptcy

☑    **This Plan includes the following nonstandard provisions.** *Under Fed. R. Bankr. P. 3015(c), each nonstandard provision must be set forth below in a separately numbered sentence or paragraph. A nonstandard provision is a provision not otherwise included in Official Local Form 3, or which deviates from Official Local Form 3. Nonstandard provisions set forth elsewhere in this Plan are ineffective. To the extent the provisions in Part 8 are inconsistent with other provisions of this Plan, the provisions of Part 8 shall control if the box "Included" is checked in Part 1, Line 1.3.*

**1.  The "Potential Counterclaims in Rielly, Kevin M et al vs. Blumsack, Scott H et al, Docket No. 1581CV03645" are listed as Unknown value on Schedule A/B, Line 34.  No exemption is claimed.  In the unlikely event a recovery is realized, the funds (after any applicable fees and costs as approved by the Court) will be contributed to the Plan for the benefit of unsecured creditors.**

## PART 9:                                    SIGNATURES

By signing this document, Debtor(s) acknowledges reviewing and understanding the provisions of this Plan and the Exhibits filed as identified below.

By signing this document, the Debtor(s) and, if represented by an attorney, the attorney for the Debtor(s), certifies that the wording and order of the provisions in this Plan are identical to those contained in Official Local Form 3, including the Exhibits identified below, other than any Nonstandard Plan Provisions in Part 8.

**/s/ Scott H Blumsack**                                **April 23, 2021**
_____                        _____
**Scott H Blumsack**                                   Date
Debtor

_____                        _____
Debtor                                           Date

**/s/ Dmitry Lev**                          Date    **April 23, 2021**
_____                        _____
Signature of attorney for Debtor(s)
**Dmitry Lev 665236**
**665236 MA**
**Law Offices of D. Lev, PC**
**134 Main St.**
**Watertown, MA 02472**
**617-556-9990**
**dlev@levlaw.net**

The following Exhibits are filed with this Plan:
☑  **Exhibit 1: Calculation of Plan Payment***
☑  Exhibit 2: Liquidation Analysis*
☐  Exhibit 3: Table for Lien Avoidance under 11 U.S.C. § 522(f)**
☐  Exhibit 4: [Proposed] Order Avoiding Lien Impairing Exemption**

*List additional exhibits if applicable.*
_____

*Denotes a required Exhibit in every plan
**Denotes a required Exhibit if the box "Included" is checked in Part 1, Line 1.2.

**Total number of Plan pages, included Exhibits:** 8

Software Copyright (c) 1996-2021 Best Case, LLC - www.bestcase.com                                Best Case Bankruptcy

## EXHIBIT 1

### CALCULATION OF PLAN PAYMENT

| | | |
|---|---|---:|
| a) | Secured claims (Part 3.A and Part 3.B.1-3 Total): | $0.00 |
| b) | Priority claims (Part 4.A and Part 4.B Total): | $0.00 |
| c) | Administrative expenses (Part 4.C.1 and 4.C.2 Total): | $3,000.00 |
| d) | Nonpriority unsecured claims (Part 5.E Total): | $5,100.00 |
| e) | Separately classified unsecured claims (Part 5.F Total): | $0.00 |
| f) | Executory contract/lease arrears claims (Part 6 Total): | $0.00 |
| g) | Total of (a) + (b) + (c) + (d) + (e) + (f): | $8,100.00 |
| h) | Divide (g) by .90 for total Cost of Plan including the Trustee's fee: | $9,000.00 |
| i) | Divide (h), Cost of Plan, by term of Plan, **36** months: | $250.00 |
| j) | Round **up** to the nearest dollar amount for Plan payment: | $250.00 |

***If this is either an amended Plan and the Plan payment has changed, or if this is a postconfirmation amended Plan, complete(a) through (h) only and the following:***

| | | |
|---|---|---|
| k) | Enter total amount of payments the Debtor(s) has paid to the Trustee: | |
| l) | Subtract line (k) from line (h) and enter amount here: | |
| m) | Divide line (l) by the number of months remaining ( months): | |
| n) | Round up to the nearest dollar amount for amended Plan payment: | |

Date the amended Plan payment shall begin: _____

Software Copyright (c) 1996-2021 Best Case, LLC - www.bestcase.com

Best Case Bankruptcy

**EXHIBIT 2**

**LIQUIDATION ANALYSIS**

**A. REAL PROPERTY**

| Address<br>(Sch. A/B, Part 1) | Value<br>(Sch. A/B, Part 1) | Lien<br>(Sch. D, Part 1) | Exemption<br>(Sch. C) |
|---|---|---|---|
| 2 Old Homestead Rd. Groton, MA 01450  Middlesex County | 663,927.00 | 456,045.00 | 500,000.00 |

| | |
|---|---|
| Total Value of Real Property (Sch. A/B, line 55): | $  663,927.00 |
| Total Net Equity for Real Property (Value Less Liens): | $  207,882.00 |
| Less Total Exemptions for Real Property (Sch. C): | $  207,882.00 |
| Amount Real Property Available in Chapter 7: | $  0.00 |

**B. MOTOR VEHICLES**

| Make, Model and Year<br>(Sch. A/B, Part 2) | Value<br>(Sch. A/B, Part 2) | Lien<br>(Sch. D, Part 1) | Exemption<br>(Sch. C) |
|---|---|---|---|
| 2010 Mitsubishi Outlander 140,000 miles Failed inspection, off the road, not insured. | 2,500.00 | 0.00 | 2,500.00 |

| | |
|---|---|
| Total Value of Motor Vehicles (Sch. A/B, line 55): | $  2,500.00 |
| Total Net Equity for Motor Vehicles (Value Less Liens): | $  2,500.00 |
| Less Total Exemptions for Motor Vehicles (Sch. C): | $  2,500.00 |
| Amount Motor Vehicle Available in Chapter 7: | $  0.00 |

**C. ALL OTHER ASSETS** (Sch. A/B Part 2, no. 4; Part 3 through Part 7. Itemize.)

| Asset | Value | Lien<br>(Sch. D, Part 1) | Exemption<br>(Sch. C) |
|---|---|---|---|
| Usual Household Goods and Furnishings (owned jointly with non-filing spouse, value reflected at 50% FMV) | 7,500.00 | 0.00 | 7,500.00 |
| 5 TVs (owned jointly with non-filing spouse, value reflected at 50% FMV), iMac, iPhone 10, Camera | 1,500.00 | 0.00 | 1,500.00 |
| Guitars, ukuleles, musical equipment, sporting goods, bike | 2,500.00 | 0.00 | 2,500.00 |
| 3 handguns (stored at Debtor's father's house) with accessories | 3,000.00 | 0.00 | 3,000.00 |
| Men's Apparel | 700.00 | 0.00 | 700.00 |
| Wedding band, watch | 1,075.00 | 0.00 | 1,075.00 |
| Dog | 0.00 | 0.00 | 0.00 |
| Cash | 20.00 | 0.00 | 20.00 |
| Checking: Citizens Bank (Joint) | 85.17 | 0.00 | 85.17 |
| Savings: Citizens Bank (Joint) | 900.00 | 0.00 | 900.00 |
| Mass Athletics, LLC 50 % ownership | 0.00 | 0.00 | 0.00 |
| Defined Contribution 401(a): YMCA Retirement Fund | 48,823.04 | 0.00 | 48,823.04 |
| State Retirement: Massachusetts Deferred Compensation SMART Plan | 2,094.59 | 0.00 | 2,094.59 |

Software Copyright (c) 1996-2021 Best Case, LLC - www.bestcase.com

Best Case Bankruptcy

| Asset | Value | Lien (*Sch. D, Part 1*) | Exemption (*Sch. C*) |
|---|---|---|---|
| **State and Federal: Potential tax refunds for 2019-2020** | **2,000.00** | **0.00** | **500.00** |
| **Denial Unemployment Claims (Nov 2020 - filing date) (estimated)** | **8,706.00** | **0.00** | **8,706.00** |
| **Auto and Homeowners insurance joint w non-filing spouse Beneficiary: Debtor and Spouse** | **0.00** | **0.00** | **0.00** |
| **Health Insurance under non-filing spouse** | **0.00** | **0.00** | **0.00** |
| **Potential Counterclaims in Rielly, Kevin M et al vs. Blumsack, Scott H et al, Docket No. 1581CV03645.** | **Unknown (see Part VIII.1)** | **0.00** | **0.00** |
| **Printer and radar gun from the sports facility owned by Mass Athletics, LLC, worth approx $1000.  Debtor does not directly own these supplies, Debtor's interest reflected as $0.** | **0.00** | **0.00** | **0.00** |

| | |
|---|---|
| **Total Value of All Other Assets:** | $ 78,903.80 |
| **Total Net Equity for All Other Assets** (*Value Less Liens*): | $ 78,903.80 |
| **Less Total Exemptions for All Other Assets**: | $ 77,403.80 |
| **Amount of All Other Assets Available in Chapter 7:** | $ 1,500.00 |

### D. SUMMARY OF LIQUIDATION ANALYSIS

| Amount available in Chapter 7 | Amount | |
|---|---|---|
| A. Amount Real Property Available in Chapter 7 (*Exhibit 2, A*) | $ | 0.00 |
| B. Amount Motor Vehicles Available in Chapter 7 (*Exhibit 2, B*) | $ | 0.00 |
| C. Amount All Other Assets Available in Chapter 7 (*Exhibit 2, C*) | $ | 1,500.00 |

**TOTAL AVAILABLE IN CHAPTER 7:**     $ _____ 1,500.00

### E. ADDITIONAL COMMENTS REGARDING LIQUIDATION ANALYSIS:

| |
|---|
| **See Part VIII.1.** |

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MASSACHUSETTS**
**CENTRAL DIVISION**

```
In re:
   Scott H. Blumsack,
        Debtor
```
                                    Case No. 21-40248
                                    Chapter 13

**CERTIFICATE OF SERVICE**

I, Dmitry Lev, hereby certify that on April 26, 2021, in accordance with the Bankruptcy Rules and the Local Bankruptcy Rules of this Court, I electronically filed the Debtor's Chapter 13 Plan in this matter with the United States Bankruptcy Court for the District of Massachusetts using the CM/ECF system.

On information and belief, a Notice of Electronic Filing was contemporaneously transmitted to the following CM/ECF participants electronically:
- For the United States Trustee:  Richard King
- For the Chapter 13 Trustee:  Denise M. Pappalardo
- For Creditor Matrix Financial Services Corp.:  Richard T. Mulligan

Pursuant to MEFR 9, "Transmission by the Court of the 'Notice of Electronic Filing' constitutes service or notice of the filed document…"

I further certify that on April 26, 2021, I caused a copy of the aforementioned document(s) to be served via first class mail, sufficient postage prepaid, upon the parties listed on the attached sheet(s), unless other permitted means of service is indicated thereupon.

Respectfully submitted,
/s/  Dmitry Lev
Dmitry Lev, Esq. BBO # 665236
Law Offices of D. Lev, PC
134 Main Street
Watertown, MA 02472
(617) 556-9990 office
(617) 830-0005 fax
dlev@levlaw.net

Dated:  April 26, 2021

Scott H. Blumsack
2 Old Homestead Rd.
Groton, MA 01450-1556

Brian R. Brazell
34 Olive St.
Winchester, MA 01890-2027

Brian S. Blumsack
1 Drummond Rd.
Stoneham, MA 02180-2120

Capital One
PO Box 30285
Salt Lake City, UT 84130-0285

Century Bank
400 Mystic Ave.
Medford, MA 02155-6316

(p)JPMORGAN CHASE BANK  N A
BANKRUPTCY MAIL INTAKE TEAM
700 KANSAS LANE FLOOR 01
MONROE LA 71203-4774

Citi Cards
PO Box 6500
Sioux Falls, SD 57117-6500

Danielle Froio-Blumsack
2 Old Homestead Rd.
Groton, MA 01450-1556

(p)DISCOVER FINANCIAL SERVICES LLC
PO BOX 3025
NEW ALBANY OH 43054-3025

Discover Bank
Discover Products Inc
PO Box 3025
New Albany, OH 43054-3025

Emerson Dental, PC
133 Littleton Rd., Ste 201
Westford, MA 01886-3198

(p)FLAGSTAR BANK FSB
5151 CORPORATE DRIVE
MAIL STOP E 115 3
TROY MI 48098-2639

(p)HANSCOM FEDERAL CREDIT UNION
25 PORTER RD
STE 100
LITTLETON MA 01460-1434

Kevin M. Rielly
29 Maple St.
West Newbury, MA 01985-1502

Richard King - ECF
Office of US. Trustee
446 Main Street
14th Floor
Worcester, MA 01608-2361

Dmitry Lev - ECF
Law Offices of D. Lev, PC
134 Main Street
Watertown, MA 02472-4416

Mass Athletics, LLC
2 Old Homestead Rd.
Groton, MA 01450-1556

Mass. Dept. of Revenue Attn: Bankruptcy Unit
P.O. Box 9564
Boston, MA 02114-9564

Matthew T. McDonough, Esq.
482 Broadway
Somerville, MA 02145-2608

Richard T. Mulligan - ECF
Bendett and McHugh, PC
60 Man-Mar Drive, Suite 7
Plainville, MA 02762-2270

Navient
PO Box 9635
Wilkes-Barre, PA 18773-9635

Navient Solutions, LLC. on behalf of
ECMC
PO BOX 16408
St Paul, MN 55116-0408

Denise M. Pappalardo - ECF
P. O. Box 16607
Worcester, MA 01601-6607

Steven A. Grant, Esq.
Law Office of Steven A. Grant
200 Walnut St
Suite 2E
Saugus, MA 01906-1158

The Graphic Edge, LLC
155 Seward Rd.
PO Box 757
Rutland, VT 05702-0757

Transworld Systems, Inc.
500 Virginia Dr., Ste 514
Fort Washington, PA 19034-2733

US Bank National Association ND
PO Box 6352
Fargo, ND 58125-6352

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

Chase
PO Box 15298
Wilmington, DE 19850

Discover
PO Box 30943
Salt Lake City, UT 84130

Flagstar Bank FSB
5151 Corporate Dr.
Troy, MI 48098

Hanscom Federal Credit Union
25 Porter Road, Ste 100
Littleton, MA 01460

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MASSACHUSETTS

In re          )
           )
 SCOTT BLUMSACK,    )  Chapter 13
           )  Case No. 21-40248-EDK
      Debtor(s) )
           )
           )

## CHAPTER 13 TRUSTEE'S OBJECTION TO
## CONFIRMATION OF THE DEBTOR'S CHAPTER 13 PLAN

NOW COMES Denise M. Pappalardo, the Standing Chapter 13 Trustee (the "Trustee"),

and hereby objects to confirmation of the Debtor's Chapter 13 Plan (the "Plan").  In support

hereof the Trustee submits the following:

1.  On April 1, 2021, the Debtor filed for relief under Chapter 13 of the United States

Bankruptcy Code, 11 U.S.C. §§ 101 et seq. as amended by the Bankruptcy Abuse Prevention and

Consumer Protection Act of 2005 (the "Act").

2.  On April 30, 2021, the Trustee presided at a § 341 meeting of creditors (the

"Meeting").[1]  The Debtor appeared at that time and gave testimony under oath concerning his

Schedules and Statement of Financial Affairs.

3.  The Debtor's excess income on Schedules "I" and "J" is $250.84 per month. The

Debtor is below the applicable median income.

4.  The Plan provides for payments of $250.00 for 36 months.  The unsecured claims,

which total $578,191.01, will be paid from a pot totaling $5,100.00. The estimated dividend is

---

[1]On May 21, 2021, the Court allowed the Motion to Extend Time for the Trustee to File
an Objection to Confirmation of the Plan and Exemptions to June 25, 2021.

.8%. The Trustee objects to confirmation on three grounds.

### OBJECTION PURSUANT TO §1325(b)(1)(B)

5. The Debtor is not providing for all his projected disposable income to be received in the applicable commitment period as set forth in §1325(b)(1)(B). The Debtor lists a mortgage payment on Schedule "J" of $3,172.00. Based on Schedule "J", the mortgage is in deferral until July, 2021. As a result, the Debtor has the additional sum of $6,344.00 to devote to the Plan representing the May, 2021 and June, 2021 mortgage payments which were not paid by the Debtor.

### OBJECTION PURSUANT TO §1325(a)(4)

6. Pursuant to § 1325(a)(4) of the Code, the plan must provide that the value, as of the effective date of the plan, of property to be distributed under the plan on account of each allowed unsecured claim is not less than the amount that would be paid on such claim if the estate of the debtor were liquidated under chapter 7 of this title on such date.

7. Pursuant to Schedule "B", documents produced by the Debtor and his testimony at the Meeting, the Debtor and his spouse had the sum of $73,429.60 in a joint checking account at Citizens Bank as of the petition date. The Debtor listed the "current value" of the checking account on Schedule "B" as $85.17 as he contends "funds in excess of $85.17 are attributable to non-filing spouse's retirement withdrawal/rollover and those funds do not belong to the Debtor". The Trustee contends that as the Debtor has full and unfettered access to the checking account, the funds are property of the estate. *See, Noonan v. Rauh (In re Rauh),* 164 B.R. 419, 423 (D. Mass. 1994)(The source of the funds in a joint bank account is immaterial. Because of the marital relationship, when a joint account is created it is presumed one spouse intended to make a

gift to the other subject to withdrawal rights). *See also, Blanchette v. Blanchette*, 362 Mass. 518, 523-524, 287 N.E. 2d 459 (1972)(The effect of a deposit in a joint bank account is a present and complete gift of any contract right.  The party seeking to show that a transaction should not be taken at face value has the burden of proof.)

8.  Deducting priority claims of $2,912.00, in a hypothetical Chapter 7 liquidation, the unsecured creditors would be entitled to the sum of $70,517.60.  This is equivalent to a dividend of 12%.  As the Debtor is providing a dividend of .08%, confirmation should be denied.

## OBJECTION TO TREATMENT OF CLAIMS

9.  The Plan fails to provide for the secured claim of Matrix Financial Services Corp. in the amount of $42,245.85 as set forth in §1325(a)(5).

10.  In addition, the Plan fails to provide for the priority claim of the Massachusetts Department of Revenue in the amount of $2,912.00 as set forth in §1322(a)(2).

11.  Given the above, confirmation should be denied.


WHEREFORE, the Trustee requests this Court:

1.    Deny confirmation of the Debtor's Chapter 13 Plan;

2.      Grant such other and further relief as it deems just and necessary.

Respectfully submitted,
Standing Chapter 13 Trustee


Dated:   June 24, 2021                        /s/ Denise M. Pappalardo
Denise M. Pappalardo, Trustee
BBO # 553293
Joanne Zoto Psilos, Staff Attorney
BBO # 556997
P.O. Box 16607
Worcester, MA 01601
(508) 791-3300
denisepappalardo@ch13worc.com

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the within was sent to the Debtor, Debtor's
counsel of record, and those parties who filed an appearance by first class mail, postage prepaid.


Dated: June 24, 2021                        /s/ Denise M. Pappalardo
Denise M. Pappalardo, Trustee
BBO # 553293
Joanne Zoto Psilos, Staff Attorney
BBO # 556997
P.O. Box 16607
Worcester, MA 01601
(508) 791-3300
denisepappalardo@ch13worc.com

## SERVICE LIST

Dmitry Lev, Esq.
134 Main Street
Watertown, MA 02472

Scott Blumsack
2 Old Homestead Road
Groton, MA 01450

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MASSACHUSETTS**
**CENTRAL DIVISION**

```
In re:
   Scott H. Blumsack,
      Debtor
```

Case No. 21-40248
Chapter 13

### DEBTOR'S OPPOSITION TO CHAPTER 13 TRUSTEE'S OBJECTION TO CONFIRMATION OF DEBTOR'S CHAPTER 13 PLAN

**COMES NOW** Scott H. Blumsack, the Debtor in the above-captioned matter, and through counsel respectfully opposes the Objection to Confirmation filed by the Chapter 13 Trustee (hereinafter "Trustee").

In support of his opposition, the Debtor responds to each allegation in the Objection as follows:

1. Admitted.

2. Admitted.

3. Admitted.

4. Admitted, except that the bar date for filing Proofs of Claim (except government) has now expired, and the actual unsecured claim total $20,760.58, as well as a student loan claim in the amount of $21,360.21.  Accordingly, the dividend proposed by the pot plan is actually 12% if the student loan claim is included in the dividend, and 25% if the student loan is not paid a plan dividend, as this claim can be treated pursuant to § 1322(b)(5).

5. Denied.  While the Debtor agrees that the mortgage
payments were in forbearance until July 2021 as reflected
on Schedule J (now extended through October 2021, see Doc.
No. 45), the forbearance does not alter the fact that the
payments are due.  Rather, it permits the Debtor the
option of not making the payment on the due date, to be
cured at a later date.  Notwithstanding, the Debtor's
household has had unforeseen and urgent post-petition
expenses that required expenditure of funds.  These
expenses are difficult to reflect on Schedule J as they
are not recurring, and were mostly incurred post-petition.
Specifically, there were expenses for summer activities
for the children, a down payment on a replacement vehicle
for the Debtor purchased by the non-filing spouse, ongoing
dental work for the non-filing spouse, necessary and
significant home repairs, a replacement refrigerator, and
auto repairs for the other household vehicle.
Accordingly, the Debtor denies that he had the additional
sum of $6,344 to devote to the Plan, as alleged by the
Trustee.

6. The allegations in this paragraph cite statutory language,
and therefore do not require a response.

7. Admitted as to the first two sentences.  Denied as to the
remaining allegations.  Debtor contends that the funds

were the result of a TSP CARES Act Withdrawal from the non-filing spouse's Federal Retirement Plan.  Pursuant to the CARES Act, these funds retain their character and tax status as non-filing spouse's retirement funds, because they can be repaid up to the full amount of the withdrawal into the non-filing spouse's TSP or another qualified retirement plan.  Accordingly, the mere fact that the funds were briefly in a joint account does not indicate an intention to create a gift to the Debtor, and therefore does not make the funds property of the Debtor's bankruptcy estate.

8.  Denied.  The Trustee's calculation is not based on claims actually filed, and in any event is irrelevant for reasons set forth in Paragraph 7, supra.

9.  Admitted, however, the Debtor has filed an Objection to the claim of Matrix Financial Services Corp.  The Claim incorrectly classified a COVID-19 forbearance as an amount in default.  The Objection has not yet been resolved.

10. Admitted, however, the referenced Priority Claim is based on MDOR's estimated balance for 2020.  The 2020 tax return is due October 15, 2021, and has not yet been filed.  It is anticipated that once the returns are filed and the 2020 liability is properly assessed, the MDOR will no longer have a priority claim.

11. The allegations in this Paragraph do not require a

    response.

**WHEREFORE,** the Debtor prays that this Court:

A. Overrule this Objection to Confirmation; and
B. Grant such further relief as this Court considers equitable
   and just.


Respectfully submitted,
Scott H. Blumsack, Debtor,
By his Attorney,
/s/ Dmitry Lev_
Dmitry Lev, Esq. BBO # 665236
Law Offices of D. Lev, PC
134 Main Street
Watertown, MA 02472
(617) 556-9990 office
(617) 830-0005 fax
dlev@levlaw.net


Dated:  July 1, 2021

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
CENTRAL DIVISION

In re:
   Scott H. Blumsack,
      Debtor

Case No. 21-40248
Chapter 13

## CERTIFICATE OF SERVICE

I, Dmitry Lev, hereby certify that on July 1, 2021, in accordance with the Bankruptcy Rules and the Local Bankruptcy Rules of this Court, I electronically filed the foregoing document in this matter with the United States Bankruptcy Court for the District of Massachusetts using the CM/ECF system.

On information and belief, a Notice of Electronic Filing was contemporaneously transmitted to the following CM/ECF participants electronically:

- For the United States Trustee:  Richard King
- For the Chapter 13 Trustee:  Denise M. Pappalardo
- For Creditor Matrix Financial Services Corp.:  Richard T. Mulligan
- For Creditor Massachusetts Department of Revenue:  Jodi B. Meade

Pursuant to MEFR 9, "Transmission by the Court of the 'Notice of Electronic Filing' constitutes service or notice of the filed document…"

Respectfully submitted,
/s/  Dmitry Lev
Dmitry Lev, Esq.
BBO # 665236
Law Offices of D. Lev, PC
134 Main Street
Watertown, MA 02472
(617) 556-9990 office
(617) 830-0005 fax
dlev@levlaw.net

Dated:  July 1, 2021

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
CENTRAL DIVISION

_____

In re:

SCOTT H. BLUMSACK

                                    Debtor
_____

)
)
)
)
)
)
)
)

Chapter 13
Case No. 21-40248-EDK

**UNITED STATES TRUSTEE'S
MOTION TO DISMISS CHAPTER 13 CASE AND
OBJECTION TO CONFIRMATION OF
DEBTOR'S CHAPTER 13 PLAN**

William K. Harrington, the United States Trustee for Region 1 ("UST"),

hereby moves the Court to dismiss Scott H. Blumsack's chapter 13 case for "cause"

under 11 U.S.C. § 1307(c), because he is ineligible for chapter 13 relief, and

continuance of his case requires administration of assets resulting from criminal

activity.

The UST also objects to confirmation of Mr. Blumsack's chapter 13 plan

(Docket #24) ("Plan") filed on April 26, 2021, because Mr. Blumsack cannot

demonstrate that the Plan has been "proposed in good faith and not by any means

forbidden by law" under 11 U.S.C. § 1325(a)(3).

Dismissal is therefore in the best interests of creditors and the estate.

1

## <u>PRELIMINARY STATEMENT</u>

On April 26, 2021, Mr. Blumsack filed Schedule "I" (Docket #20 at pp. 24-25) to disclose that he was employed in "sales" at Green Star Herbal, a recreational marijuana dispensary.

Debtor's counsel has recently informed the UST that Mr. Blumsack is no longer employed by Green Star Herbal, but instead currently works at Tyca Green, Inc., which is also a marijuana dispensary.

While legal under Massachusetts law, selling marijuana, or possessing it with intent to distribute, is a Federal crime under the Controlled Substances Act of 1970 ("CSA" ), 21 U.S.C. § 812 *et seq*.

Post-petition wages are property of the estate under 11 U.S.C. § 1306, and the Debtor relies on wages that are derived from an illegal business to effectuate the chapter 13 Plan.

Violations of the CSA preclude the Court from finding that the Plan (or any plan) "has been proposed in good faith and not by any means forbidden by law" under 11 U.S.C. § 1325(a)(3), barring confirmation.  Because he can confirm no plan, Mr. Blumsack is ineligible for chapter 13 relief.

Moreover, continuance of the case will require the chapter 13 trustee and the Court to administer assets resulting from activity criminalized by the CSA.

2

Accordingly, the Court should enter orders denying confirmation of Mr.

Blumsack's chapter 13 plan and dismissing his chapter 13 case for "cause" under 11

U.S.C. § 1307(c).

In support, the United States Trustee states:

### JURISDICTION, VENUE AND LEGAL BASIS FOR RELIEF

1.      The Court has jurisdiction over this matter under 28 U.S.C. §§ 157 and

1334.

2.      This is a core proceeding under 28 U.S.C. § 157(b)(2)(A).

3.      Venue is proper in this court under 28 U.S.C. §§ 1408 and 1409.

4.      The legal basis for relief includes 28 U.S.C. §§ 586(a)(3), 11 U.S.C. §§

307, 1307(c) and 1325(a) and Fed. R. Bankr. P. 1017.

### FACTS

5.      Mr. Blumsack filed this chapter 13 case on April 1, 2021.

6.      Mr. Blumsack claimed as his principal asset a single-family home

located at 2 Old Homestead Road, Groton, MA 01450, and valued at $663,927.00.

Docket #20 at 3 (original schedules and SOFA).

7.      Mr. Blumsack also listed a 50% ownership interest in a limited liability

corporation named Massachusetts Athletics, LLC, which was valued at $0.00.

3

Docket #20 at 6.

8.      Mr. Blumsack listed as an asset "potential counterclaims in Reilly, Kevin M. et al. vs. Blumsack, Scott H. et al., Docket No. 1581CV03645" in the amount of "unknown." Docket #20 at page 8.

9.      He also listed as assets potential state and federal tax refunds for 2019-2020 in the amount of $2,000.00, and amounts estimated at $8,706.00 for denied unemployment claims. Docket #20 at page 7.

10.     In his Schedule "I" Mr. Blumsack listed that he had "just started" in sales at Green Star Herbal.  The Debtor listed his gross monthly wages in the amount of $1,560.00.

11.     Green Star Herbal is a retail dispensary of cannabis (or marijuana), a controlled substance under the CSA.

12.     The UST has been informed by counsel to the debtor that Mr. Blumsack recently left Green Star Herbal for a job at Tyca Green, Inc., which is also a marijuana dispensary.

13.     On April 26, 2021, the Debtor filed a Chapter 13 Plan.  The Plan provides for payments of $250.00 for 36 months.  The unsecured claims, which total $578,191.01, will be paid from a pot totaling $5,100.00.  The estimated dividend is .8%.

4

14.    On May 3, 2021, Matrix Services Corporation, holder of a security interest in the Debtor's real estate, filed an objection to the Plan. Docket #25.

15.    On May 28, 2021, the Massachusetts Department of Revenue filed an objection to the Plan. Docket #37.

16.    On June 24, 2021, the Chapter 13 Trustee filed an objection to the Plan. Docket #44.

## I.    Statutory Framework

### A.    The Controlled Substances Act of 1970, 21 U.S.C. § 801 et seq.

17.    Marijuana is a Schedule 1 controlled substance under the CSA. *Gonzales v. Raich*, 545 U.S. 1, 10-15 (2005) (holding that the CSA's criminalization of the manufacture, distribution or possession of marijuana by intrastate growers and users for medical purposes did not violate the Commerce Clause).

18.    Notwithstanding that numerous states, including Massachusetts, have enacted laws in recent years permitting the retail distribution of marijuana, it is still "a federal crime 'to manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense, a controlled substance' . . . ." *In re Way to Grow, Inc.*, 610 B.R. 338, 344 (D. Colo. 2019) (affirming order dismissing chapter 11 case of a business that sold equipment and supplies to persons and entities

5

growing marijuana, because it could not satisfy the good faith requirement of 11

U.S.C. § 1129(a)(3) to confirm a plan) (*quoting* CSA § 841(a)(1)). *Burton v. Maney*

*(In re Burton)*, 610 B.R. 633, 634 (B.A.P. 9th Cir. 2020).

19. People who aid and abet violations of the CSA also commit a crime. *In re Way to Grow, Inc.*, at 344 "'Whoever commits an offense against the United States or aids, abets, counsels, commands, induces or procures its commission, is punishable as a principal . . . .'" *Id*. (*quoting* 18 U.S.C. § 2(a)).

## B.    11 U.S.C. §§ 541(a) and 1306(a)(1) & (2).

20. Section 541(a) broadly defines "property of the estate" to include "wherever located and by whomever held . . . all legal or equitable interests of the debtor in property as of the commencement of the case . . . ." *See U.S. v. Whiting Pools, Inc.*, 462 U.S. 198 (1983) (affirming order requiring IRS to turn over assets seized pre-petition, subject to the debtor's providing adequate protection).

21. In chapter 13 cases, section 1306(a)(1) and (2) expand the scope of property of the estate to include "(1) all property of the kind specified in [section 541(a)] that the debtor acquires after the commencement of the case but before the case is closed, dismissed, or converted to a case under chapter 7, 11, or 12 of this title, whichever occurs first; and (2) earnings from services performed by the debtor after the commencement of the case . . . .").

6

### C.    11 U.S.C. §§ 1307(c) and 1325(a)(3).

22.    Section 1307(c) of the Bankruptcy Code provides that, "on request of a party in interest or the United States trustee and after notice and a hearing," the court, "for cause," may dismiss a case under chapter 13 or convert the case to chapter 7, "whichever is in the best interests of creditors and the estate . . . ." Subsection (c) sets forth a non-exclusive list of 11 causes justifying dismissal or conversion. *See Stevenson v. TND Homes, I, LP (In re Stevenson)*, 583 B.R. 573, 579-580 (B.A.P. 1st Cir. 2018) (citations omitted).

23.    Section 1325(a)(3) requires that in order for a chapter 13 plan to be confirmed, it must have "been proposed in good faith and not by any means forbidden by law . . . ." *See* Charles Jordan Tabb, LAW OF BANKRUPTCY § 12.15 (3d ed. 2013) (collecting cases and summarizing a 12 element "totalities of the circumstances" test for good faith, including "the burden which the plan's administration would place upon the trustee . . . ."). *See Arenas v. United States Trustee (In re Arenas)*, 535 B.R. 845, 851 (B.A.P. 10th Cir. 2015).

24.    "Cause" to dismiss a chapter 13 case exists under 1307(c) where the debtor can confirm no plan, and continuance of the case would require the trustee to administer assets representing proceeds of an illegal business. *Id.* at 845 (affirming orders denying chapter 7 debtors' motion to convert to chapter 13 and dismissing

7

case, because any chapter 13 plan would be funded by profits from a marijuana business in violation of the CSA, precluding a finding that any plan "has been proposed in good faith and not by any means forbidden under section 1325(a)(3)" and requiring dismissal under section 1307(c)) (*citing Marrama v. Citizens Bank of Mass*., 549 U.S. 365 (2007).

25.    A debtor who proposes to continue to engage in ongoing illegal activity through employment at a company that sells marijuana in violation of the CSA cannot obtain a discharge in bankruptcy.  *See* 11 U.S.C. § 1325(a)(3).  Nor should this Court condone the ongoing illegal activity by confirming a plan that is funded directly or indirectly through income derived from employment at a marijuana enterprise in violation of the CSA.  Therefore, this case should be dismissed under 11 U.S.C. § 1307.

**I.    ARGUMENT**

> **The Court Should Deny Confirmation Of Mr. Blumsack's Chapter 13 Plan, Because He Cannot Demonstrate That It "Has Been Proposed In Good Faith And Not By Any Means Forbidden By Law" As Required By Section 1325(a)(3).**
>
> **The Court Should Dismiss Mr. Blumsack's Case Under Section 1307(c), Because He Can Confirm No Plan And Is Therefore Ineligible To Be A Chapter 13 Debtor.**

8

**And The Court Should Dismiss Mr. Blumsack's
Case Under Section 1307(c), Because Continuance
of His Case Will Require The Chapter 13 Trustee
And The Court To Administer Assets Resulting
From Criminal Activity.**

26.    As a retail sales associate in a marijuana enterprise, Mr. Blumsack

engages in the illegal activity of possessing and facilitating the distribution of

marijuana in violation of the CSA.   Mr. Blumsack receives compensation in

exchange for this illegal activity, and he relies on those same wages to make his

chapter 13 plan feasible.  Plans that facilitate the continuing post-petition violation

of federal law are, per se, proposed in bad faith and preclude a finding that any plan

"has been proposed in good faith and not by any means forbidden by law" under

section 1325(a)(3). Because he cannot confirm a plan, Mr. Blumsack is ineligible

for relief under chapter 13.

27.    Moreover, continuance of the case will require the chapter 13 trustee

and the Court to administer assets resulting from activity criminalized under the

CSA. The ongoing and continuing illegal activity needed to effectuate the Debtor's

chapter 13 plan in this case constitutes a separate "cause" for dismissal.

28.     Accordingly, the Court should deny confirmation of the Plan and

dismiss Mr. Blumsack's case under 11 U.S.C. § 1307(c).

29.    Denial of confirmation and dismissal are supported by numerous recent

9

decisions holding that debtors cannot use the Bankruptcy Code to benefit from marijuana-related activities that violate the CSA. These cases include *Arenas*, *Johnson*, and *Burton* which address the issue in the context of chapter 13.

### 1. *Arenas*

30.    In *Arenas*, the chapter 7 debtors owned a two-unit commercial building. Mr. Arenas used one to grow marijuana. The debtors rented the second to a marijuana dispensary. *In re Arenas*, 514 B.R. 887, 888 (Bankr. D. Colo. 2014) ("*Arenas I*"), *aff'd* 535 B.R. 845 (B.A.P. 10th Cir. 2015) ("*Arenas II*").

31.    The chapter 7 trustee withdrew a no asset report when the renters expressed an interest in purchasing the building. *Arenas I*, 514 B.R. 877 at n. 7. The United States Trustee moved to dismiss the case under 11 U.S.C. § 707(a). *Id.* at 889. The debtors then moved to convert to chapter 13 under 11 U.S.C. § 706(a). *Id.* at 892.

32.    Citing *Marrama*, the bankruptcy court denied the conversion motion under 11 U.S.C. § 706(d), finding that "their reorganization would be funded from profits of an ongoing criminal activity under federal law and would necessarily involve the Chapter 13 Trustee in administering and distributing funds derived from the Debtors' violation of the [CSA] . . . ." *Id*. at 892. Thus, the debtors could not demonstrate that any chapter 13 plan was "proposed in good faith and not by any

10

means forbidden by law" and they were, therefore, ineligible for chapter 13. *Id.* at 894.

33. The Tenth Circuit Bankruptcy Appellate Panel affirmed, reasoning that good faith is objective, not subjective, and it was "objectively unreasonable for [the debtors] to seek Chapter 13 relief . . . ." *Arenas II*, 535 B.R. at 852-53.

**2.** ***Johnson***

34. In the case of *In re Johnson* the debtor had income from legal sources, but also earned part of his income from a medical marijuana business. *In re Johnson*, 532 B.R. 53 (Bankr. W.D. Mich. 2015).

35. The debtor proposed to segregate his marijuana derived income and pay only his legally derived income to the chapter 13 trustee for distribution.

36. The court rejected this approach finding that to the extent the debtor wished to continue deriving income from the marijuana business, he could not obtain bankruptcy relief, *id.* at 58, and he "cannot conduct an enterprise that admittedly violates federal criminal law while enjoying the federal benefits the Bankruptcy Code affords him," *id.* at 59.

37. The court summarized succinctly that "it is not asking too much of debtors to obey federal laws, including criminal laws, as a condition of obtaining relief under the Bankruptcy Code." *Id.*

11

### 3.    *Burton*

38.    In *Burton v. Maney (In re Burton)*, 610 B.R. 633 (B.A.P. 9th Cir. 2020), the chapter 13 debtors owned a 65% interest in a non-operating LLC, Agricann, that was engaged in the marijuana business.  Agricann filed a post-petition state court action for breach of a contract under which it was to cultivate, grow, and sell medical marijuana.

39.    The bankruptcy court issued an order requiring the debtors to show cause why their case should not be dismissed for their involvement with a business that was illegal under the CSA.

40.    The debtors responded that they did not "currently derive income from any entity involved in the marijuana industry . . . ," and they stated that they did not expect to share in any recovery from the state court litigation.  *Id*. at 635.  They then moved to abandon their interest in Agricann.  *Id*.

41.    The bankruptcy court dismissed the debtors' case under 11 U.S.C. § 1307(c).  It found that their ownership interest in the LLC alone constituted "cause," "because the continuation of the case would likely require the trustee or the court to become involved in administering the proceeds of the Agricann litigation, which the court implicitly found would be tainted as proceeds of an illegal business . . . ."  *Id*. at 639.

12

42.    On appeal, the Ninth Circuit BAP, after discussing much of the case law set out herein, affirmed because "[t]he Burtons failed to demonstrate that their ties to Agricann would not result in proceeds of an illegal business becoming part of the bankruptcy estate, requiring the trustee and the court to administer assets that constitute proceeds of activity criminalized by the CSA." *Id.* at 640-41.

43.    In Mr. Blumsack's case, his wages are direct proceeds from a marijuana business.  Because this violates the CSA he thus cannot propose any plan that complies with section 1325(a)'s requirements that it "has been proposed in good faith and not by any means forbidden by law" and that "the action of the debtor in filing the petition . . . [must have been] in good faith."  11 U.S.C. §§ 1325(a)(3) & (7).

44.    The fact that the Debtor is an employee of the marijuana business, rather than the owner of that business, does not alter the fact that his source of income is illegal under the CSA.  Liability under the CSA is broadly defined and extends not only to the owners of controlled substances, but also to those who possess or dispense marijuana, as well as to persons who assist or conspire with violators of the CSA. *See* 21 U.S.C. §§ 841, 846; 18 U.S.C. § 2; *see also United States v. García–Torres*, 280 F.3d 1, 4 (1st Cir. 2002) ("[a]ncillary functions like accounting, communications, and strong-arm enforcement are all examples of peripheral

13

services that, when performed in the service of drug dealers, can support a conspiracy conviction."); *In re Medpoint Mgmt.*, LLC, 528 B.R. 178, 185 (Bankr. D. Ariz. 2015), *vacated in part on other grounds*, B.A.P. No. AZ-15-1130, 2016 WL 3251581 (B.A.P. 9th Cir. 2016) (dismissing an involuntary chapter 7 petition against firm engaged as a manager of a marijuana business, and noting that firm was potentially criminally liable under accomplice liability provisions of the CSA).

45.     If this case continues, Mr. Blumsack's wages would become property of the estate when earned, 11 U.S.C. §§ 541(a) and 1306(a)(2), and would require the chapter 13 trustee to administer proceeds from activity criminalized by the CSA. This was recognized by the *Arenas*, *Johnson*, and *Burton* courts as untenable. *See also In re Way to Grow, Inc.*, 597 B.R. 111, 120 (Bankr. D. Colo. 2018) ("a bankruptcy case cannot proceed where the court, the trustee or the debtor-in-possession will necessarily be required to possess and administer assets which are either illegal under the CSA or *constitute proceeds* of activity criminalized by the CSA." (emphasis added); *In re Malul*, 615 B.R. 699, 713-14 (Bankr. D. Colo. 2020) ("[A]llowing Malul to schedule the claims while also requiring Trustee to abandon them would confer a federal benefit upon Malul while she is engaged in an ongoing violation of federal law. On the other hand, Trustee cannot do anything regarding those claims without administering an illegal asset.").

14

46.    It would be extraordinary for a *federal* court to compel a trustee to administer illegal assets.  The court ought not impose that burden on the Chapter 13 trustee; to do so would constitute an independent "cause" to dismiss under 11 U.S.C. § 1307(a).

47.    Courts have also recognized the gravity of a federal court's own entanglement with the administration of illegal proceeds in aid of a debtor engaging in the criminal conduct.  The *Johnson* court cautioned that "federal judicial officers take an oath to uphold federal law, and countenancing the Debtor's continued operations of his marijuana business under the court's protection is hardly consistent with that oath."  *Johnson*, 532 B.R. at 56.  In *Arenas II,* the Tenth Circuit BAP highlighted judges' oaths to uphold federal law as a critical factor in upholding dismissal of the case (stating debtors are caught between a business the state deems legal "but which the laws of the United States—laws that every United States Judge swears to uphold—proscribe and subject to criminal sanctions."). 535 B.R. at 854; *see also In re Basrah Custom Design, Inc.*, 600 B.R. 368, 379 (Bankr. E.D. Mich. 2019) (stated that "a federal court cannot be asked to enforce the protections of the Bankruptcy Code in aid of a Debtor whose activities constitute a continuing federal crime . . . .") (citation and internal punctuation omitted).  See, also *In re Andrick*, 604 B.R. 577, 580–81 (Bankr. D. Colo. 2019); *In re Rent-Rite Super Kegs W. Ltd.*,

15

484 B.R. 799, 805 (Bankr. D. Colo. 2012).

48.     Accordingly, the Court should deny confirmation of the plan and dismiss Mr. Blumsack's case for "cause" under 11 U.S.C. § 1307(c).  *Id.*

<div align="center"><b>REQUESTED RELIEF</b></div>

For these reasons, the United States Trustee requests that the Court enter orders: 1) denying confirmation of the Plan; 2) dismissing the Debtor's chapter 13 case; and 3) granting him all such other and further legal and equitable relief to which he may be entitled.

Respectfully submitted,

WILLIAM K. HARRINGTON
UNITED STATES TRUSTEE
REGION 1

By:    */s/ Stephen E. Meunier*
       Stephen E. Meunier BBO#546928
       United States Department of Justice
       Office of United States Trustee
       446 Main Street, 14th Floor
       Worcester, MA 01608
       PHONE:     (202) 590-8695
       FAX:          (508) 793-0558
       stephen.meunier@usdoj.gov

Dated:  September 15, 2021.

<div align="center">16</div>

# CERTIFICATE OF SERVICE

I certify that on September 15, 2021, true and correct copies of the foregoing motion were served via CM/ECF only upon the individuals who have filed notices of appearance in the Court's CM/ECF database, including the Debtor's attorney.

WILLIAM K. HARRINGTON
UNITED STATES TRUSTEE
REGION 1

By:      */s/ Stephen E. Meunier*
Stephen E. Meunier BBO#546928
United States Department of Justice
Office of the United States Trustee
446 Main Street, 14th Floor
Worcester, MA 01608
PHONE:      (202) 590-8695
FAX:          (508) 793-0558
stephen.meunier@usdoj.gov

Dated:  September 15, 2021.

17

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
CENTRAL DIVISION

In re:
    Scott H. Blumsack,
        Debtor

Case No. 21-40248
Chapter 13

### DEBTOR'S OPPOSITION TO UNITED STATES TRUSTEE'S MOTION TO DISMISS CHAPTER 13 CASE AND OBJECTION TO CONFIRMATION OF DEBTOR'S CHAPTER 13 PLAN

**COMES NOW** Scott H. Blumsack, the Debtor in the above-captioned matter, and through counsel respectfully opposes the "United States Trustee's Motion to Dismiss Chapter 13 Case and Objection to Confirmation of Debtor's Chapter 13 Plan" (hereinafter "UST Motion").

In support of his opposition, the Debtor responds to each allegation in the UST Motion as follows:

1. Admitted.

2. Admitted.

3. Admitted.

4. Admitted, except as to 11 USC § 1307(c) and Fed. R. Bankr. P. 1017, where Movant has failed to state which specific subsection applies.  In any event, Debtor denies that any of the causes for dismissal set forth in 11 USC § 1307(c) or Fed. R. Bankr. P. 1017 apply to the instant matter.

5. Admitted.

6.  Admitted.

7.  Admitted, except that the correct name for the entity
    referenced is "Mass Athletics, LLC" and it is not a
    corporation.

8.  Admitted.

9.  Admitted.

10. Admitted.

11. Admitted as to the first portion of the allegations in
    this Paragraph through the word "marijuana".  The
    remaining allegation in this Paragraph is a legal
    conclusion, which does not require a response.

12. Admitted.

13. Admitted as to what the proposed plan states.  However,
    Debtor states that following the expiration of the claims
    bar date, the actual allowed general unsecured claims are
    only $24,192.43, plus a student loan claim in the amount
    of $21,360.21.  Accordingly, the actual effective dividend
    to the unsecureds is 11.19% if the student loan claim is
    paid through the Plan as a general unsecured creditor, and
    21% if it is not.

14. Admitted.

15. Admitted.

16. Admitted.

17. The allegations in this Paragraph appear to restate legal principles, and therefore do not require a response.

18. The allegations in this Paragraph appear to state legal principles, and therefore do not require a response.  The cases cited by the Movant are not binding authority in this District, and in any event are distinguishable.  <u>Way to Grow</u> and the two joined debtors were sellers (or holding companies of sellers) of supplies and equipment to marijuana growers, and the <u>Burton</u> debtors owned a majority interest in a marijuana cultivator/seller entity.  None of the cases cited involved a mere non-owner employee such as the Debtor in the instant matter.

19. The allegations in this Paragraph appear to state legal principles, and therefore do not require a response.  The case citations speak for themselves.  However, the Debtor denies any conduct alleged in this Paragraph.

20. The allegations in this Paragraph appear to state legal principles, and therefore do not require a response.

21. The allegations in this Paragraph appear to state legal principles, and therefore do not require a response.

22. The allegations in this Paragraph appear to state legal principles, and therefore do not require a response.  Debtor further states that the Movant has failed to

indicate what specific subsection of 11 USC § 1307(c), if any, applies in the instant case.

23. The allegations in this Paragraph appear to state legal principles, and therefore do not require a response. To the extent a response is required, Debtor states that he proposed his Chapter 13 Plan in good faith, and not by any means forbidden by law.

24. The allegations in this Paragraph appear to state legal principles, and therefore do not require a response. But once again, the case cited by the Movant is not binding authority in this District, and is distinguishable: the Arenas debtor was a licensed Colorado grower and seller of medical marijuana. He also leased a building to third parties who dispensed medical marijuana from it. In re Arenas, 535 B.R. 845, 847 (10th Cir. BAP 2015).

25. Denied. The allegations in this Paragraph appear to be prayers for relief. The Movant cited no authority in support of the proposition that a mere employee of a marijuana-involved company in which the employee has no interest is ineligible for bankruptcy relief.

26. The Movant alleges that the Debtor is committing federal crimes by virtue of his employment. These allegations are denied. The Movant offers no credible evidence in support of its allegations regarding the Debtor's specific tasks

at work.  At best, an evidentiary hearing would be
required in order to determine the same.  But Movant goes
so far as to categorize the entirety of the Debtor's
employment as "illegal activity."  This, however, is a
slippery slope argument that is unfounded and improper.
While courts have held that proprietors of marijuana
retailers ostensibly fall into that category ("illegal
activity"), courts have held that "the nature and extent
of debtors' involvement in the marijuana business can vary
widely[,]" and that "the flexible cause standard under §
1307(c), coupled with the abuse of discretion standard of
review on appeal, give bankruptcy courts appropriate
latitude to deal with these variations."  In re Burton,
610 B.R. 633, 638-39 (9th Cir. 2020).  The Movant suggests
that any employee of a marijuana-involved business is
committing a crime.  But a warehouse attendant who stacks
boxes at a marijuana dispensary or a web designer who
updates the company website for a dispensary does not
stand in the same posture as the dispensary's proprietor.
Thus, the Movant's argument is flawed.
There is no dispute that the marijuana industry has
contributed and is contributing economically to a wide
spectrum of businesses and individuals in Massachusetts.
While an employee may be the obvious example, less obvious

examples of entities that derive economic benefit from the

proceeds and profits of the marijuana industry include a

contracted janitorial agency that cleans a dispensary, a

pizza shop next door to a dispensary where dispensary

employees take their lunch, Federal Express in that it

delivers packages for the dispensary, the electric utility

company, and even the public schools in the towns where

the dispensaries are located.

Taking the Movant's argument at face value, none of these

participants in the Massachusetts economy, nor their

employees, appear eligible to be debtors in bankruptcy,

because to some varying extent their income is derived

from marijuana-related activities.

Furthermore, pursuant to the Movant's argument, the 2.3

million Walmart employees may also be ineligible for

bankruptcy relief[1].

27. This argument is without merit.  The Trustee has already

been holding the Debtor's plan payments for many months,

and Trustees nationwide are administering funds of

numerous debtors in bankruptcy who are deriving direct or

indirect income from the marijuana industry.  See

---

[1] Mike Adams, "Is Walmart Doing Business With The Cannabis Industry?",
Forbes.Com, Mar. 20, 2018,
https://www.forbes.com/sites/mikeadams/2018/03/20/is-walmart-doing-
business-with-the-cannabis-industry/

Paragraph 26, _supra_. In the instant case, the Movant has failed to establish the extent of this particular Debtor's specific "ongoing and continuing illegal activity," broadly lumping the Debtor into the same category as cultivators and proprietors of actual marijuana enterprises.

28. The allegations in this Paragraph sound in a prayer for relief, and therefore do not require a response.

29. The cases cited by the Movant speak for themselves, however they are inapposite and easily distinguishable from the instant case. Moreover, none of the cases cited is binding. See _infra_.

30. The cited case speaks for itself, however Movant has failed to mention that the _Arenas_ debtor was a licensed medical marijuana grower and seller. _In re Arenas_, 535 B.R. at 847. In the instant case, the Debtor is a mere employee.

31. The cited case speaks for itself.

32. The cited case speaks for itself.

33. The cited case speaks for itself. However, once again, the cited case, which was a Motion to Convert a Chapter 7 case to one under Chapter 13, is inapposite. In _Arenas_, the court found that "the Arenases' monthly income from sources other than marijuana was not enough to fund their

plan." Id. at 852.  No such finding was made here.  While
this Court would need to take further evidence in order to
make this determination, as an offer of proof Debtor
represents that his non-debtor spouse is gainfully
employed (ironically, for the Federal Government) in a
non-marijuana-related position, earning nearly $133,000
per year.  Further, in Arenas, the Chapter 7 Trustee would
have had to deal with actual marijuana assets, i.e., 25
non-exempt marijuana plants valued at $6,250.  Id. at 848,
852.  No such issues exist in the instant case.

34. The cited case speaks for itself.  Movant has failed to
mention that the Johnson debtor owned and operated a
business which cultivated and sold marijuana to
individuals and dispensaries.  He also admitted to
possession of marijuana in various quantities.  In re
Johnson, 532 B.R. 53, 55 (Bankr. W.D. Mich. 2015).
Further, Johnson was found to be "engaged in business"
within the meaning of § 1304(a).  Id. at 57.  No such
finding can be made in the instant case.

35. The cited case speaks for itself.

36. The cited case speaks for itself.  However, Movant has
omitted that the driving issue in the Johnson matter was
not the approval or disapproval of segregation of funds,
but rather that the Johnson debtor was "engaged in

business," and his residence, truck, horticultural
equipment, fertilizer, and other supplies were all
property of the estate while being used in running his
marijuana business.  Id. at 57.  Once again, none of these
issues is present in the instant case.

37. The Movant has conveniently omitted the holding of
Johnson: a crafted compromise wherein the court declined
to dismiss the debtor's case, while enjoining him from
running his marijuana business for as long as he wishes to
remain a debtor in bankruptcy.  Id. at 59.  Contrary to
the Movant's argument, even if the instant Debtor – Mr.
Blumsack - operated a marijuana business (which he does
not), dismissal would not be the sole and inevitable
outcome the Movant suggests.

38. The cited case speaks for itself.  Burton debtors owned a
majority interest in a marijuana cultivator/seller entity.
In re Burton, 610 B.R. at 634.  In the instant case, the
Debtor is not a business owner.

39. The cited case speaks for itself.

40. The cited case speaks for itself.

41. The cited case speaks for itself.  The cited case rises
and falls on the Burton debtors being owners of a
marijuana-related business.  This cannot be said for the
instant Debtor.

42. The cited case speaks for itself.

43. The Movant's argument is flawed.  First, the Movant has
    not been able to cite a single case where a debtor was
    held to be ineligible for bankruptcy relief by the virtue
    of being a mere employee of a marijuana-related business.
    This is because there are no such cases.  Second, as
    argued in Paragraph 26, supra, the Movant improperly
    places a proprietor of a marijuana-related business in the
    same light as a mere employee for the purposes of this
    analysis.  There is no authority for this, and this is a
    slippery slope argument that, if taken at face value,
    potentially extends to employees of a wide range of
    businesses and industries that provide all levels of
    services to marijuana-related enterprises, from janitorial
    to electricity to food service to landscaping, etc.

44. The Movant lends support to the Debtor's argument by
    citing accounting and communications as "peripheral
    services that … can support a conspiracy conviction."  The
    Movant's argument is borderline absurd, because under the
    Movant's approach employees of Intuit (the maker of
    Quickbooks accounting software), Verizon, and T-Mobile are
    all ineligible for bankruptcy relief, as each of these
    companies likely provides services to at least one or more
    marijuana-related businesses.

45. The cited cases speak for themselves.  However, as
    explained at length above, Arenas, Johnson, and Burton
    dealt with business owners.  In Arenas, the issue was also
    the need for the Trustee to administer actual marijuana
    plants.  Here, even if this court were to find that a non-
    owner employee's wages are questionable, the Debtor would
    still be in a strong position to propose a Plan funded by
    his spouse's earnings, and not his.

46. The Trustee is not being "compelled" to administer illegal
    assets in this case.  Cf. Arenas, supra, where the Trustee
    would have had to administer 25 marijuana plants in a
    Chapter 7 case.

47. The cites cases speak for themselves.  However, Johnson is
    telling, in that the court permitted the debtor to remain
    in Chapter 13, only enjoining him from further operating
    his marijuana business while remaining in bankruptcy.
    Despite a number of orders on what the debtor must do to
    remain in bankruptcy, there were no orders requiring, for
    instance, that future Chapter 13 payments be necessarily
    funded from non-marijuana income.  In re Johnson, 532 B.R.
    at 59.  To the extent that the Johnson debtor could have
    made his future payments from his savings or retirement
    funds, those may well have originated as proceeds of his

marijuana business in the past.  The <u>Johnson</u> court did not

address this point.

48. Dismissal is a draconian remedy that is not appropriate

under the circumstances in this case or under any existing

authority.  So, too, denial of confirmation is unsupported

on this record.


**WHEREFORE**, the Debtor prays that this Court:

A. Overrule this Objection to Confirmation;
B. Deny the Motion to Dismiss; and
C. Grant such further relief as this Court considers equitable
   and just.


Respectfully submitted,
Scott H. Blumsack, Debtor,
By his Attorney,
/s/ Dmitry Lev
Dmitry Lev, Esq. BBO # 665236
Law Offices of D. Lev, PC
134 Main Street
Watertown, MA 02472
(617) 556-9990 office
dlev@levlaw.net


Dated:  October 26, 2021

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MASSACHUSETTS**
**CENTRAL DIVISION**

In re:
   Scott H. Blumsack,
        Debtor

Case No. 21-40248
Chapter 13

### CERTIFICATE OF SERVICE

I, Dmitry Lev, hereby certify that on October 27, 2021, in accordance with the Bankruptcy Rules and the Local Bankruptcy Rules of this Court, I electronically filed the foregoing document in this matter with the United States Bankruptcy Court for the District of Massachusetts using the CM/ECF system.

On information and belief, a Notice of Electronic Filing was contemporaneously transmitted to the following CM/ECF participants electronically:

- For the United States Trustee:  Richard King, Stephen E. Meunier
- For the Chapter 13 Trustee:  Denise M. Pappalardo
- For Creditor Matrix Financial Services Corp.:  Richard T. Mulligan
- For Creditor Massachusetts Department of Revenue:  Jodi B. Meade

Pursuant to MEFR 9, "Transmission by the Court of the 'Notice of Electronic Filing' constitutes service or notice of the filed document…"

Respectfully submitted,
/s/  Dmitry Lev__
Dmitry Lev, Esq.
BBO # 665236
Law Offices of D. Lev, PC
134 Main Street
Watertown, MA 02472
(617) 556-9990 office
dlev@levlaw.net

Dated:  October 27, 2021

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| In re: | ) | Chapter 13 |
| | ) | Case No. 21-40248-EDK |
| SCOTT H. BLUMSACK, | ) | |
| | ) | |
| Debtor | ) | |

## FINAL PRETRIAL ORDER
### (Contested Matter)

1. An evidentiary hearing on the United States Trustee's Motion to Dismiss Chapter 13 Case and Objection to Confirmation of Debtor's Chapter 13 Plan [Docket #75] is set for **March 11, 2022 at 10:00 a.m.** in the Federal Building and Courthouse, Second Floor, 595 Main Street, Worcester, MA.

2. **Unless otherwise ordered, the parties shall comply with all obligations and deadlines set forth herein.**

3. **Cooperation.**  The parties and counsel must cooperate during all aspects of discovery.  Failure by any party or counsel to make required disclosures or cooperate in discovery may warrant the imposition of sanctions under Fed. R. Civ. P. 37.

4. **Completion of Discovery.**  **Discovery must be completed by February 2, 2022**, unless otherwise ordered by the Court upon motion or after consideration of the discovery plan.

5. **Discovery-Related Disputes and Motions.**  No discovery motion may be filed unless the moving party (1) has attempted in good faith, but without success, to resolve the dispute; and (2) has requested a pre-motion conference with the Court.

    a. The request must be made by filing a one-page written request with the Court that contains only a general summary of the issues to be discussed. Any request for a pre-motion conference shall not contain argument. No response to the request should be filed unless directed by the Court.  If the Court does not grant the request for a pre-motion conference, or if the conference fails to resolve the dispute, a discovery motion may then be filed.

6. **Dispositive Motions.  The deadline for filing dispositive motions February 11, 2022.**  If a dispositive motion is filed by any party, the deadline for filing the Joint Pretrial Memorandum will be suspended until further Court order. Any timely filed dispositive motion will be heard on March 11, 2022 at 10:00 a.m. in Worcester.

1

      a.  **Opposition/Response to Dispositive Motions.**  **The deadline for filing an opposition, response, or cross-motion any Dispositive Motion is February 25, 2022**.

7.  **Joint Pretrial Memorandum.**  Absent further order of the Court, **the parties are ordered to file a Joint Pretrial Memorandum by March 4, 2022.**  The Joint Pretrial Memorandum must be approved and signed by all counsel and unrepresented parties.[1]  The Joint Pretrial Memorandum shall supersede the pleadings to the extent of any inconsistency and will govern the course of trial.  The Joint Pretrial Memorandum must set forth the following:

      a.  A statement indicating the parties' attempts to resolve their dispute by mediation. In the event the parties agree in good faith to mediation, the Court will liberally consider any motion to postpone the trial to accommodate the mediation.

      b.  A statement regarding the Court's authority to enter a final order as to each matter in dispute.

      c.  A statement as to whether each party consents to the entry of a final order by this Court as to each matter in dispute.

      d.  Facts to which the parties have stipulated.

      e.  The issues of fact which remain to be litigated.

      f.  The issues of law to be determined.

      g.  A brief summary of each party's case.

      h.  The name, address, and telephone number of each witness, separately identifying witnesses each party expects to present and those witnesses to be called only if the need arises.[2]

      i.  A list of witnesses whose testimony will be presented by means of a deposition.

      j.  A list of exhibits, other than those to be used for impeachment, pre-marked in the order in which they are expected to be offered (with separate numbering for plaintiff and defendant), separately identifying those exhibits which each party expects to offer and those which will be offered only if the need arises.

      k.  A statement confirming that the parties have exchanged exhibits.

---

[1] If the parties cannot cooperate in filing a Joint Pretrial Memorandum, then each party shall be responsible for filing, by the same date, a separate Pretrial Memorandum that contains the information required by this paragraph and a statement as to why the parties could not cooperate in filing the Joint Pretrial Memorandum.

[2] If an interpreter is required for any witness, it will be the responsibility of the party calling the witness to supply the interpreter.  The Court cannot and does not supply interpreters.

l. If applicable, a statement disclosing any records of regularly conducted business activity under Fed. R. Evid. 803(6) that a party intends to present by certification, as permitted by Fed. R. Evid. 902(11) and (12), rather than by testimony of an authentication witness.

m. Any objections, including the grounds for the objection, to the calling of any witnesses, including experts, the presentation of testimony through use of a deposition, or the admissibility of documents or exhibits.  Any objection not set forth in the Joint Pretrial Memorandum, other than objections under Fed. R. Evid. 402 and 403, shall be deemed waived unless excused by the Court for good cause shown.

n. An estimated length of trial.

8. **Exhibits and Demonstratives.**[3]

a. Trial exhibits must be pre-marked and assembled in binders tabbed with the appropriate exhibit numbers.

b. Parties must bring sufficient copies of all exhibits and transcripts of deposition testimony to Court for trial so that copies are available for the Judge, the witness, the Law Clerk, all counsel, and all unrepresented parties.

c. Written summaries and/or charts presented to the Court in conjunction with closing statements (as an aid and not as evidence) must be provided to opposing counsel prior to the commencement of the closing statement, and any objections must be raised prior to the commencement of the closing statement.  Closing summaries and/or charts may not include information which was not presented and admitted into evidence or through testimony during the trial.

9. **Failure to Comply with this Order.**  This Order and the deadlines set by the Court may not be modified absent further Court order.  Failure to comply with the provisions of this Order may, pursuant to Fed. R. Civ. P. 16 and 37, result in sanctions, including the entry of a dismissal or default, exclusion of evidence or testimony, or monetary sanctions.

1/3/2021

Elizabeth D. Katz                      Dated
United States Bankruptcy Judge

---

[3] The courtroom is equipped with an electronic presentation system for displaying trial exhibits.  Questions regarding the electronic evidence presentation system should be directed to the Courtroom Deputy at Stephen_Reynolds@mab.uscourts.gov.

3

Dated: 1/31/2022

GRANTED. THE DEADLINE IS EXTENDED TO FEBRUARY 7, 2022.

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MASSACHUSETTS
### CENTRAL DIVISION

|  |  |  |
|---|---|---|
| In *re*: | ) | |
| | ) | |
| SCOTT H. BLUMSACK | ) | Chapter 13 |
| | ) | Case No. 21-40248-EDK |
| | ) | |
| Debtors | ) | |
| | ) | |

## ASSENTED-TO MOTION OF UNITED STATES TRUSTEE TO EXTEND DISCOVERY DEADLINE

William K. Harrington, United States Trustee for Region One ("U. S. Trustee"), with the assent of the Debtor, Scott H. Blumsack, ("Debtor"), through counsel, hereby moves this Court for entry of an order extending the deadline for completion of discovery to February 7, 2022.   The current deadline for completion of discovery is February 2, 2022. A hearing on the United States Trustee's Motion to Dismiss Case Pursuant to 11 U.S.C. § 707(b)(3) is scheduled for March 11, 2022.

Due to scheduling issues, the U.S. Trustee is seeking this extension to allow for a more mutually convenient date for the taking of the Debtor's deposition.

Neither party will be prejudiced by the requested extension. Counsel to the Debtors has indicated to the undersigned that the Debtor assents to the relief requested in this motion.

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MASSACHUSETTS

In re ) 
)
SCOTT BLUMSACK, ) Chapter 13
) Case No. 21-40248-EDK
Debtor )
)
)

## STIPULATION BETWEEN DEBTOR AND CHAPTER 13 TRUSTEE REGARDING TRUSTEE'S OBJECTION TO CHAPTER 13 PLAN

NOW COMES Denise M. Pappalardo, the Standing Chapter 13 trustee (the "Trustee") and the Debtors and hereby stipulate and agree as follows:

1. Upon the allowance of this Stipulation, the Trustee's objection to confirmation of the Plan shall be deemed sustained.

2. Within thirty (30) days of this agreement, the Debtor shall tender the sum of $12,000.00 to be disbursed to unsecured creditors, excluding the student loan debt, upon confirmation of a Chapter 13 Plan.

3. Within thirty (30) days of the resolution of the United States Trustee's Motion to Dismiss Case and Objection to Confirmation of Debtor's Plan, the Debtor shall file an amended plan providing for student loan debt to be treated outside of the Plan and a 100% dividend to the remaining unsecured claims.

4. The Debtor shall not file any further amended plan that provides for less than a 100% dividend to the unsecured creditors.

Standing Chapter 13 Trustee


Dated: February 1, 2022

/s/ Joanne Psilos
Denise M. Pappalardo, Trustee
BBO # 553293
Joanne Psilos, Staff Attorney
BBO # 556997
P.O. Box 16607
Worcester, MA 01601
(508) 791-3300
denisepappalardo@ch13worc.com


SCOTT BLUMSACK
By Debtor(s) Attorney


Dated: February 1, 2022

/s/Dmitry Lev
Dmitry Lev, Esq.
134 Main Street
Watertown, MA 02472
BBO# 665236
(617)556-9990
dlev@levlaw.net

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| In re | ) |
|  | ) |
| SCOTT BLUMSACK, | )    Chapter 13 |
|  | )    Case No.  21-40248-EDK |
| Debtor(s) | ) |
|  | ) |

## MOTION TO APPROVE STIPULATION

NOW COMES Denise M. Pappalardo, the Standing Chapter 13 trustee (the "Trustee"),

and the Debtor  and hereby move that this Court approve the Stipulation on the Trustee's

Objection to Confirmation of the Plan and that the evidentiary  hearing scheduled for March 8,

2022 be cancelled.

Respectfully submitted,

Standing Chapter 13 Trustee

Dated:  February 3, 2022

/s/ Denise M. Pappalardo
Denise M. Pappalardo, Trustee
BBO # 553293
Joanne Zoto Psilos, Staff Attorney
BBO # 556997
P.O. Box 16607
Worcester, MA 01601
(508) 791-3300
denisepappalardo@ch13worc.com

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the within was sent to the Debtor, Debtor's counsel of record, and those parties who filed an appearance by first class mail, postage prepaid.

Dated: February 3, 2022

/s/ Denise M. Pappalardo
Denise M. Pappalardo, Trustee
BBO # 553293
Joanne Zoto Psilos, Staff Attorney
BBO # 556997
P.O. Box 16607
Worcester, MA 01601
(508) 791-3300
denisepappalardo@ch13worc.com

## SERVICE LIST

Dmitry Lev, Esq.
134 Main Street
Watertown, MA 02472

Scott Blumsack
2 Old Homestead Road
Groton, MA 01450

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
CENTRAL DIVISION

|  |  |  |
|---|---|---|
| In re: | ) | |
| | ) | |
| SCOTT H. BLUMSACK | ) | Chapter 13 |
| | ) | Case No. 21-40248- EDK |
| Debtor | ) | |
| | ) | |

### JOINT PRETRIAL MEMORANDUM

William K. Harrington, the United States Trustee for Region One, (the "Movant") and

Scott H. Blumsack ("Debtor"), (together, "the Parties"), submit the following Joint Pretrial

Memorandum pursuant to this Court's Final Pretrial Order in the Contested Matter of United

States Trustee's Motion To Dismiss Case And Objection To Confirmation of Plan [Dkt. No. 99],

and state as follows:

**a.   Statement regarding the parties' attempts to resolve their dispute by mediation:**

The parties have not attempted to resolve their dispute by mediation because the parties

do not believe that their dispute is best resolved by mediation.

**b.   Statement regarding the Court's authority to enter a final order as to each matter in
dispute.**

The parties agree that the Court has the authority to enter a final order as to each matter in

dispute.

**c.   Statement as whether each party consents to the entry of a final order by this Court
as to each matter in dispute.**

The Parties consent to the entry of a final order by this Court as to each matter in dispute.

**d.  Facts to which the parties have stipulated.**

1.  The Debtor filed this Chapter 13 case on April 1, 2021.

2.  On his Schedule I, the Debtor stated that he was employed at Green Star Herbal and listed gross monthly wages in the amount of $1,560.00.

3.  The Debtor's employment at Green Star Herbal was as a part-time "budtender."

4.  Green Star Herbal is a retail dispensary of cannabis (or marijuana).

5.  On April 26, 2021, the Debtor filed a Chapter 13 Plan.

6.  The Chapter 13 Trustee held the section 341 meeting of creditors on April 30, 2021.

7.  On February 7, 2022, the United States Trustee conducted the deposition of the Debtor.

8.  On July 15, 2021, the Debtor started a part-time job with TYCA Green, Inc. d/b/a Society Cannabis Co.

9.  TYCA Green is a retailer, wholesaler, and producer of cannabis products.

10. TYCA Green has a cultivation license, but its cultivation program is not currently underway, so it procures raw cannabis starting material from outside the company which it uses to produce its own product lines.  Included in TYCA Green's product lines are: (1) vaporizer cartridges filled with cannabis concentrate produced in-house; (2) cannabis edibles; and (3) pre-rolled, smokable products produced from raw cannabis material procured from outside the company.

11. TYCA Green, Inc. d/b/a Society Cannabis Co. is located at 470 Main Street, Clinton, Massachusetts (the "Clinton Facility").

12. Shortly before September 4, 2021, the Debtor became a full-time employee at the Clinton Facility.

2

13. In late November or early December 2021, the Debtor became the general manager of the entire Clinton Facility.

14. The Debtor is involved in all of the different business sectors at the Clinton Facility, including retail, wholesale, production, marketing, and human resources.

15. The Debtor is one of three on the Clinton Facility's management team, which includes the Debtor, the CEO, and the COO.

16. There are a total of nineteen employees at the Clinton Facility, all of whom are full time, including the management team, and Debtor supervises all employees outside the management team.

17. The Debtor set up the retail operation at the Clinton Facility and continues to manage all aspects of the retail operation.

18. The Debtor is fully licensed under Massachusetts law to be able to dispense cannabis products, and he often covers shifts in the retail operation.

19. The Debtor received Responsible Vendor Training while at his part-time job with GreenStar Herbals. The Debtor later provided a large part of the training at the Clinton Facility.

20. The Debtor's Responsible Vendor Training included some information about the difference between Massachusetts law and federal law when it comes to the sale of cannabis.

21. The Debtor does not have any ownership interest in TYCA Green, Inc. nor has he been promised any. Debtor is not aware of any profit-sharing plan in the business.

22. The Debtor's paystubs indicate that he earns $75,000 per year.

**e. The issues of fact which remain to be litigated.**

3

None.

**f.  The issues of law to be determined.**

United States Trustee's statement of issues of law to be determined:

1.  Whether the Debtor's chapter 13 case should be dismissed for cause under 11 U.S.C.
    § 1307(c).

2.  Whether the Debtor's chapter 13 plan has been proposed in good faith and not by any
    means forbidden by law, *See* 11 U.S.C. § 1325(a)(3).

    Debtor's statement of issues of law to be determined:

3.  Whether cases involving debtors who are mere employees of marijuana-related
    enterprises, as is the case here, should be viewed differently from cases involving
    debtors who are proprietors of marijuana-related enterprises, or who are deemed to be
    "engaged in business."

**g.  A brief summary of each party's case.**

Summary of the United States Trustee's case:

The United States Trustee moves for dismissal of the Debtor's chapter 13 case for

cause under 11 U.S.C. § 1307(c), because he is ineligible for chapter 13 relief,

and continuance of his case requires administration of assets resulting from

criminal activity.  The Debtor knowingly, intentionally, and directly engages in

the wholesale and retail sale of cannabis, a controlled substance, the sale of which

is a federal crime under the Controlled Substances Act of 1970, 21 U.S.C. § 812

*et seq.* The United States Trustee also objects to confirmation of the Debtor's

chapter 13 plan filed on April 26, 2021, because the Debtor cannot demonstrate

4

that the Plan has been "proposed in good faith and not by any means forbidden by law" under 11 U.S.C. § 1325(a)(3).

Summary of the Debtor's case:

It is undisputed that the Debtor in the instant case is a mere employee, not a proprietor, nor a part-owner, nor a future owner, nor a party to any profit sharing agreement. Thus, the Movant has failed to establish "cause" under 11 USC § 1307(c) or bad faith under 11 USC § 1325(a)(3). The Movant has not been able to cite a single case where a debtor was held to be ineligible for bankruptcy relief by the virtue of being a mere employee of a marijuana-related business. This is because there are no such cases. Movant also improperly places a proprietor of a marijuana-related business in the same light as a mere employee for the purposes of this analysis. There is no authority for this, and this is a slippery slope argument that, if taken at face value, potentially extends to employees of a wide range of businesses and industries that provide all levels of services to marijuana-related enterprises, from janitorial to electricity to food service to landscaping. Dismissal is a draconian remedy that is not appropriate under the circumstances in this case or under any existing authority. So, too, denial of confirmation is unsupported on this record.

**h. The name, address, and telephone number of each witness, separately identifying witnesses each party expects to present and those witnesses to be called only if the need arises.**

*1.* The Parties do not currently intend to call any witnesses, but reserve the right do so, including calling the Debtor, Mr. Scott H. Blumsack, 2 Old Homestead Road, Groton, Massachusetts, (617) 501-4740.

**i.  A list of witnesses whose testimony will be presented by means of a deposition.**

The Parties do not anticipate that any testimony will be presented by means of a deposition.

**j.  A list of exhibits, other than those to be used for impeachment, pre-marked in the order in they are expected to be offered (with separate numbering for plaintiff and defendant), separately identifying those exhibits which each party expects to offer and those which will be offered only if the need arises.**

1. The United States Trustee expects to offer the Debtor's pay advices from TYCA Green, Inc. covering pay periods from October 24, 2021 through December 18, 2021.

**k.  A statement confirming that the parties have exchanged exhibits.**

The Parties have exchanged exhibits.

**l.  If applicable, a statement disclosing any records of regularly conducted business activity under Fed. R. Evid. 803(6) that a party intends to present by certification as permitted by Fed R. Evid 902(11) and (12), rather than by testimony of an authentication witness.**

The Parties do not anticipate that any records of regularly conducted business activity will be presented.

**m.  Any objections, including the grounds for the objection, to the calling of any witnesses, including experts, the presentation of testimony through use of a deposition, or the admissibility of documents or exhibits. Any objection not set forth in the Joint Pretrial**

Memorandum, other than objections under Fed. R. Evid. 402 and 403, shall be deemed

waived unless excused by the Court for good cause shown.

NONE

**n. Estimated length of trial.**

The Parties estimate that the trial/hearing on this matter will take up to one to two hours.

Respectfully submitted,

WILLIAM K. HARRINGTON
United States Trustee, Region 1

By:  /s/  Stephen E. Meunier
Stephen E. Meunier (BBO# 546928)
Trial Attorney
U.S. Department of Justice
Office of the U.S. Trustee
446 Main Street, 14th Floor
Worcester, MA 01608
Tel: (202) 590-8695
Fax: (508) 793-0558
Email: stephen.meunier@usdoj.gov

Respectfully submitted,
Scott H. Blumsack, Debtor,
By his Attorney,
/s/ Dmitry Lev
Dmitry Lev, Esq. BBO # 665236
Law Offices of D. Lev, PC
134 Main Street
Watertown, MA 02472
(617) 556-9990 office
dlev@levlaw.net

Dated:  March 4, 2022

7



# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MASSACHUSETTS

*In re:*

SCOTT H BLUMSACK,
   Debtor

Ch. 13
21-40248-EDK

### Proceeding Memorandum and Order

**MATTER:**
#132 Motion to Approve Stipulation between Debtor and Chapter 13 Trustee (re: Objection of Chapter 13 Trustee to Confirmation of Plan)

**Decision set forth more fully as follows:**
GRANTED.

Dated: 3/11/2022

By the Court,

Elizabeth D. Katz
United States Bankruptcy Judge

| #8 - Scott Blumsack | Voucher #(232) | Pay Date: 11/12/2021 |
|---|---|---|
| Managers | | Pay Period: 10/24/2021-11/06/2021 |

**Earnings**

| | Rate | Hours | YTD | Current | YTD |
|---|---|---|---|---|---|
| REG | 36.06 | 80.00 | 574.76 | 2,884.80 | 19,204.00 |
| **Gross Pay** | | | | **2,884.80** | **19,204.00** |
| Hours Worked | | 80.00 | 574.76 | | |

**Taxes Withheld**

| | Taxable | Taxable YTD | Current | YTD |
|---|---|---|---|---|
| FIT | 2,884.80 | 19,204.00 | 61.18 | 367.08 |
| FICA | 2,884.80 | 19,204.00 | 178.86 | 1,190.65 |
| MEDI | 2,884.80 | 19,204.00 | 41.83 | 278.47 |
| SIT:MA | 2,884.80 | 19,204.00 | 122.82 | 806.26 |
| MA PFML | 2,884.80 | 19,204.00 | 10.90 | 72.57 |
| **Total** | | | **415.59** | **2,715.03** |

| **Net Pay** | | | **2,469.21** | **16,488.97** |
|---|---|---|---|---|
| | Citizens Bank (3534) | | 2,469.21 | 16,488.97 |

**Company Paid Benefits** [1]

| | Current | YTD |
|---|---|---|
| SUTA_SC_TF:MA | | 8.42 |
| Massachusetts C | | |
| MA PFML | | |
| Massachusetts E | | 24.94 |
| SUTA:MA | | 363.00 |
| **Total** | **0.00** | **396.36** |

**Accruals**

| | | Accrued | Taken | Bal. |
|---|---|---|---|---|
| Sick | Hrs: | 18.63 | 0.00 | 18.63 |
| Vacation | Hrs: | 25.28 | 0.00 | 25.28 |

[1] For information purposes only. No effect on your net pay.

Tyca Green, Inc 470 Main Street, Clinton, MA 01510

1 of 1

**Tyca Green, Inc**
470 Main Street
Clinton, MA 01510

| Pay Date: | 11/12/2021 |
|---|---|
| Voucher #: | (232) |

| Deposited To The Account(s) Of | Deposit # | Account Type | Account # | Transit ABA | Deposit |
|---|---|---|---|---|---|
| Scott Blumsack | 1 | Checking | XXXXXX3534 | 211070175 | 2,469.21 |

Managers  8  11/12/2021  (232)

**Scott Blumsack**
2 Old Homestead Road
Groton, MA 01450

**Non-Negotiable - This Is Not A Check**

**Tyca Green, Inc**
470 Main Street
Clinton, MA 01510

Managers  8  11/12/2021  (232)

**Scott Blumsack**
2 Old Homestead Road
Groton, MA 01450

**#8 - Scott Blumsack**
**Managers**

Voucher #(250)

Pay Date: 11/24/2021
Pay Period: 11/07/2021-11/20/2021

**Earnings**

| | Rate | Hours | YTD | Current | YTD |
|---|---|---|---|---|---|
| REG | 36.06 | 80.00 | 654.76 | 2,884.80 | 22,088.80 |
| **Gross Pay** | | | | **2,884.80** | **22,088.80** |
| Hours Worked | | 80.00 | 654.76 | | |

**Taxes Withheld**

| | Taxable | Taxable YTD | Current | YTD |
|---|---|---|---|---|
| FIT | 2,884.80 | 22,088.80 | 61.18 | 428.26 |
| FICA | 2,884.80 | 22,088.80 | 178.86 | 1,369.51 |
| MEDI | 2,884.80 | 22,088.80 | 41.83 | 320.30 |
| SIT:MA | 2,884.80 | 22,088.80 | 122.82 | 929.08 |
| MA PFML | 2,884.80 | 22,088.80 | 10.90 | 83.47 |
| **Total** | | | **415.59** | **3,130.62** |

| **Net Pay** | | **2,469.21** | **18,958.18** |
|---|---|---|---|
| | Citizens Bank (3534) | 2,469.21 | 18,958.18 |

**Company Paid Benefits** [1]

| | Current | YTD |
|---|---|---|
| SUTA_SC_TF:MA | | 8.42 |
| Massachusetts C | | |
| MA PFML | | |
| Massachusetts E | | 24.94 |
| SUTA:MA | | 363.00 |
| **Total** | **0.00** | **396.36** |

**Accruals**

| | | Accrued | Taken | Bal. |
|---|---|---|---|---|
| Sick | Hrs: | 18.63 | 0.00 | 18.63 |
| Vacation | Hrs: | 28.35 | 0.00 | 28.35 |

[1] For information purposes only. No effect on your net pay.

Tyca Green, Inc 470 Main Street, Clinton, MA 01510

1 of 1

**Tyca Green, Inc**
470 Main Street
Clinton, MA 01510

| Pay Date: | 11/24/2021 |
|---|---|
| Voucher #: | (250) |

| Deposited To The Account(s) Of | Deposit # | Account Type | Account # | Transit ABA | Deposit |
|---|---|---|---|---|---|
| Scott Blumsack | 1 | Checking | XXXXXX3534 | 211070175 | 2,469.21 |

Managers  8  11/24/2021  (250)

**Scott Blumsack**
2 Old Homestead Road
Groton, MA 01450

**Non-Negotiable - This Is Not A Check**

**Tyca Green, Inc**
470 Main Street
Clinton, MA 01510

Managers  8  11/24/2021  (250)

**Scott Blumsack**
2 Old Homestead Road
Groton, MA 01450

**Personal & Confidential**



**#8 - Scott Blumsack**
**Managers**

Voucher #:(284)

Pay Date: 12/10/2021
Pay Period: 11/21/2021-12/04/2021

### Earnings

| | Rate | Hours | YTD | Current | YTD |
|---|---|---|---|---|---|
| REG | 36.06 | 72.00 | 726.76 | 2,596.32 | 24,685.12 |
| VAC | 36.06 | 8.00 | 8.00 | 288.48 | 288.48 |
| **Gross Pay** | | | | **2,884.80** | **24,973.60** |
| Hours Worked | | 72.00 | 726.76 | | |

### Taxes Withheld

| | Taxable | Taxable YTD | Current | YTD |
|---|---|---|---|---|
| FIT | 2,884.80 | 24,973.60 | 61.18 | 489.44 |
| FICA | 2,884.80 | 24,973.60 | 178.85 | 1,548.36 |
| MEDI | 2,884.80 | 24,973.60 | 41.83 | 362.13 |
| SIT:MA | 2,884.80 | 24,973.60 | 122.82 | 1,051.90 |
| MA PFML | 2,884.80 | 24,973.60 | 10.90 | 94.37 |
| **Total** | | | **415.58** | **3,546.20** |

| **Net Pay** | | | **2,469.22** | **21,427.40** |
|---|---|---|---|---|
| | Citizens Bank (3534) | | 2,469.22 | 21,427.40 |

### Company Paid Benefits

| | Current | YTD |
|---|---|---|
| SUTA_SC_TF:MA | | 8.42 |
| Massachusetts C | | |
| MA PFML | | |
| Massachusetts E | | 24.94 |
| SUTA:MA | | 363.00 |
| **Total** | **0.00** | **396.36** |

### Accruals

| | | Accrued | Taken | Bal. |
|---|---|---|---|---|
| Sick | Hrs: | 18.63 | 0.00 | 18.63 |
| Vacation | Hrs: | 31.43 | 8.00 | 23.43 |

[1] For information purposes only. No effect on your net pay.

Tyca Green, Inc 470 Main Street, Clinton, MA 01510                    1 of 1

---

**Tyca Green, Inc**
470 Main Street
Clinton, MA 01510

| Pay Date: | 12/10/2021 |
|---|---|
| Voucher #: | (284) |

| Deposited To The Account(s) Of | Deposit # | Account Type | Account # | Transit ABA | Deposit |
|---|---|---|---|---|---|
| Scott Blumsack | 1 | Checking | XXXXXX3534 | 211070175 | 2,469.22 |

Managers  8  12/10/2021   (284)

**Scott Blumsack**
2 Old Homestead Road
Groton, MA 01450

**Non-Negotiable - This Is Not A Check**

**Tyca Green, Inc**
470 Main Street
Clinton, MA 01510

Managers  8  12/10/2021   (284)

**Scott Blumsack**
2 Old Homestead Road
Groton, MA 01450

**Personal & Confidential**



**#8 - Scott Blumsack**
**Managers**

Voucher #(301)

Pay Date: 12/23/2021
Pay Period: 12/05/2021-12/18/2021

### Earnings

| | Rate | Hours | YTD | Current | YTD |
|---|---|---|---|---|---|
| REG | 36.06 | 80.00 | 806.76 | 2,884.80 | 27,569.92 |
| VAC | | 8.00 | | | 288.48 |
| **Gross Pay** | | | | **2,884.80** | **27,858.40** |
| Hours Worked | | 80.00 | 806.76 | | |

### Taxes Withheld

| | Taxable | Taxable YTD | Current | YTD |
|---|---|---|---|---|
| FIT | 2,884.80 | 27,858.40 | 61.18 | 550.62 |
| FICA | 2,884.80 | 27,858.40 | 178.86 | 1,727.22 |
| MEDI | 2,884.80 | 27,858.40 | 41.83 | 403.96 |
| SIT:MA | 2,884.80 | 27,858.40 | 129.38 | 1,181.28 |
| MA PFML | 2,884.80 | 27,858.40 | 10.90 | 105.27 |
| **Total** | | | **422.15** | **3,968.35** |

| Net Pay | | 2,462.65 | 23,890.05 |
|---|---|---|---|
| Citizens Bank (3534) | | 2,462.65 | 23,890.05 |

### Company Paid Benefits

| | Current | YTD |
|---|---|---|
| SUTA_SC_TF:MA | | 8.42 |
| Massachusetts C | | |
| MA PFML | | |
| Massachusetts E | | 24.94 |
| SUTA:MA | | 363.00 |
| **Total** | **0.00** | **396.36** |

### Accruals

| | | Accrued | Taken | Bal. |
|---|---|---|---|---|
| Sick | Hrs: | 18.63 | 0.00 | 18.63 |
| Vacation | Hrs: | 34.51 | 8.00 | 26.51 |

1 For information purposes only. No effect on your net pay.

Tyca Green, Inc 470 Main Street, Clinton, MA 01510                    1 of 1

**Tyca Green, Inc**
470 Main Street
Clinton, MA 01510

| Pay Date: | 12/23/2021 |
|---|---|
| Voucher #: | (301) |

| Deposited To The Account(s) Of | Deposit # | Account Type | Account # | Transit ABA | Deposit |
|---|---|---|---|---|---|
| Scott Blumsack | 1 | Checking | XXXXXX3534 | 211070175 | 2,462.65 |

Managers  8  12/23/2021   (301)

**Scott Blumsack**
2 Old Homestead Road
Groton, MA 01450

**Non-Negotiable - This Is Not A Check**

**Tyca Green, Inc**
470 Main Street
Clinton, MA 01510

Managers  8  12/23/2021   (301)

**Scott Blumsack**
2 Old Homestead Road
Groton, MA 01450

**Personal & Confidential**



# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| *In re:* | |
| SCOTT H BLUMSACK, | Ch. 13 |
| Debtor | 21-40248-EDK |

### Proceeding Memorandum and Order

**MATTER:**

#75 EVIDENTIARY HEARING re: Motion of United States Trustee to Dismiss case
#98 Opposition filed by Debtor

**Decision set forth more fully as follows:**

This matter is TAKEN UNDER ADVISEMENT.

The United States Trustee is allowed until 04/15/22 to file a post-hearing brief. The Debtor is allowed until 05/13/22 to file any Response to the brief.

Dated: 3/11/2022                          By the Court,

Elizabeth D. Katz
United States Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MASSACHUSETTS

IN THE MATTER OF:              :     Case No. 21-40248

SCOTT H. BLUMSACK,         :

                                   Worcester, Massachusetts
    Debtor.           :     **March 11, 2022**
                                   10:59:28 a.m.
                   :

: : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : :

## TRANSCRIPT OF EVIDENTIARY HEARING ON:
### [#75] MOTION OF UNITED STATES TRUSTEE TO DISMISS CASE; [#132] MOTION TO APPROVE STIPULATION BETWEEN DEBTOR AND CHAPTER 13 TRUSTEE (RE: OBJECTION OF CHAPTER 13 TRUSTEE TO CONFIRMATION OF PLAN) BEFORE THE HONORABLE ELIZABETH D. KATZ, J.U.S.B.C.

**APPEARANCES (via Zoom):**

<u>For the Debtor</u>:          Law Offices of D. Lev, PC
                             BY:  DMITRY LEV, ESQ.
                             134 Main Street
                             Watertown, MA  02472

<u>Audio Operator</u>:          LAURA L. CHAMBERS, ECRO

Transcript prepared by:     JANICE RUSSELL TRANSCRIPTS
                             1418 Red Fox Circle
                             Severance, CO  80550
                             (757) 422-9089
                             trussell31@tdsmail.com

Proceedings recorded by electronic sound recording; transcript produced by transcription service.

1   **APPEARANCES (via Zoom continued):**

2   <u>For the United States</u>        U. S. Trustee's Office
    <u>Trustee</u>:                     BY:   STEPHEN E. MEUNIER, AUST
3                                      446 Main Street, 14th Floor
                                       Worcester, MA  01608
4
    <u>For Chapter 13 Trustee,</u>        JOANNE ZOTO PSILOS, ESQ.
5   <u>Denise M. Pappalardo</u>:        P. O. Box 16607
                                       Worcester, MA  01601
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

    **#21-40248**                                        **3-11-2022**

```
 1                              INDEX

 2
                          Direct   Cross   Redirect   Recross
 3   WITNESSES FOR THE
       DEBTOR:
 4
     Scott H. Blumsack          16       20       23         24
 5

 6

 7   EXHIBITS:                            Marked     Received

 8      UST-1    Paystubs                    12         12

 9

10

11   ARGUMENT:      Mr. Meunier                                 25

12                  Mr. Lev                                     27

13   RESPONSE:      Mr. Meunier                                 34

14

15

16

17

18

19

20

21

22

23

24

25
```

1                        P R O C E E D I N G S

2              THE COURTROOM DEPUTY:  Case No. 21-40248, Scott H.

3    Blumsack.  This is a hearing on the motion of the United States

4    Trustee to dismiss the case as well as a hearing, non-

5    evidentiary hearing on the motion to approve a stipulation

6    between the debtor and the chapter 13 trustee.

7              Judge, as you can see, appearing by video this morning

8    we have Attorney Stephen Meunier, who is counsel to the United

9    States Trustee; we have Attorney Dmitry Lev, who is counsel to

10   the debtor; we have the debtor himself, Mr. Scott Blumsack; and

11   we have Attorney Joanne Psilos, who is counsel to the chapter

12   13 trustee.

13             Thank you.

14             THE COURT:  Thank you.

15             I'd like to start with the stipulation and I'll just

16   go ahead and have you, Attorney Psilos, put on the record what

17   the detail, the terms of the stipulation are, please.

18             MS. PSILOS:  Yes.  Thank you, your Honor.  Good

19   morning.

20             With respect to the stipulation on the trustee's

21   objection to confirmation, basically it would -- the trustee's

22   objection to confirmation would be sustained.  The debtor is

23   going to tender $12,000 to the trustee to be disbursed to

24   unsecured creditors.  Now what that ultimately -- so that will

25   be an immediate payoff to the unsecured creditors of

#21-40248                                              3-11-2022

1    approximately 50 percent.

2              Now the student loan debt, the debtor will be treating

3    that outside the plan as a long-term debt.

4              Then once the matter with the U. S. Trustee's motion

5    to dismiss is resolved, the debtor will file an amended plan,

6    again providing for the student loan debt to be treated outside

7    the plan, and the remaining unsecured creditors are to get a

8    hundred percent dividend and the debtor agrees that he will not

9    file a plan for less than a hundred percent.

10             THE COURT:  The only thing that I didn't recall -- I

11   thought the terms were that there was going to be an amended

12   plan 30 days from the allowance of this motion, is that, is

13   that not what the agreement was?

14             MS. PSILOS:  No, no.  No, 30 days after the -- you

15   know, it all depends on the outcome on the Trustee's motion to,

16   the U. S. Trustee's motion to dismiss and objection to

17   confirmation.  So with, within 30 days of that --

18             THE COURT:  Okay.  Okay.

19             And, Attorney Lev, you agree that that's the

20   stipulation?

21             MR. LEV:  Yeah.  Just one, one point to clarify.  The

22   immediate disbursement to the unsecureds can, can only happen

23   upon confirmation.

24             MS. PSILOS:  That, that's correct.

25             THE COURT:  Okay.

6

| | |
|---|---|
| 1 | So, Attorney Meunier, I had held this for objections |
| 2 | through March 8th and it seems to me that a big part of your |
| 3 | argument on the motion to dismiss is that the chapter 13 |
| 4 | trustee should not be holding proceeds from an illegal venture, |
| 5 | yet you didn't object to this stipulation. |
| 6 | So can you explain that? |
| 7 | MR. MEUNIER:  Your Honor, I -- I -- I think the, the |
| 8 | reason that we didn't is the, the funds -- I think the argument |
| 9 | was going to be -- and we didn't, I, I suppose we didn't want |
| 10 | to deal with the argument at, at this point -- but we thought |
| 11 | that the argument was going to be that these funds, which come |
| 12 | from the debtor's joint account with his wife, but the |
| 13 | controversy arose because the debtor claimed in his opposition |
| 14 | to the trustee's objection to confirmation that these funds |
| 15 | were from his wife's retirement or 401(k) account -- |
| 16 | THE COURT:  I see. |
| 17 | MR. MEUNIER:  -- 4, 403(b). |
| 18 | So, you know, it, it's another fight that we didn't |
| 19 | think was necessary for us to make. |
| 20 | THE COURT:  Okay.  Well, I wanted to know your answer |
| 21 | and that answer makes sense. |
| 22 | So the motion to approve the stipulation is going to |
| 23 | be granted. |
| 24 | MS. PSILOS:  Thank you, your Honor. |
| 25 | THE COURT:  And, Attorney Psilos, if you want to turn |

1  off your video but stick around, that'll be fine.

2        MS. PSILOS:  Okay.

3        THE COURT:  And now on the motion to dismiss, Attorney

4  Meunier, I'll start with you.

5        MR. MEUNIER:  Your Honor, I, you, you can see that

6  Mr. Blumsack is here and I don't know whether he would have

7  appeared whether or not I had issued a *subpoena*, but I, I did.

8  And I appreciate his, his presence here.

9        And, and given the Joint Pre-Trial Memorandum, there

10  really are no facts in dispute.  So I don't at this point have

11  any questions for Mr. Blumsack, but the Court may and he's

12  here.

13        THE COURT:  Okay.

14        MR. MEUNIER:  I would just like to argue essentially

15  on the facts to which the parties have now stipulated.

16        THE COURT:  Okay.  So before I, before I get there,

17  Attorney Lev, were you going to put on any evidence?

18        MR. LEV:  No.  The, the, the exhibits that the U. S.

19  Trustee is, is offering are, are stipulated to and as

20  Mr. Meunier stated, the fact, the agreed-upon portion of the

21  Joint Pre-Trial Memorandum is the body of the facts of this

22  case.

23        The only other thing is I would ask the Court to take

24  judicial notice of the stipulation that, that, that was just

25  approved and the alternative sources of funding a plan that are

1  embedded within the stipulation and the facts that underlie

2  that aspect of the case.

3      THE COURT:  So why don't I, why don't you be more

4  specific than that?  Are you suggesting that it's his wife's

5  funds that are funding this plan?

6      MR. LEV:  Well, that -- it -- that -- so as a result

7  of the stipulation the $12,000 lump sum is, effectively, the

8  agreed-upon, non-exempt funds that are directly traceable to a

9  rollover from her retirement account which was never rolled

10 back into retirement.  So that was the basis of the trustee's

11 objection and now that stipulation has been allowed, that is

12 now the undisputed source of the funds for at least the lump-

13 sum payment into the plan.  Depending on where this goes, I'm

14 going to reserve the right to argue that the balance of the

15 plan can also be derived from what started out as a $70,000

16 non-exempt balance.

17     So to provide the factual foundation for the Court to

18 be able to make legal rulings, I'm asking the Court to take

19 judicial notice of the stipulation that was just allowed as

20 well, I guess, as the, the schedules that were initially filed

21 in the case, although those would need to be amended when the

22 amended plan is being submitted, if, if we get to that point.

23     THE COURT:  So the -- there's nothing in the

24 stipulation that tells me what the source of the funds are.  So

25 there's nothing for me to take judicial notice of.  It may be

#21-40248                                            3-11-2022

1    that you and Attorney Meunier can have an agreement as to a

2    stipulated fact, but there's nothing for me to take judicial

3    notice of.

4            MR. LEV:  Well, no.  The, the objection filed by the

5    trustee sets out the facts as to what these funds are and why

6    they're property of the estate and there was legal issue as to

7    whether or not funds in a joint account are property of the

8    estate or not.  That issue now having been resolved, there's no

9    dispute that those -- what -- as to where those funds came from

10    and what the nature of those funds is.  And to the extent that

11    those funds can be used to fund the plan, both the lump-sum

12    component and the balance, I'm asking the Court to take

13    judicial notice of, I guess, the pleadings that would support

14    the factual basis for, for the source and the nature of those

15    funds.

16            THE COURT:  Okay.  I'm not going to do that, but I

17    can --

18            MR. LEV:  Well, if -- if -- if that's the case, then I

19    would need to ask Mr., Mr. Blumsack just, just a couple of

20    questions.

21            THE COURT:  Okay.  Well, before I get there 'cause we

22    started with Mr. Meunier.

23            Mr. Meunier, were you going to formally admit the

24    paystubs as evidence?  And can you, if you're going to do that,

25    can you do a screen share so I can see them?

#21-40248                                          3-11-2022

1          And I will let Attorney Lev question his client after

2    you do that.

3          MR. MEUNIER:  I'm sorry.  I didn't hear the very last

4    piece, your Honor.

5          THE COURT:  I said I certainly will let Attorney

6    Lev --

7          MR. MEUNIER:  Oh.

8          THE COURT:  -- question his client after you admit

9    what I understand to be an agreed, the paystubs that have been

10   agreed to as an exhibit.

11         MR. MEUNIER:  Okay.

12         THE COURT:  But I'd like to see them.

13         MR. MEUNIER:  I will.  Forgive me if I misstep here

14   tech, technically.

15         THE COURT:  So -- go ahead.

16         MR. MEUNIER:  Hang on.  I'm -- it's --

17         THE COURT:  Sure.  Just make sure you minimize

18   everything else so that we don't see anything unintentional.

19      (Pause)

20         THE COURTROOM DEPUTY:  Mr. Meunier, is there something

21   that I could help you with.

22         MR. MEUNIER:  No.  I think I'm there.  I -- this

23   document, apparently it wasn't right there.

24         THE COURTROOM DEPUTY:  Okay.

25         MR. MEUNIER:  So I have to --

```
 1      (Pause)

 2              MR. MEUNIER:  Can you see it now, your Honor?

 3              THE COURT:  Yes, we can.  Yes.

 4              MR. MEUNIER:  Okay.  And, and I'm just going to scroll

 5      down --

 6              THE COURT:  Yeah.

 7              MR. MEUNIER:  -- just to show that -- it's four

 8      different paystubs and as the -- and I'm sorry for going so

 9      fast.  Just --

10              THE COURT:  No, that's fine.

11              MR. MEUNIER:  -- for the purpose of showing that there

12      are four different ones and that the, they run, as the

13      stipulated facts indicate, from -- can you see when I put my

14      cursor there (indicating)?

15              THE COURT:  Yes, we see that.

16              MR. MEUNIER:  -- they run from October 24 through,

17      essentially, the last paycheck of 2021 --

18              THE COURT:  Okay.

19              MR. MEUNIER:  -- which is this (indicating) one.

20              So the, the check after December 18 would have been

21      received in the first part of January and, and one of the

22      things we were looking for was the year, year-to-date numbers.

23      So --

24              THE COURT:  So I'll deem those admitted as joint

25      exhibit and it's, as far as I know, it's the only documentary
```

#21-40248                                                      3-11-2022

```
1   exhibit that there is, Attorney Meunier?

2           MR. MEUNIER:  Yes, your Honor.

3           THE COURT:  Okay.  So Exhibit No. 1 -- I'm sorry.

4           Attorney Lev, you don't have any objection, correct?

5           MR. LEV:  Well, it -- it's -- it's -- it's stipulated

6   as to authenticity and admissibility, but it, it's technically

7   the U. S. Trustee's exhibit.  It's not a joint exhibit.

8           THE COURT:  Okay.

9           The Trustee's Exhibit 1, then, and it will be

10  admitted.

11      (UST Exhibit 1 admitted in evidence)

12          THE COURT:  And you can stop the screen share.

13          MR. MEUNIER:  Okay.

14          THE COURT:  So I have -- now I have a couple of

15  questions.  I mean, the first question I was going to have was

16  whether there was a stipulation that the debtor's employer is

17  in violation of the Controlled Substances Act.

18          Is that actually a stipulation, Attorney Meunier?

19          MR. MEUNIER:  I -- I -- I don't know if it's

20  specifically mentioned in the, in the facts to which the

21  parties have stipulated, but I don't think there's any question

22  that that's the case.

23          THE COURT:  Well, I'd want to know if that's a

24  stipulation or not a stipulation.

25          Attorney Lev?
```

```
 1          MR. LEV:  I, I would hesitate to, to stipulate to a

 2   legal conclusion.  I think in the facts it states what line of

 3   business the employer is in and then Mr. Meunier outlined that

 4   those activities are generally prohibited by the CSA.  But I,

 5   I'm not sure we went as far as to convict the employer in the

 6   stipulations.

 7          THE COURT:  Right.

 8          Okay.  So -- I mean, that was something that I was

 9   going to ask the parties, anyway, so.

10          But now that there's this, I guess, way to fund the

11   plan with money that the debtor is saying is traceable to his

12   wife's retirement, Attorney Meunier, were you, did you know

13   that was going to be part of today's argument?  And are you

14   ready to have me handle that?

15          MR. MEUNIER:  I, I did not.

16          THE COURT:  Okay.

17          MR. MEUNIER:  And I'm not, you know -- while the U. S.

18   Trustee may not have objected to the stipulation entered into

19   between the debtor and the chapter 13 trustee, the U. S.

20   Trustee does not agree that that is an estab, that future funds

21   that come from that account are absolutely all, you know,

22   traceable to a retirement account of the debtor's spouse.

23          THE COURT:  Right.

24          So at the end of the hearing, Attorney Lev -- and then

25   I'll just let you go ahead and ask your client questions -- but
```

#21-40248                                                      3-11-2022

 1 | at the end of today's hearing you are planning on arguing that
 2 | either he should be permitted to fund the plan through his
 3 | employment, but even if the Court finds that he can't, he has
 4 | this alternative argument that the money actually could be
 5 | traced to retirement funds of his wife?
 6 | MR. LEV:  That's correct.
 7 | THE COURT:  So I will -- I'm going to have you
 8 | question your client because that's not -- I can't take
 9 | judicial notice of those facts.  Those weren't in the Joint
10 | Statement and, you know, I'll have the parties have to brief
11 | this part of it and I certainly don't want to prejudice
12 | Mr. Meunier from his ability to cross-examine on this.
13 | Attorney Meunier, any problem with me letting Attorney
14 | Lev put all this evidence on from Mr. Blumsack?
15 | MR. MEUNIER:  Other than the fact it wasn't
16 | anticipated.  So I suppose that is the problem, but I can't
17 | think of any other.
18 | THE COURT:  Right.
19 | Well, why don't I, I guess -- let me take the evidence
20 | and, you know, let the parties argue and then allow briefing
21 | afterwards and I'll consider a request from Mr. Meunier to
22 | reopen the evidence if that winds up being necessary.  It might
23 | just be a legal argument at the end of the day.  So that's why
24 | I'm going to let it go through, but it's just something I'll
25 | have to think about later.

#21-40248                                                3-11-2022

1          So, Mr. Blumsack, good morning, sir.  Can you raise

2    your right hand for me?

3            SCOTT H. BLUMSACK, DEBTOR, ADMINISTERED OATH

4          THE COURT:  Okay.  You can put your hand down.  Thank

5    you.

6          Mr. Lev, go right ahead.

7          MR. LEV:  Thank you, your Honor.

8          And before I do, I just want to be clear.  In

9    Paragraph 33 of my opposition to the Trustee's initial motion

10   that was filed back in October I specifically lay out this

11   exact issue, that the non-debtor spouse is gainfully employed,

12   the source of the employment, the annual income.  So I -- I --

13   it, it doesn't make sense to me that this argument would, would

14   now come as a surprise.

15         THE COURT:  Well, it's not in the Joint Statement.  Of

16   course, it's a surprise.

17         MR. LEV:  Well, it's not --

18         THE COURT:  That's why I have a Joint --

19         MR. LEV:  Right.  It's not stipulated to, but it's not

20   -- the fact that that's a part of the legal argument I don't, I

21   don't think ought to have been a surprise.

22         THE COURT:  Well, it certainly wasn't a summary of

23   your case.  So I do think that it's unanticipated, but I'm also

24   open to hearing your argument on it.

25         So I'll let you question your client, Mr. Lev.  So go

 1 | ahead.

 2 |             Mr. Blumsack --

 3 |             MR. LEV:  Thank you.

 4 |                         DIRECT EXAMINATION

 5 | BY MR. LEV:

 6 | Q    Mr. --

 7 |             THE COURT:  -- you can unmute.

 8 | BY MR. LEV:

 9 | Q    Mr. Blumsack, could you state your name and spell it for

10 | the record, please?

11 | A    Yep.  Scott Blumsack.  S-C-O-T-T; B-L-U-M-S-A-C-K.

12 | Q    And are you the debtor in this bankruptcy case?

13 | A    Yes.

14 | Q    Are, are you married, sir?

15 | A    Yes.

16 | Q    What is your spouse's name?

17 | A    Danielle Froio-Blumsack.

18 | Q    What kind of work does she do?

19 | A    She's an engineer for the Department of Defense.

20 | Q    And is that an arm of the Federal Government?

21 | A    Yes.

22 | Q    Do you know her, her income, her, the, the amount of her

23 | income?

24 | A    Not exactly.

25 | Q    Do you have an estimate of the amount of her income?

1  A    I don't want to make a guess and be like way off.

2  Q    Does she make more than $100,000 a year?

3  A    Yes, I believe so.

4  Q    Okay.

5       And you, you reside with this person?

6  A    Yes.

7            MR. MEUNIER:  May I just ask:

8            Mr. Blumsack, could you speak a little bit louder or

9  closer to your microphone?

10           THE WITNESS:  Sure.

11 BY MR. LEV:

12 Q    You reside with this person?

13 A    Yes.

14 Q    Who, who else resides with you?

15 A    My two children.  Our --

16 Q    And what town do -- I'm, I'm, I'm sorry.  Go ahead.

17 A    Oh, I just -- our two children.

18 Q    Okay.  Thank you.

19      And what town do you live in?

20 A    Groton, Massachusetts.

21 Q    Okay.

22      And how, how long has your wife been employed for, for the

23 Federal Government?

24 A    Over ten years.  I don't know exactly the date of her, of

25 her hire.

1    Q    Okay.

2         In late 2000 and -- one second, please.

3         In late 2020, did your wife have the occasion to do some

4    manipulations with her retirement account?

5    A    Yes.  There was a pandemic relief situation that allowed

6    people to access funds if they needed them.

7    Q    And is it your understanding that she took advantage of

8    this program?

9    A    Correct.

10   Q    And did that result in some amount of money ending up in,

11   in one of the bank accounts that's used by the family?

12   A    Yes.

13   Q    And what was the amount that ended up in the bank?

14   A    I don't have the exact figure.

15   Q    Is it more than 10,000?

16   A    Yes.

17   Q    Is it more than 60,000?

18   A    I believe it was more than that, yes.

19   Q    Okay.  Do -- do -- do you have an estimate as to how much

20   it might have been?

21   A    I think it was 70ish thousand, I believe.

22   Q    Okay.  And which account did that money end up in when it

23   came from the retirement program?

24   A    It went into our, our, our joint account, joint checking

25   account.

1   Q   Okay.  And to the best of your knowledge, did that money

2   ever go back into the retirement account, or no?

3   A   I believe it went into a savings account.

4   Q   Okay.  Did, did your spouse have the opportunity to put

5   that money back into the retirement program?

6   A   I don't know.  I know we talked about that.  I believe she,

7   she may have.  I'm just not good with the details.

8   Q   Okay.  And to the best of your knowledge, what -- how -- --

9   how -- how much of that amount is still in the savings account?

10  A   I am not sure at this time.

11  Q   Okay.  Is, is it fair to say that, that some of it is

12  there?

13  A   I am -- I -- she has been the one who's been our, you know,

14  financial manager and I don't, I don't really feel comfortable

15  throwing guesses out there.  And I do trust her implicitly to

16  handle our finances.

17      So it's just something that I'm, have not been recently

18  focused on.  And so I'm not a hundred percent sure.

19  Q   Okay.  And, and you're aware that there's an agreement with

20  the trustee that $12,000 of that money was going to be used to

21  fund the chapter 13 plan in this case?

22  A   Yes.

23  Q   And if that goes through, you're aware that there would

24  still be a balance on top of the 12,000 that would need to be

25  paid into the chapter 13 plan?

BLUMSACK - DIRECT/CROSS                                                      20

```
 1   A    Yes.

 2   Q    Would that balance be able to come from the rollover of

 3   these retirement funds that was in your savings account?

 4   A    Yes.

 5   Q    Okay.  Thank you.

 6            MR. LEV:  I have nothing further.

 7            THE COURT:  Attorney Meunier, any cross?

 8            MR. MEUNIER:  Yes, your Honor.

 9                     CROSS-EXAMINATION

10   BY MR. MEUNIER:

11   Q    Mr. Blumsack, where did you say that money is now, the

12   money that was taken from your wife's retirement account?

13   A    Initially, it went into our checking account and then it

14   was, there were some portions of it moved to our savings

15   account.  I just don't -- like I said, I have not been

16   following along recently where -- it's been a while since I

17   looked at our bank account statements, you know.

18        So it's, it's not something I was aware that I should have

19   looked at before this meeting.

20   Q    And you said, I think you said "our savings account."  So

21   the savings -- both the checking account and the savings

22   account that you're referring to are joint accounts?

23   A    I know the checking account is.  I'm not sure about the

24   savings account, but I would assume so.

25   Q    And I, I think you said you, you don't know whether it was
```

#21-40248                                                         3-11-2022

1   put back into the retirement account?

2   A    I'm not sure.

3   Q    Do you know whether any of the amount from your checking

4   account was, anything was spent from your checking account

5   while those monies were in -- in -- those monies from your

6   wife's retirement account -- let me rephrase.  Sorry.  Let me

7   rephrase.

8   A    I think I understand.

9   Q    I got a little confusing there.

10       While the money from your wife's retirement accounting,

11  account was in the checking account, was any money spent from

12  the checking account?

13  A    Yeah.  I mean, that's the account that we, we use for daily

14  living.  So there's no doubt.

15  Q    Okay.  And I think you said you didn't know how much might

16  have been transferred from the checking account to the savings

17  account, is that right?

18  A    Well, yeah.  I don't, I didn't do it personally and I

19  don't, I didn't freshen up on any of this beforehand and I

20  haven't checked in on that in a long time just because of the

21  way life has been going recently.  I'm hopping into this

22  meeting here after -- I don't even --- I, I don't even really

23  sleep anymore, so.  We're just, we're just taking every moment

24  as they come here.

25       So I don't have some of those details.  If my wife were

 1   here with me, you know, it's --

 2   Q   No.  It's --

 3   A   Throughout this process where I'm faced with a lot of

 4   questions that will be, that the two of us together would be

 5   handling and then she's not here and then I'm kind of not,

 6   really have any answers, that's just kind of the way it goes.

 7   But --

 8   Q   It's, it's really okay if you don't know the answer --

 9   A   Yeah, yeah.

10   Q   -- to the questions.

11   A   I just --

12   Q   I, I just have to ask the questions --

13   A   Totally, totally.

14   Q   -- to get your  response on the record.

15   A   Okay.

16   Q   So have -- since the, this money was taken from the

17   retirement account have any monies been deposited, any other

18   monies been deposited into your joint checking account?

19   A   Yes.  That -- our -- that's our -- that's where our

20   paychecks go.  So yes.

21   Q   And have any other monies been deposited into your joint,

22   your savings account?

23   A   I don't know.  It's possible that my wife may have moved

24   some money into the savings account from the checking or

25   from --

BLUMSACK - CROSS/REDIRECT                                        23

1    Q    Umm.

2    A    Yeah.

3    Q    So we've been calling this a retirement account.  Do you

4    know specifically what kind of account it was?  Was it a 403(b)

5    account, like, which is like a 401(k), or was it a, a, a

6    retirement account that's specific to your wife's job with the

7    Federal Government?  If you know.

8    A    I don't know for certain, but I believe it's specific to

9    her job.  I, but I'm not certain.

10            MR. MEUNIER:  I don't have any other questions, your

11   Honor.

12            THE COURT:  Any redirect?

13                        REDIRECT EXAMINATION

14   BY MR. LEV:

15   Q    Mr. Blumsack, have you heard of something called TFS?

16   A    Yes.

17   Q    And can you tell the Court what, what you believe that to

18   be?

19   A    I believe that's where I'm making my, my payments right now

20   to the Court.

21   Q    I, I'm sorry.  I might have misspoken.

22       T, TPS, maybe?  Have you heard of that in the context of

23   your wife's retirement account?

24   A    I'm not sure.

25   Q    Okay.  Okay.

1          MR. LEV:  Nothing further, then.

2          THE COURT:  Okay.  Thank you.

3          And so, Attorney Meunier, you don't have any questions

4   for Mr. Blumsack?  Or do you?  Now moving to any other

5   arguments you have.  Since I have him under oath, is there

6   anything else you wanted to ask him?

7          MR. MEUNIER:  If you'll hold on just a moment.

8      (Pause)

9                          RECROSS EXAMINATION

10  BY MR. MEUNIER:

11  Q   Mr. Blumsack, just to clarify.  Your position at TYCA Green

12  or -- I'm sorry -- the d/b/a is Society Cannabis, right?

13  A   That's correct.

14  Q   You've, you've previously under oath said to me that

15  you're, you had the title of general manager.  I just want to

16  verify that that is true.

17  A   That is true.

18  Q   Okay.

19         MR. MEUNIER:  I don't have any other questions for

20  Mr. Blumsack.

21         THE COURT:  Okay.

22         Attorney Lev, anything else?

23         MR. LEV:  No.

24         THE COURT:  Okay.

25         So at this point the parties just want to make their

1   arguments, is that correct?

2          MR. MEUNIER:  I would like to, your Honor, yes.

3          THE COURT:  And, Attorney Lev, that's -- you don't

4   have any other evidence at this point?  Okay.

5          MR. LEV:  Sure.  That's correct.

6          THE COURT:  All right.  Go ahead, Attorney Meunier.

7          MR. MEUNIER:  Your Honor, given the facts to which the

8   parties have stipulated, the U. S. Trustee at the outset

9   disagrees with the debtor's framing of the issue and the

10  factual premise.  The debtor is hardly a mere employee of this

11  business that is in the business of manufacturing and selling

12  cannabis, which is a controlled substance under the Controlled

13  Substances Act.  He may not be an owner of the business, but

14  his conduct as an employee, indeed as a general manager, of

15  this business is intricately and directly involved and engaged

16  in the operation of a business that sells, manufactures, and

17  dispenses cannabis, again a controlled substance under the

18  Controlled Substances Act, all of which activities are in

19  violation of that federal criminal law.

20          The debtor's suggestion that a ruling against him will

21  produce a slippery slope is simply not tenable here under the

22  facts and circumstances.  Here, we have a debtor who knowingly,

23  voluntarily, and intentionally is engaging in conduct that

24  directly and in and of itself is a violation of federal

25  criminal law.  The facts indicate he supervises the retail

**#21-40248**                                            **3-11-2022**

```
 1   operation of the sale of cannabis and cannabis-related
 2   products.  It is not asking too much of a debtor to obey
 3   federal criminal law as a condition of obtaining relief under
 4   the Bankruptcy Code.
 5          The debtor's wages from this conduct -- and I
 6   understand now the extent to which this, the debtor may say
 7   otherwise -- but the debtor's -- the, the, the plan that is on
 8   file shows that the debtor's wages from this conduct have to be
 9   used to make payments under the debtor's plan, thus requiring
10   the chapter 13 trustee to administer the plan with assets
11   derived from activity that violates federal criminal law,
12   thereby putting the trustee in an untenable position and making
13   any plan that relies on proceeds from that illegal activity
14   unconfirmable under Section 1325(a)(3).  Either the plan is not
15   proposed in good faith or, as some courts have read that
16   provision, it is proposed in, by a means forbidden by law.
17          The United States Trustee relies on the cases he has
18   cited in support of the motion to dismiss for cause and the
19   objection to confirmation of the plan.  I know the Court has
20   expressed some interest before in whether the U. S. Trustee is
21   aware of any reported decisions involving an employee.  I
22   can -- unfortunately, I, I still have to report to the Court
23   I'm not aware of any reported decisions on that issue.  I know
24   that the U. S. Trustee has litigated the issue, but, and as far
25   as I understand, when the U. S. Trustee has litigated that
```

1    issue, it has been, it has been resolved to the U. S. Trustee's

2    satisfaction without any written opinion.  And I would point

3    out that I, unless I am surprised by Mr. Lev's presentation, I

4    don't think the debtor can point to any case where an employee

5    who knows -- knows that -- is, is consciously aware of

6    conducting activities that violate the Controlled Substances

7    Act where any court has drawn a line saying that that is not,

8    is not cause for dismissal under Section 1307(c).

9           THE COURT:  Okay.  Thank you.

10           Attorney Lev?

11           MR. LEV:  Your Honor, so I think, I think the reason

12    why there are no reported cases with respect to employees is

13    because either the Trustee hasn't taken the position that a W-2

14    employee falls in, in, into the same analysis bracket as

15    business owners, you know.  I mean, that's, that's the only

16    reason I can think of.  The cases that have been reported in

17    Colorado, Ninth Circuit, Tenth, and in Michigan all relate to

18    business owners.  There has never been a reported case where a

19    W-2 employee who is legally and gainfully employed within their

20    state has been denied relief in bankruptcy for that reason.

21    The Trustee cited the Way to Grow case.  Again, corporate

22    debtors, three joint corporate debtors, were directly selling

23    supplies and equipment to marijuana growers and the issue there

24    was that in chapter 11 the matter was dismissed because it was

25    found that a good faith reorganization that relies on profits

#21-40248                                          3-11-2022

1  from the marijuana industry would not be confirmable plan.  But

2  again, those were corporate debtors who directly were the

3  business that is in question, not the employees of those

4  debtors.

5       Can it be said that no employee of any marijuana

6  enterprise anywhere in the country has ever filed bankruptcy?

7  I think statistically that's unlikely and yet there are no

8  cases on this point.

9       I think the Burton case from the Ninth Circuit makes a

10  good point and if I could read from Burton just a couple lines

11  at pin cite 637:

12       "One principle seems implicit in the case law,

13       however: the mere presence of marijuana near a

14       bankruptcy case does not automatically prohibit a

15       debtor from bankruptcy relief."

16       And then the case goes on to, to talk about analysis

17  on a case-by-case basis, which is what we're, we're doing here.

18       In Burton itself, the chapter 13 matter was dismissed,

19  but that is because the joint debtors there owned a 65 percent

20  stake in the entity which, while it was no longer in business,

21  was still involved in litigation to collect some proceeds from

22  contracts that arose from their marijuana transactions.  Again,

23  a very important distinguishing factor from the case here is

24  that Mr. Blumsack -- it's a stipulated fact -- is not a

25  business owner.  He has no way of becoming a business owner

```
 1   because there is no employee stock options or profit sharing or

 2   any of those other things that exist with his current employer.

 3        So the Burton case while opening the door for

 4   individuals who are in the mere presence of marijuana, a ruling

 5   that that does not necessarily prohibit them from seeking

 6   bankruptcy relief.  And the facts of Burton, the case was

 7   dismissed.  But again, a large distinguishing characteristic

 8   there is that the debtors there were business owners of the

 9   enterprise itself.

10        The Arenas case was another case that was cited by the

11   U. S. Trustee, Tenth Circuit case.  Again, the debtor was a

12   licensed grower and seller of medical marijuana.  They also

13   leased buildings to third parties where the dispensation of

14   marijuana was taking place.  The -- a finding in that case was,

15   if I can quote at pin cite 852, "The Arenases' monthly income

16   from sources other than marijuana was not enough to fund their

17   plan."  Again, as I'll get to in a few minutes, not the case

18   here.  Even if the Court finds that the wages of Mr. Blumsack

19   himself cannot be contributed or used to fund the plan, I'm

20   going to talk about two other sources of funds that could be

21   used to fund the plan.  In any event, dismissal here would be a

22   draconian remedy without even allowing Mr. Blumsack the

23   opportunity to explore any of these alternative ways to fund

24   the plan, if the Court were to find that his wages cannot be

25   used for this purpose.
```

**#21-40248**                                                      **3-11-2022**

1          The, the other big issue in Arenas was that there were

2    physical assets that would have come under the administration

3    of the trustee, including 25 actual marijuana plants that the

4    trustee would have had to touch and hold and handle and do

5    something with, not the case here.  This is not a chapter 7

6    case.  There are no assets in this case that are direct

7    marijuana implements or, or paraphernalia.

8          And so the case that I want to focus the Court on is

9    the Johnson case from the Western District of Michigan, a 2015

10   case, 532 B.R. 53.  So the debtor there operated a business in

11   which he cultivated and sold marijuana to individuals and to

12   dispensaries and he admitted to possessing marijuana in various

13   quantities.  The, the issue there was whether or not he was

14   engaged in business and the court there found that he was under

15   Section, I believe, 1304.  Moreover, the property that came

16   into the estate, specifically his residence, his truck, his

17   equipment, fertilizer, all of those things were actively used

18   in running his marijuana business.

19         And so despite of all that, the court declined to

20   dismiss the case.  Instead, a compromise was crafted where the

21   court enjoined the debtor from running that business for as

22   long as he remained a debtor in his bankruptcy case.  But

23   what's important is that there was no order that required that

24   any future payments to the chapter 13 plan be traceable to

25   funds from non-marijuana sources.  And so there is, there was

1   no mention in the case about the fact that that debtor may have

2   had some savings or some retirement funds that originated from

3   his marijuana business and the court didn't raise any concerns

4   with the fact that it was, it's those funds that may well be

5   used to fund the plan.  That case is silent on that point.

6          And so, so I think it's encouraging that a court found

7   a way to grant bankruptcy relief to a debtor who was actively

8   and admittedly engaged in the business itself to a much greater

9   extent than Mr. Blumsack is in this case being merely a W-2

10  employee, that the court found a way to keep the Johnson debtor

11  in bankruptcy despite the fact that all these, all this

12  equipment and all these tools that are used to produce the, the

13  product that was being sold came in as property of the estate.

14  The court still found a way to -- with -- with -- with the --

15  with some injunctions to keep that debtor in, in bankruptcy.

16  What about the residence and the truck and the equipment that

17  all became the property of the estate?  Well, there's no

18  mention about it.  It wasn't raised as a concern.

19         So I think the case is telling in that it, it

20  encourages the courts to find creative ways to allow the debtor

21  to take advantage of, of relief in bankruptcy while carving out

22  some way that marijuana business revenues do not specifically

23  fund reorganization plans.  And I think that's, that's, that's

24  the trend.  There, again, is not a case where wages are being

25  questioned regardless of where wages are coming from.

#21-40248                                          3-11-2022

1          And so I would make the argument that the case here is

2     that of wages and if, as the U. S. Trustee is suggesting we

3     extend the line in the sand one step down from a business owner

4     to a mere employee, the slippery slope becomes a real concern.

5     Is a pizza place next to a marijuana dispensary that knowingly

6     does business with individuals who are coming from next door,

7     well, are they also, then, precluded from being able to obtain

8     relief in bankruptcy because the funds are directly traced to

9     the business next door which, whose main line of business is,

10    is, is the sale of marijuana or cannabis products?

11         So I, I think if the line in the sand has to be drawn,

12    based on the survey of the cases that currently exist that line

13    ends with business owners or actual enterprises who are

14    corporate debtors in bankruptcy who, who deal in the, this

15    industry and these products.

16         So for, for those reasons, we, we would ask the Court

17    to deny the motion to dismiss.  If the Court has a concern

18    about the funding of the plan, then I would, to the extent that

19    the Court declined to take judicial notice, I would ask the

20    Court then to credit the testimony of Mr. Blumsack where, while

21    not precise with the numbers, did establish that the spouse

22    makes an income of more than a hundred thousand dollars and

23    that the spouse did roll over some amount from her retirement

24    account that was in the area of $70,000 and that those funds

25    could be used to not only pay the $12,000 initial lump sum that

1  is the product of the stipulation with the trustee.  But also,

2  Mr. Blumsack specifically testified that the balance of the

3  plan would also be able to be paid from that account from the

4  proceeds of that rollover transaction.

5        So the plan that's currently on file is, obviously,

6  not addressing the stipulation with the trustee and is

7  certainly not addressing the source of the funds.  If the case

8  gets past the dismissal stage and Mr. Blumsack is required to

9  file a new plan, then the, the position of the U. S. Trustee

10  wouldn't be a motion to dismiss.  It would be an objection to

11  confirmation.  But if we find ourselves in that, in that

12  context, there is no argument that the debtor is not able to

13  use an income of a spouse, which is part of the household

14  income, to fund the plan.  There's no allegation here that the

15  spouse's funds are unusable for that reason because that's,

16  that's not what's in the law.  It's, it's household income and

17  it can be used to fund the plan.  By the same accord, the

18  debtor can also use liquidation of assets to fund the plan and

19  there's no allegation here that those funds are not able to be

20  used for that purpose.

21        So I, I think that the three ways to fund the plan, if

22  the Court gets past the dismissal argument, would be the wages

23  of Mr. Blumsack, or, if those wages are deemed to be a pariah,

24  then the wages of Mrs. Blumsack and, in addition to that,

25  liquidation of assets that are now the subject of the

 1   stipulation with the trustee are going to be enough to fund the

 2   proposed plan.  The total amount of claims that would need to

 3   be repaid is in the 25, I think, thousand dollar range.  There

 4   are no secured claims.  It would be a 100 percent plan to the

 5   unsecureds with some administrative fees for attorney's fees

 6   and the trustee's commission.  It's a very straightforward

 7   plan.

 8           So as I stated in my writings, dismissal would be a

 9   draconian remedy for a mere employee of an enterprise where

10   business owners or investors or stakeholders may be held to a

11   different standard and if we get past the dismissal stage, the

12   ways to fund this plan from household income where these wages

13   are only a portion of the sources that could be used to, to

14   fund it provide alternative means similar to what was done in

15   the Johnson case -- but I don't think we actually have to go

16   that far -- provide alternative means to fund this, this plan

17   and to, to grant this debtor relief, but also to repay all the

18   creditors a hundred percent of their claims.

19           That's the argument.

20           THE COURT:  Thank you, Attorney Lev.

21           Did you want to respond, Attorney Meunier or you --

22           MR. MEUNIER:  If I may, your Honor.

23           THE COURT:  Sure.

24           MR. MEUNIER:  With respect to the argument against the

25   motion to dismiss and the reference to the Johnson case, I, I'm

**#21-40248**                                                    3-11-2022

1  not sure that counsel for the debtor accurately recounted what

2  the court did in that case with respect to the injunction.  And

3  I can, I'll read from the, from the opinion at 532 B.R. 53,

4  page 59:

5          "To balance the court's (and the Debtor's) obligations

6          under federal law, including federal criminal law, the

7          Debtor's legitimate need for relief under chapter 13,

8          and Michigan's policy choices reflected in the MMMA,"

9          which is the Michigan Medical Marijuana Act, "the

10         court will refrain from dismissing the case at this

11         time, but will enjoin him from conducting his medical

12         marijuana business (and violating the CSA), while his

13         case is pending.

14         If, however, the Debtor prefers to continue his

15         illicit business activity (albeit subject to the

16         possibility of federal criminal prosecution), he need

17         only file a motion to dismiss this case," the debtor,

18         "under § 1307(b), and the court's injunction will

19         cease upon dismissal."

20         Now what this highlights, in part, is the, the

21  difference between the U. S. Trustee's position and the -- and

22  the -- the debtor's position.  The debtor continues to argue

23  for a line to be drawn between owners and employees and, and

24  continues to cite to, to, again the slippery slope and the, the

25  pizza delivery person who's, or business that's receiving funds

1  from people who work for a business that is, violates the

2  Controlled Substances Act.

3          Here, the debtor is not a mere employee.  This is

4  somebody who is in direct, is directly involved in the

5  manufacture and the sale of cannabis and cannabis products.

6  This is direct involvement.  It is -- he's not employed by the

7  debtors [sic]] to clean the, the, the facility, for example.

8  He's not delivering pizza.  He's involved in direct violations

9  of the Controlled Substances Act.

10          So the continued activity here, the continued

11  employment in this capacity is a continuing violation of

12  federal law and under those circumstances the case should be

13  dismissed.

14          THE COURT:  Thank you, Attorney Meunier.

15          So I have a couple of observations, which is that this

16  is a pretty complex case.  I do think the facts present a case

17  of first impression and to start with Attorney Lev's secondary

18  argument about maybe funds could come from somewhere else, as a

19  policy matter a person shouldn't be able to get the benefits of

20  the federal bankruptcy laws if they're not otherwise complying

21  with federal bankruptcy laws.

22          So you're going to have a tough, tough argument there

23  if Attorney Meunier convinces me that there, that there is

24  violations of the federal law.

25          One of the reasons this is so complex is the terms are

1   really not defined.  "Cause" is not defined other than

2   including the inability to confirm a plan.  "Good faith" is not

3   defined.  The phrase "any means forbidden by law" is not

4   defined sufficiently for me, enough to know what is meant by

5   these statutes.  So that's why I think this is extremely

6   complex.

7          The U. S. Trustee focuses the argument on the proceeds

8   are the result of illegal activity.  Since there was not a

9   specific stipulation that the debtor's employer is in violation

10  of the Controlled Substances Act, I think that's the -- the --

11  the Trustee's argument is that they are and even if they are, I

12  still wonder whether under that phrase "otherwise forbidden by

13  law" and under the phrase "good faith," I still wonder whether

14  for me to find cause to dismiss is it good enough that the

15  employer was violating the Controlled Substances Act?  Do I

16  have to find that the debtor is violating a federal law?

17         And you alluded to that, Attorney Meunier, but you

18  weren't specific.

19         I can tell you right now I'm going to be looking for

20  briefing.  So I want you to keep these questions in mind.  You

21  know, does his crime result in his wages?  Because he's not a

22  street drug dealer and that's what Attorney Lev wants me to

23  analogize this to, although he didn't use that example.  It's

24  not Mr. Blumsack hands over marijuana and somebody pays him and

25  he puts that money in his pocket.  His employer first gets the

1   money.  Do I have to find that he's violating a federal law and

2   what law is it, or laws?  There is a notion in here that he's

3   licensed under the State of Massachusetts.  Is that enough for

4   me to find that he's violating the federal law?  And really

5   important for me is what's the standard of proof that I have to

6   find?  Do I have to find that the employer or Mr. Blumsack are

7   violating a criminal law beyond a reasonable doubt and isn't

8   that now making a bankruptcy court a criminal court?

9        So it appears to me that on a motion to dismiss the

10  Trustee has the burden, but to confirm a plan the debtor has

11  the burden, usually.  So I would like the parties to both

12  include in their brief who they think has the burden on these

13  issues, the burden of proof.  And what is the quantum of

14  evidence?  Is it just a preponderance of the evidence or, like

15  I said, is it beyond a reasonable doubt?

16       So, you know, something that came to mind when really

17  thinking about the U. S. Trustee's argument about the proceeds

18  being a violation of federal law, I'm going to assume that the

19  debtor is paying his income taxes.  So why is it okay that the

20  IRS can accept these proceeds, but the chapter 13 trustee

21  can't?  So I want you to answer that question in your briefing.

22       And then the last thing that I'd like the parties to

23  think about is the term "good faith."  You know, I do think the

24  debtor has the burden of proving that he filed this case in

25  good faith, but the question for me is is that a subjective

**#21-40248**                                              **3-11-2022**

1    good faith or like subjectively he wants to pay his creditors

2    and he was being sued and he has reasons that he filed this

3    case or is it just, or is it constructively bad faith?  If

4    you're violating the federal law, then constructively, it's not

5    filed in good faith regardless of your subjective intentions.

6            So I have a lot, I had a lot of questions.  I've been

7    thinking about this case a lot.  I do think the issues are

8    complex.  I don't think it's an easy answer and I -- yeah.  I

9    think the parties are going to have to detail it for me and go

10   through the statutes, go through the burden of proof, and tell

11   me why, you know, I should rule the way I should rule.

12           After hearing my thoughts on it, any questions,

13   Attorney Meunier?

14           MR. MEUNIER:  No, your Honor.  I -- I -- no.

15           THE COURT:  Okay.

16           And, Attorney Lev, any questions?

17           MR. LEV:  I would just ask that the briefing be

18   staggered so that I can respond to the arguments of the moving

19   party.

20           THE COURT:  Absolutely.

21           Attorney Meunier, how much time would you like to file

22   a brief?  Thirty days?

23           MR. MEUNIER:  Yeah, a minimum of 30 days, your Honor.

24           THE COURT:  Okay.  So why don't we say a month for

25   you.

| | |
|---|---|
| 1 | And then, Attorney Lev, how much time do you want |
| 2 | after that to reply? |
| 3 | MR. LEV:  Well, I, I have back-to-back trials |
| 4 | throughout all of April and most of May.  So, I mean, we can |
| 5 | start with 30 days after the UST, but I would reserve the right |
| 6 | to move to extend. |
| 7 | THE COURT:  Well, that's always the case.  So -- okay. |
| 8 | So four weeks from today is April 8th and then four weeks after |
| 9 | that is May 6th. |
| 10 | MR. MEUNIER:  Your Honor, could you push that April |
| 11 | 8th date?  It's a day I have a relatively short vacation |
| 12 | planned. |
| 13 | THE COURT:  Sure. |
| 14 | MR. MEUNIER:  If it could be one more week. |
| 15 | THE COURT:  Okay.  So the Trustee's brief is due April |
| 16 | 15th and the reply brief is due May 13th. |
| 17 | And otherwise, this matter is taken under advisement. |
| 18 | Thank you. |
| 19 | MR. LEV:  In -- in -- in the meantime, the, the |
| 20 | timeline for filing any amendments to the plan and the |
| 21 | schedules, that can be stayed, right, pending the ruling on |
| 22 | this? |
| 23 | THE COURT:  Yes.  Mr. Blumsack needs to continue to |
| 24 | make the monthly payment that I think I saw was $250? |
| 25 | MR. LEV:  Right. |

| 1 | THE COURT:  And I won't do anything because of the |
| 2 | failing to file it -- well, if -- I didn't realize that the |
| 3 | agreement was 30 days after I made a decision.  So if that was |
| 4 | the agreement, I already granted that, Attorney Lev.  So -- |
| 5 | MR. LEV:  Thank you. |
| 6 | THE COURT:  -- your client's rights are preserved. |
| 7 | MR. LEV:  Thank you. |
| 8 | THE COURT:  Yeah. |
| 9 | Anything else? |
| 10 | (No response) |
| 11 | THE COURT:  I think that's it.  Hearing's adjourned. |
| 12 | Thank you. |
| 13 | MR. LEV:  Thank you. |
| 14 | MR. MEUNIER:  Thank you. |
| 15 | MR. LEV:  Mr. Blumsack, you can disconnect.  Thank |
| 16 | you. |
| 17 | (Proceedings concluded at 11:58:51 a.m.) |
| 18 | |
| 19 | |
| 20 | |
| 21 | |
| 22 | |
| 23 | |
| 24 | |
| 25 | |

1                         <u>CERTIFICATE</u>

2          I, court approved transcriber, certify that the

3   foregoing is a correct transcript from the official electronic

4   sound recording of the proceedings in the above-entitled

5   matter.

6   <u>/s/ *Janice Russell*</u>                 <u>April 12, 2022</u>

7   Janice Russell, Transcriber            Date

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25